Fazil A. Munir, Esq. (Bar # 277108)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Diana Renteria, Esq. (Bar # 192009)
*ATTORNEY TO BE NOTICED*
Andrew Price, Esq. (Pro Hac Vice pending)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
LAW OFFICES OF FAZIL A. MUNIR, ESQ.
4000 MacArthur Blvd.,
East Tower, Suite #600
Newport Beach, CA 92660
Telephone: (949) 636-6994
Facsimile: (714) 276-6437
Fazil@autismlaws.com
Diana@autismlaws.com
Andrew@autismlaws.com

Deborah S. Reisdorph, Esq. (Bar # 164066)
SKANADORE REISDORPH LAW OFFICE
16541 Gothard St, #208
Huntington Beach, CA 92647
Telephone: (714) 375-1529
Deborah@ladylawca.com
*ATTORNEY TO BE NOTICED*

**Attorneys for Plaintiffs**

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DANIELLE HOWARD MARTINEZ,** an individual and guardian ad litem, on behalf of **D.P.,** a minor, **K.P.,** a minor, and **T.W.,** a minor; **AMBER WOOD,** an individual; **LASHONDA HUBBARD,** an individual and guardian ad litem, on behalf of **P.C.,** a minor, all individually and on behalf of all | **CASE NO.**<br><br>**JUDGE:**<br><br>**CLASS ACTION COMPLAINT** |

1

*MARTINEZ, et al. v. NEWSOM, et al., PLAINTIFF'S COMPLAINT*

others similarly situated,

                 **Plaintiffs,**

**v.**

**GAVIN NEWSOM**, in his official capacity as Governor of California; **STATE OF CALIFORNIA**; **TONY THURMOND**, in his official capacity as State Superintendent of Public Education and Director of Education; **CALIFORNIA DEPARTMENT OF EDUCATION**; **STATE BOARD OF EDUCATION**; **SONIA Y. ANGELL**, in her official capacity as the State Public Health Officer and Department of Public Health Director; **CALIFORNIA HEALTH AND HUMAN SERVICES AGENCY; CALIFORNIA DEPARTMENT OF PUBLIC HEALTH; ALAMEDA COUNTY STUDENT EXCHANGE PROG.; ALAMEDA UNIFIED SCHOOL DISTRICT; ALBANY CITY UNIFIED SCHOOL DISTRICT; BERKELEY UNIFIED SCHOOL DISTRICT; CALIFORNIA SCHOOL FOR THE BLIND (STATE SPECIAL SCHOOL); CALIFORNIA SCHOOL FOR THE DEAF-FREMONT (STATE SPECIAL SCHOOL); CASTRO VALLEY UNIFIED SCHOOL DISTRICT; DIAGNOSTIC CENTER, NORTHERN CALIFORNIA (STATE SPECIAL SCHOOL); DUBLIN UNIFIED SCHOOL DISTRICT; EMERY UNIFIED SCHOOL DISTRICT; FREMONT UNIFIED SCHOOL DISTRICT; HAYWARD**

**FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES**

2
*MARTINEZ, et al. v. NEWSOM, et al., PLAINTIFF'S COMPLAINT*

1   UNIFIED SCHOOL DISTRICT;                )
2   LIVERMORE VALLEY JOINT                   )
    UNIFIED SCHOOL DISTRICT;                 )
3   MOUNTAIN HOUSE ELEMENTARY               )
4   SCHOOL DISTRICT; NEW HAVEN              )
    UNIFIED SCHOOL DISTRICT;                 )
5   NEWARK UNIFIED SCHOOL                    )
6   DISTRICT; OAKLAND UNIFIED               )
    SCHOOL DISTRICT; PIEDMONT               )
7   CITY UNIFIED SCHOOL DISTRICT;           )
8   PLEASANTON UNIFIED SCHOOL              )
9   DISTRICT; SAN LEANDRO UNIFIED          )
    SCHOOL DISTRICT; SAN LORENZO           )
10  UNIFIED SCHOOL DISTRICT; SBE -         )
11  LATITUDE 37.8 HIGH SCHOOL;             )
    SUNOL GLEN UNIFIED SCHOOL              )
12  DISTRICT; ALPINE COUNTY                )
13  UNIFIED SCHOOL DISTRICT;               )
14  AMADOR; COUNTY UNIFIED                 )
    SCHOOL DISTRICT; BANGOR                )
15  UNION ELEMENTARY SCHOOL                )
16  DISTRICT; BIGGS UNIFIED                )
    SCHOOL DISTRICT; CHICO                 )
17  UNIFIED SCHOOL DISTRICT;               )
18  DURHAM UNIFIED SCHOOL                  )
19  DISTRICT; GOLDEN FEATHER               )
    UNION; ELEMENTARY SCHOOL               )
20  DISTRICT; GRIDLEY UNIFIED              )
21  SCHOOL DISTRICT; MANZANITA             )
    ELEMENTARY SCHOOL DISTRICT;            )
22  OROVILLE CITY ELEMENTARY               )
23  SCHOOL DISTRICT; OROVILLE              )
    UNION HIGH SCHOOL DISTRICT;            )
24  PALERMO UNION ELEMENTARY               )
25  SCHOOL DISTRICT; PARADISE              )
    UNIFIED SCHOOL DISTRICT;               )
26  PIONEER UNION ELEMENTARY               )
27  SCHOOL DISTRICT; THERMALITO            )
28

UNION ELEMENTARY SCHOOL                )
DISTRICT; BRET HARTE UNION             )
HIGH SCHOOL DISTRICT;                  )
CALAVERAS UNIFIED SCHOOL               )
DISTRICT; MARK TWAIN UNION             )
ELEMENTARY SCHOOL DISTRICT;            )
VALLECITO UNION SCHOOL                 )
DISTRICT; COLUSA UNIFIED               )
SCHOOL DISTRICT; MAXWELL               )
UNIFIED SCHOOL DISTRICT;               )
PIERCE JOINT UNIFIED SCHOOL            )
DISTRICT; WILLIAMS UNIFIED             )
SCHOOL DISTRICT; ACALANES              )
UNION HIGH SCHOOL DISTRICT;            )
ANTIOCH UNIFIED SCHOOL                 )
DISTRICT; BRENTWOOD UNION              )
ELEMENTARY SCHOOL DISTRICT;            )
BYRON UNION ELEMENTARY                 )
SCHOOL DISTRICT; CANYON                )
ELEMENTARY SCHOOL DISTRICT;            )
CONTRA COSTA SELPA SCHOOL              )
DISTRICT; JOHN SWETT UNIFIED           )
SCHOOL DISTRICT; KNIGHTSEN             )
ELEMENTARY SCHOOL DISTRICT;            )
LAFAYETTE ELEMENTARY                   )
SCHOOL DISTRICT; LIBERTY               )
UNION HIGH SCHOOL DISTRICT;            )
MARTINEZ UNIFIED SCHOOL                )
DISTRICT; MORAGA                       )
ELEMENTARY SCHOOL DISTRICT;            )
MT. DIABLO UNIFIED SCHOOL              )
DISTRICT; OAKLEY UNION                 )
ELEMENTARY SCHOOL DISTRICT;            )
ORINDA UNION ELEMENTARY                )
SCHOOL DISTRICT; PITTSBURG             )
UNIFIED SCHOOL DISTRICT; SAN           )
RAMON VALLEY UNIFIED SCHOOL            )
DISTRICT; SBE - JOHN HENRY             )

4

*MARTINEZ, et al. v. NEWSOM, et al., PLAINTIFF'S COMPLAINT*

**HIGH SCHOOL DISTRICT; SBE -** )
**ROCKETSHIP FUTURO ACADEMY;** )
**WALNUT CREEK ELEMENTARY** )
**SCHOOL DISTRICT; WEST** )
**CONTRA COSTA UNIFIED SCHOOL** )
**DISTRICT; DEL NORTE COUNTY** )
**UNIFIED SCHOOL DISTRICT;** )
**BLACK OAK MINE UNIFIED** )
**SCHOOL DISTRICT; BUCKEYE** )
**UNION ELEMENTARY SCHOOL** )
**DISTRICT; CAMINO UNION** )
**ELEMENTARY SCHOOL DISTRICT;** )
**EL DORADO UNION HIGH SCHOOL** )
**DISTRICT; GOLD OAK UNION** )
**ELEMENTARY SCHOOL DISTRICT;** )
**GOLD TRAIL UNION ELEMENTARY** )
**SCHOOL DISTRICT; INDIAN** )
**DIGGINGS ELEMENTARY SCHOOL** )
**DISTRICT; LAKE TAHOE UNIFIED** )
**SCHOOL DISTRICT; LATROBE** )
**SCHOOL DISTRICT SCHOOL** )
**DISTRICT; MOTHER LODE UNION** )
**ELEMENTARY SCHOOL DISTRICT;** )
**PIONEER UNION ELEMENTARY** )
**SCHOOL DISTRICT; PLACERVILLE** )
**UNION ELEMENTARY SCHOOL** )
**DISTRICT; POLLOCK PINES** )
**ELEMENTARY SCHOOL DISTRICT;** )
**RESCUE UNION ELEMENTARY** )
**SCHOOL DISTRICT; SILVER FORK** )
**ELEMENTARY SCHOOL DISTRICT;** )
**ALVINA ELEMENTARY SCHOOL** )
**DISTRICT; BIG CREEK** )
**ELEMENTARY SCHOOL DISTRICT;** )
**BURREL UNION ELEMENTARY** )
**SCHOOL DISTRICT; CARUTHERS** )
**UNIFIED SCHOOL DISTRICT;** )
**CENTRAL UNIFIED SCHOOL** )

5

*MARTINEZ, et al. v. NEWSOM, et al., PLAINTIFF'S COMPLAINT*

DISTRICT; CLAY JOINT )
ELEMENTARY SCHOOL DISTRICT; )
CLOVIS UNIFIED SCHOOL )
DISTRICT; COALINGA-HURON )
UNIFIED SCHOOL DISTRICT; )
DIAGNOSTIC CENTER, CENTRAL )
CALIFORNIA (STATE SPECIAL )
SCHOOL); FIREBAUGH-LAS )
DELTAS UNIFIED SCHOOL )
DISTRICT; FOWLER UNIFIED )
SCHOOL DISTRICT; FRESNO )
UNIFIED SCHOOL DISTRICT; )
GOLDEN PLAINS UNIFIED SCHOOL )
DISTRICT; KERMAN UNIFIED )
SCHOOL DISTRICT; KINGS )
CANYON JOINT UNIFIED SCHOOL )
DISTRICT; KINGSBURG )
ELEMENTARY CHARTER SCHOOL )
DISTRICT; KINGSBURG JOINT )
UNION HIGH SCHOOL DISTRICT; )
LATON JOINT UNIFIED SCHOOL )
DISTRICT; MENDOTA UNIFIED )
SCHOOL DISTRICT; MONROE )
ELEMENTARY SCHOOL DISTRICT; )
ORANGE CENTER SCHOOL )
DISTRICT; PACIFIC UNION )
ELEMENTARY SCHOOL DISTRICT; )
PARLIER UNIFIED SCHOOL )
DISTRICT; PINE RIDGE )
ELEMENTARY SCHOOL DISTRICT; )
RAISIN CITY ELEMENTARY )
SCHOOL DISTRICT; RIVERDALE )
JOINT UNIFIED SCHOOL )
DISTRICT; SANGER UNIFIED )
SCHOOL DISTRICT; SELMA )
UNIFIED SCHOOL DISTRICT; )
SIERRA UNIFIED SCHOOL )
DISTRICT; WASHINGTON COLONY )

6

*MARTINEZ, et al. v. NEWSOM, et al., PLAINTIFF'S COMPLAINT*

**ELEMENTARY SCHOOL DISTRICT;** )
**WASHINGTON UNIFIED SCHOOL** )
**DISTRICT; WEST PARK** )
**ELEMENTARY SCHOOL DISTRICT;** )
**WESTSIDE ELEMENTARY SCHOOL** )
**DISTRICT; CAPAY JOINT UNION** )
**ELEMENTARY SCHOOL DISTRICT;** )
**HAMILTON UNIFIED SCHOOL** )
**DISTRICT SCHOOL DISTRICT;** )
**LAKE ELEMENTARY SCHOOL** )
**DISTRICT; ORLAND JOINT** )
**UNIFIED SCHOOL DISTRICT;** )
**PLAZA ELEMENTARY SCHOOL** )
**DISTRICT; PRINCETON JOINT** )
**UNIFIED SCHOOL DISTRICT;** )
**STONY CREEK JOINT UNIFIED** )
**SCHOOL DISTRICT; WILLOWS** )
**UNIFIED SCHOOL DISTRICT;** )
**ARCATA ELEMENTARY SCHOOL** )
**DISTRICT; BIG LAGOON UNION** )
**ELEMENTARY SCHOOL DISTRICT;** )
**BLUE LAKE UNION ELEMENTARY** )
**SCHOOL DISTRICT; BRIDGEVILLE** )
**ELEMENTARY SCHOOL DISTRICT;** )
**CUDDEBACK UNION** )
**ELEMENTARY SCHOOL DISTRICT;** )
**CUTTEN ELEMENTARY SCHOOL** )
**DISTRICT; EUREKA CITY** )
**SCHOOLS SCHOOL DISTRICT;** )
**FERNDALE UNIFIED SCHOOL** )
**DISTRICT; FIELDBROOK** )
**ELEMENTARY SCHOOL DISTRICT;** )
**FORTUNA ELEMENTARY SCHOOL** )
**DISTRICT; FORTUNA UNION HIGH** )
**SCHOOL DISTRICT; FRESHWATER** )
**ELEMENTARY SCHOOL DISTRICT;** )
**GARFIELD ELEMENTARY SCHOOL** )
**DISTRICT; GREEN POINT** )

7

*MARTINEZ, et al. v. NEWSOM, et al., PLAINTIFF'S COMPLAINT*

1  **ELEMENTARY SCHOOL DISTRICT;** )
2  **HYDESVILLE ELEMENTARY** )
   **SCHOOL DISTRICT; JACOBY** )
3  **CREEK ELEMENTARY SCHOOL** )
4  **DISTRICT; KLAMATH-TRINITY** )
   **JOINT UNIFIED SCHOOL** )
5  **DISTRICT; KNEELAND** )
6  **ELEMENTARY SCHOOL DISTRICT;** )
7  **LOLETA UNION ELEMENTARY** )
   **SCHOOL DISTRICT; MAPLE CREEK** )
8  **ELEMENTARY SCHOOL DISTRICT;** )
9  **MATTOLE UNIFIED SCHOOL** )
   **DISTRICT; MCKINLEYVILLE** )
10 **UNION ELEMENTARY SCHOOL** )
11 **DISTRICT; NORTHERN HUMBOLDT** )
   **UNION HIGH SCHOOL DISTRICT;** )
12 **ORICK ELEMENTARY SCHOOL** )
13 **DISTRICT; PACIFIC UNION** )
   **ELEMENTARY SCHOOL DISTRICT;** )
14 **PENINSULA UNION SCHOOL** )
15 **DISTRICT; RIO DELL** )
   **ELEMENTARY SCHOOL DISTRICT;** )
16 **SCOTIA UNION ELEMENTARY** )
17 **SCHOOL DISTRICT; SOUTH BAY** )
   **UNION ELEMENTARY SCHOOL** )
18 **DISTRICT; SOUTHERN HUMBOLDT** )
19 **JOINT UNIFIED SCHOOL** )
   **DISTRICT; TRINIDAD UNION** )
20 **ELEMENTARY SCHOOL DISTRICT;** )
21 **BRAWLEY ELEMENTARY SCHOOL** )
22 **DISTRICT; BRAWLEY UNION HIGH** )
   **SCHOOL DISTRICT; CALEXICO** )
23 **UNIFIED SCHOOL DISTRICT;** )
24 **CALIPATRIA UNIFIED SCHOOL** )
   **DISTRICT; CENTRAL UNION HIGH** )
25 **SCHOOL DISTRICT; EL CENTRO** )
26 **ELEMENTARY SCHOOL DISTRICT;** )
27 **HEBER ELEMENTARY SCHOOL** )
28

8

*MARTINEZ, et al. v. NEWSOM, et al., PLAINTIFF'S COMPLAINT*

1   DISTRICT; HOLTVILLE UNIFIED            )
2   SCHOOL DISTRICT; IMPERIAL              )
    UNIFIED SCHOOL DISTRICT;               )
3   MAGNOLIA UNION ELEMENTARY              )
4   SCHOOL DISTRICT; MCCABE                )
    UNION ELEMENTARY SCHOOL                )
5   DISTRICT; MEADOWS UNION                )
6   ELEMENTARY SCHOOL DISTRICT;            )
    MULBERRY ELEMENTARY                    )
7   SCHOOL DISTRICT; SAN PASQUAL           )
8   VALLEY UNIFIED SCHOOL                  )
9   DISTRICT; SEELEY UNION                 )
    ELEMENTARY SCHOOL DISTRICT;            )
10  WESTMORLAND UNION                      )
11  ELEMENTARY SCHOOL DISTRICT;            )
    BIG PINE UNIFIED SCHOOL                )
12  DISTRICT; BISHOP UNIFIED               )
13  SCHOOL DISTRICT; DEATH                 )
    VALLEY UNIFIED SCHOOL                  )
14  DISTRICT; INYO COUNTY CAREER           )
15  TECHNICAL EDUCATION; LONE              )
16  PINE UNIFIED SCHOOL DISTRICT;          )
    OWENS VALLEY UNIFIED SCHOOL            )
17  DISTRICT; ROUND VALLEY JOINT           )
18  ELEMENTARY SCHOOL DISTRICT;            )
    ARVIN UNION SCHOOL DISTRICT;           )
19  BAKERSFIELD CITY SCHOOL                )
20  DISTRICT;  BEARDSLEY                   )
21  ELEMENTARY SCHOOL DISTRICT;            )
    BELRIDGE ELEMENTARY SCHOOL             )
22  DISTRICT; BLAKE ELEMENTARY             )
23  SCHOOL DISTRICT;                       )
    BUTTONWILLOW UNION                     )
24  ELEMENTARY SCHOOL DISTRICT;            )
25  CALIENTE UNION ELEMENTARY              )
    SCHOOL DISTRICT; DELANO                )
26  JOINT UNION HIGH SCHOOL                )
27  DISTRICT; DELANO UNION                 )

28

*MARTINEZ, et al. v. NEWSOM, et al., PLAINTIFF'S COMPLAINT*

ELEMENTARY SCHOOL DISTRICT; )
DI GIORGIO ELEMENTARY )
SCHOOL DISTRICT; EDISON )
ELEMENTARY SCHOOL DISTRICT; )
EL TEJON UNIFIED SCHOOL )
DISTRICT; ELK HILLS )
ELEMENTARY SCHOOL DISTRICT; )
FAIRFAX ELEMENTARY SCHOOL )
DISTRICT; FRUITVALE )
ELEMENTARY SCHOOL DISTRICT; )
GENERAL SHAFTER ELEMENTARY )
SCHOOL DISTRICT; GREENFIELD )
UNION SCHOOL DISTRICT; KERN )
HIGH SCHOOL DISTRICT; )
KERNVILLE UNION ELEMENTARY )
SCHOOL DISTRICT; LAKESIDE )
UNION SCHOOL DISTRICT; )
LAMONT ELEMENTARY SCHOOL )
DISTRICT; LINNS VALLEY-POSO )
FLAT UNION SCHOOL DISTRICT; )
LOST HILLS UNION ELEMENTARY )
SCHOOL DISTRICT; MAPLE )
ELEMENTARY SCHOOL DISTRICT; )
MARICOPA UNIFIED SCHOOL )
DISTRICT; MCFARLAND UNIFIED )
SCHOOL DISTRICT; MCKITTRICK )
ELEMENTARY SCHOOL DISTRICT; )
MIDWAY ELEMENTARY SCHOOL )
DISTRICT; MOJAVE UNIFIED )
SCHOOL DISTRICT; MUROC JOINT )
UNIFIED SCHOOL DISTRICT; )
NORRIS ELEMENTARY SCHOOL )
DISTRICT; PANAMA-BUENA VISTA )
UNION SCHOOL DISTRICT; POND )
UNION ELEMENTARY SCHOOL )
DISTRICT; RAND JOINT )
ELEMENTARY SCHOOL DISTRICT; )
RICHLAND UNION ELEMENTARY )

*MARTINEZ, et al. v. NEWSOM, et al., PLAINTIFF'S COMPLAINT*

**SCHOOL DISTRICT; RIO BRAVO-**  )
**GREELEY UNION ELEMENTARY**  )
**SCHOOL DISTRICT; ROSEDALE**  )
**UNION ELEMENTARY SCHOOL**  )
**DISTRICT; SEMITROPIC**  )
**ELEMENTARY SCHOOL DISTRICT;**  )
**SIERRA SANDS UNIFIED SCHOOL**  )
**DISTRICT; SOUTH FORK UNION**  )
**SCHOOL DISTRICT; SOUTHERN**  )
**KERN UNIFIED SCHOOL DISTRICT;**  )
**STANDARD ELEMENTARY**  )
**SCHOOL DISTRICT; TAFT CITY**  )
**SCHOOL DISTRICT; TAFT UNION**  )
**HIGH SCHOOL DISTRICT;**  )
**TEHACHAPI UNIFIED SCHOOL**  )
**DISTRICT; VINELAND**  )
**ELEMENTARY SCHOOL DISTRICT;**  )
**WASCO UNION ELEMENTARY**  )
**SCHOOL DISTRICT; WASCO UNION**  )
**HIGH SCHOOL DISTRICT;**  )
**ARMONA UNION ELEMENTARY**  )
**SCHOOL DISTRICT; CENTRAL**  )
**UNION ELEMENTARY SCHOOL**  )
**DISTRICT; CORCORAN JOINT**  )
**UNIFIED SCHOOL DISTRICT;**  )
**HANFORD ELEMENTARY SCHOOL**  )
**DISTRICT; HANFORD JOINT UNION**  )
**HIGH SCHOOL DISTRICT; ISLAND**  )
**UNION ELEMENTARY SCHOOL**  )
**DISTRICT; KINGS RIVER-**  )
**HARDWICK UNION ELEMENTARY**  )
**SCHOOL DISTRICT; KIT CARSON**  )
**UNION ELEMENTARY SCHOOL**  )
**DISTRICT; LAKESIDE UNION**  )
**ELEMENTARY SCHOOL DISTRICT;**  )
**LEMOORE UNION ELEMENTARY**  )
**SCHOOL DISTRICT; LEMOORE**  )
**UNION HIGH SCHOOL DISTRICT;**  )

11

*MARTINEZ, et al. v. NEWSOM, et al., PLAINTIFF'S COMPLAINT*

PIONEER UNION ELEMENTARY )
SCHOOL DISTRICT; REEF-SUNSET )
UNIFIED SCHOOL DISTRICT; )
KELSEYVILLE UNIFIED SCHOOL )
DISTRICT; KONOCTI UNIFIED )
SCHOOL DISTRICT; LAKEPORT )
UNIFIED SCHOOL DISTRICT; )
LUCERNE ELEMENTARY SCHOOL )
DISTRICT; MIDDLETOWN UNIFIED )
SCHOOL DISTRICT; UPPER LAKE )
UNIFIED SCHOOL DISTRICT; BIG )
VALLEY JOINT UNIFIED SCHOOL )
DISTRICT; FORT SAGE UNIFIED )
SCHOOL DISTRICT; JANESVILLE )
UNION ELEMENTARY SCHOOL )
DISTRICT; JOHNSTONVILLE )
ELEMENTARY SCHOOL DISTRICT; )
LASSEN UNION HIGH SCHOOL )
DISTRICT; RAVENDALE-TERMO )
ELEMENTARY SCHOOL DISTRICT; )
RICHMOND ELEMENTARY )
SCHOOL DISTRICT; SHAFFER )
UNION ELEMENTARY SCHOOL )
DISTRICT; SUSANVILLE )
ELEMENTARY SCHOOL DISTRICT; )
WESTWOOD UNIFIED SCHOOL )
DISTRICT; ABC UNIFIED SCHOOL )
DISTRICT; ACTON-AGUA DULCE )
UNIFIED SCHOOL DISTRICT; )
ALHAMBRA UNIFIED SCHOOL )
DISTRICT; ANTELOPE VALLEY )
UNION HIGH SCHOOL DISTRICT; )
ARCADIA UNIFIED SCHOOL )
DISTRICT; AZUSA UNIFIED )
SCHOOL DISTRICT; BALDWIN )
PARK UNIFIED SCHOOL DISTRICT; )
BASSETT UNIFIED SCHOOL )
DISTRICT; BELLFLOWER UNIFIED )

SCHOOL DISTRICT; BEVERLY                )
HILLS UNIFIED SCHOOL                    )
DISTRICT; BONITA UNIFIED                )
SCHOOL DISTRICT; BURBANK                )
UNIFIED SCHOOL DISTRICT;                )
CASTAIC UNION SCHOOL                    )
DISTRICT; CENTINELA VALLEY              )
UNION HIGH SCHOOL DISTRICT;             )
CHARTER OAK UNIFIED SCHOOL              )
DISTRICT; CLAREMONT UNIFIED             )
SCHOOL DISTRICT; COMPTON                )
UNIFIED SCHOOL DISTRICT;                )
COVINA-VALLEY UNIFIED                   )
SCHOOL DISTRICT; CULVER CITY            )
UNIFIED SCHOOL DISTRICT;                )
DIAGNOSTIC CENTER, SOUTHERN             )
CALIFORNIA (STATE SPECIAL               )
SCHOOL); DOWNEY UNIFIED                  )
SCHOOL DISTRICT; DUARTE                  )
UNIFIED SCHOOL DISTRICT; EAST           )
WHITTIER CITY ELEMENTARY                )
SCHOOL DISTRICT; EASTSIDE               )
UNION ELEMENTARY SCHOOL                 )
DISTRICT; EL MONTE CITY                 )
SCHOOL DISTRICT; EL MONTE               )
UNION HIGH SCHOOL DISTRICT;             )
EL RANCHO UNIFIED SCHOOL                )
DISTRICT; EL SEGUNDO UNIFIED            )
SCHOOL DISTRICT; GARVEY                 )
ELEMENTARY SCHOOL DISTRICT;             )
GLENDALE UNIFIED SCHOOL                 )
DISTRICT; GLENDORA UNIFIED              )
SCHOOL DISTRICT; GORMAN                 )
JOINT SCHOOL DISTRICT                   )
HACIENDA LA PUENTE UNIFIED              )
SCHOOL DISTRICT; HAWTHORNE              )
SCHOOL DISTRICT; HERMOSA                )
BEACH CITY ELEMENTARY                   )

13

*MARTINEZ, et al. v. NEWSOM, et al., PLAINTIFF'S COMPLAINT*

| | |
|---|---|
| 1 | SCHOOL DISTRICT; HUGHES- )
| 2 | ELIZABETH LAKES UNION )
| 3 | ELEMENTARY SCHOOL DISTRICT; )
|   | INGLEWOOD UNIFIED SCHOOL )
| 4 | DISTRICT; KEPPEL UNION )
| 5 | ELEMENTARY SCHOOL DISTRICT; )
|   | LA CANADA UNIFIED SCHOOL )
| 6 | DISTRICT; LANCASTER )
| 7 | ELEMENTARY SCHOOL DISTRICT; )
| 8 | LAS VIRGENES UNIFIED SCHOOL )
|   | DISTRICT; LAWNDALE )
| 9 | ELEMENTARY SCHOOL DISTRICT; )
| 10 | LENNOX SCHOOL DISTRICT; )
|   | LITTLE LAKE CITY ELEMENTARY )
| 11 | SCHOOL DISTRICT; LONG BEACH )
| 12 | UNIFIED SCHOOL DISTRICT; LOS )
|   | ANGELES COUNTY OFFICE OF )
| 13 | EDUCATION; LOS ANGELES )
| 14 | UNIFIED SCHOOL DISTRICT; LOS )
|   | NIETOS SCHOOL DISTRICT; )
| 15 | LOWELL JOINT SCHOOL )
| 16 | DISTRICT; LYNWOOD UNIFIED )
| 17 | SCHOOL DISTRICT; MANHATTAN )
|   | BEACH UNIFIED SCHOOL )
| 18 | DISTRICT ; MONROVIA UNIFIED )
| 19 | SCHOOL DISTRICT; MONTEBELLO )
|   | UNIFIED SCHOOL DISTRICT; )
| 20 | MOUNTAIN VIEW ELEMENTARY )
| 21 | SCHOOL DISTRICT; NEWHALL )
|   | SCHOOL DISTRICT; NORWALK-LA )
| 22 | MIRADA UNIFIED SCHOOL )
| 23 | DISTRICT; PALMDALE )
| 24 | ELEMENTARY SCHOOL DISTRICT; )
|   | PALOS VERDES PENINSULA )
| 25 | UNIFIED SCHOOL DISTRICT; )
| 26 | PARAMOUNT UNIFIED SCHOOL )
|   | DISTRICT; PASADENA UNIFIED )
| 27 | SCHOOL DISTRICT; POMONA )
| 28 | |

14

*MARTINEZ, et al. v. NEWSOM, et al., PLAINTIFF'S COMPLAINT*

| | |
|---|---|
| **UNIFIED SCHOOL DISTRICT;** | ) |
| **REDONDO BEACH UNIFIED** | ) |
| **SCHOOL DISTRICT; ROSEMEAD** | ) |
| **ELEMENTARY SCHOOL DISTRICT;** | ) |
| **ROWLAND UNIFIED SCHOOL** | ) |
| **DISTRICT; SAN GABRIEL UNIFIED** | ) |
| **SCHOOL DISTRICT; SAN MARINO** | ) |
| **UNIFIED SCHOOL DISTRICT;** | ) |
| **SANTA MONICA-MALIBU UNIFIED** | ) |
| **SCHOOL DISTRICT; SAUGUS** | ) |
| **UNION SCHOOL DISTRICT; SBE -** | ) |
| **ACADEMIA AVANCE CHARTER;** | ) |
| **SBE - CELERITY HIMALIA; SBE -** | ) |
| **LOS ANGELES COLLEGE PREP** | ) |
| **ACADEMY; SBE - NEW WEST** | ) |
| **CHARTER; SBE - PREPA TEC LOS** | ) |
| **ANGELES HIGH; SBE - THE** | ) |
| **SCHOOL OF ARTS AND** | ) |
| **ENTERPRISE; SOUTH PASADENA** | ) |
| **UNIFIED SCHOOL DISTRICT;** | ) |
| **SOUTH WHITTIER ELEMENTARY** | ) |
| **SCHOOL DISTRICT; SULPHUR** | ) |
| **SPRINGS UNION SCHOOL** | ) |
| **DISTRICT; TEMPLE CITY UNIFIED** | ) |
| **SCHOOL DISTRICT; TORRANCE** | ) |
| **UNIFIED SCHOOL DISTRICT;** | ) |
| **VALLE LINDO ELEMENTARY** | ) |
| **SCHOOL DISTRICT; WALNUT** | ) |
| **VALLEY UNIFIED SCHOOL** | ) |
| **DISTRICT; WEST COVINA UNIFIED** | ) |
| **SCHOOL DISTRICT; WESTSIDE** | ) |
| **UNION ELEMENTARY SCHOOL** | ) |
| **DISTRICT; WHITTIER CITY** | ) |
| **ELEMENTARY SCHOOL DISTRICT;** | ) |
| **WHITTIER UNION HIGH SCHOOL** | ) |
| **DISTRICT; WILLIAM S. HART** | ) |
| **UNION HIGH SCHOOL DISTRICT;** | ) |
| **WILSONA ELEMENTARY SCHOOL** | ) |

15

*MARTINEZ, et al. v. NEWSOM, et al., PLAINTIFF'S COMPLAINT*

1  DISTRICT; WISEBURN UNIFIED          )
2  SCHOOL DISTRICT; ALVIEW-            )
   DAIRYLAND UNION ELEMENTARY          )
3  SCHOOL DISTRICT;  BASS LAKE         )
4  JOINT UNION ELEMENTARY              )
   SCHOOL DISTRICT;                    )
5  CHAWANAKEE UNIFIED SCHOOL           )
6  DISTRICT; CHOWCHILLA                )
   ELEMENTARY SCHOOL DISTRICT;         )
7  CHOWCHILLA UNION HIGH               )
8  SCHOOL DISTRICT; GOLDEN             )
9  VALLEY UNIFIED SCHOOL               )
   DISTRICT; MADERA UNIFIED            )
10 SCHOOL DISTRICT; RAYMOND-           )
11 KNOWLES UNION ELEMENTARY            )
   SCHOOL DISTRICT; YOSEMITE           )
12 UNIFIED SCHOOL DISTRICT;            )
13 BOLINAS-STINSON UNION SCHOOL        )
14 DISTRICT; KENTFIELD                 )
   ELEMENTARY SCHOOL DISTRICT;         )
15 LAGUNA JOINT ELEMENTARY             )
16 SCHOOL DISTRICT; LAGUNITAS          )
   ELEMENTARY SCHOOL DISTRICT;         )
17 LARKSPUR-CORTE MADERA               )
18 SCHOOL DISTRICT; LINCOLN            )
19 ELEMENTARY SCHOOL DISTRICT;         )
   MILL VALLEY ELEMENTARY              )
20 SCHOOL DISTRICT; MILLER             )
21 CREEK ELEMENTARY SCHOOL             )
   DISTRICT; NICASIO SCHOOL            )
22 DISTRICT; NOVATO UNIFIED            )
23 SCHOOL DISTRICT; REED UNION         )
   ELEMENTARY SCHOOL DISTRICT;         )
24 ROSS ELEMENTARY SCHOOL              )
25 DISTRICT; ROSS VALLEY               )
26 ELEMENTARY SCHOOL DISTRICT;         )
   SAN RAFAEL CITY ELEMENTARY          )
27 SCHOOL DISTRICT; SAN RAFAEL         )
28

16
*MARTINEZ, et al. v. NEWSOM, et al., PLAINTIFF'S COMPLAINT*

CITY HIGH SCHOOL DISTRICT; )
SAUSALITO MARIN CITY SCHOOL )
DISTRICT; SBE - ROSS VALLEY )
ELEMENTARY SCHOOL DISTRICT; )
SHORELINE UNIFIED SCHOOL )
DISTRICT; TAMALPAIS UNION )
HIGH SCHOOL DISTRICT; )
MARIPOSA COUNTY UNIFIED )
SCHOOL DISTRICT; ANDERSON )
VALLEY UNIFIED SCHOOL )
DISTRICT; ARENA UNION )
ELEMENTARY SCHOOL DISTRICT; )
ARENA UNION )
ELEMENTARY/POINT ARENA )
JOINT UNION HIGH SCHOOL )
DISTRICT; FORT BRAGG UNIFIED )
SCHOOL DISTRICT; LAYTONVILLE )
UNIFIED SCHOOL DISTRICT; )
LEGGETT VALLEY UNIFIED )
SCHOOL DISTRICT; MANCHESTER )
UNION ELEMENTARY SCHOOL )
DISTRICT; MENDOCINO UNIFIED )
SCHOOL DISTRICT; POINT ARENA )
JOINT UNION HIGH SCHOOL )
DISTRICT; POTTERVALLEY )
COMMUNITY UNIFIED SCHOOL )
DISTRICT; ROUND VALLEY )
UNIFIED SCHOOL DISTRICT; )
UKIAH UNIFIED SCHOOL )
DISTRICT; WILLITS UNIFIED )
SCHOOL DISTRICT; ATWATER )
ELEMENTARY SCHOOL DISTRICT; )
BALLICO-CRESSEY ELEMENTARY )
SCHOOL DISTRICT SCHOOL )
DISTRICT; DELHI UNIFIED )
SCHOOL DISTRICT;  DOS PALOS )
ORO LOMA JOINT UNIFIED )
SCHOOL DISTRICT; EL NIDO )

17

*MARTINEZ, et al. v. NEWSOM, et al., PLAINTIFF'S COMPLAINT*

**ELEMENTARY SCHOOL DISTRICT;** )
**GUSTINE UNIFIED SCHOOL** )
**DISTRICT; HILMAR UNIFIED** )
**SCHOOL DISTRICT; LE GRAND** )
**UNION ELEMENTARY SCHOOL** )
**DISTRICT; LE GRAND UNION HIGH** )
**SCHOOL DISTRICT; LIVINGSTON** )
**UNION SCHOOL DISTRICT; LOS** )
**BANOS UNIFIED SCHOOL** )
**DISTRICT; MCSWAIN UNION** )
**ELEMENTARY SCHOOL DISTRICT;** )
**MERCED CITY ELEMENTARY** )
**SCHOOL DISTRICT; MERCED** )
**RIVER UNION ELEMENTARY** )
**SCHOOL DISTRICT; MERCED** )
**UNION HIGH SCHOOL DISTRICT;** )
**PLAINSBURG UNION** )
**ELEMENTARY SCHOOL DISTRICT;** )
**PLANADA ELEMENTARY SCHOOL** )
**DISTRICT; SNELLING-MERCED** )
**FALLS UNION ELEMENTARY** )
**SCHOOL DISTRICT; WEAVER** )
**UNION SCHOOL DISTRICT;** )
**WINTON SCHOOL DISTRICT;** )
**MODOC JOINT UNIFIED SCHOOL** )
**DISTRICT; SURPRISE VALLEY** )
**JOINT UNIFIED SCHOOL** )
**DISTRICT; TULELAKE BASIN** )
**JOINT UNIFIED SCHOOL** )
**DISTRICT; EASTERN SIERRA** )
**UNIFIED SCHOOL DISTRICT;** )
**MAMMOTH UNIFIED SCHOOL** )
**DISTRICT; ALISAL UNION SCHOOL** )
**DISTRICT; BIG SUR UNIFIED** )
**SCHOOL DISTRICT; BRADLEY** )
**UNION ELEMENTARY SCHOOL** )
**DISTRICT; CARMEL UNIFIED** )
**SCHOOL DISTRICT; CHUALAR** )

18

*MARTINEZ, et al. v. NEWSOM, et al., PLAINTIFF'S COMPLAINT*

1   UNION SCHOOL DISTRICT;                    )
2   GONZALES UNIFIED SCHOOL                    )
    DISTRICT; GRAVES ELEMENTARY                )
3   SCHOOL DISTRICT; GREENFIELD                )
4   UNION ELEMENTARY SCHOOL                    )
    DISTRICT; KING CITY UNION                  )
5   SCHOOL DISTRICT; LAGUNITA                  )
6   ELEMENTARY SCHOOL DISTRICT;                )
7   MISSION UNION ELEMENTARY                   )
    SCHOOL DISTRICT; MONTEREY                  )
8   PENINSULA UNIFIED SCHOOL                   )
9   DISTRICT; NORTH MONTEREY                   )
    COUNTY UNIFIED SCHOOL                      )
10  DISTRICT; PACIFIC GROVE                    )
11  UNIFIED SCHOOL DISTRICT;                   )
    SALINAS CITY ELEMENTARY                    )
12  SCHOOL DISTRICT; SALINAS                   )
13  UNION HIGH SCHOOL DISTRICT;                )
    SAN ANTONIO UNION                          )
14  ELEMENTARY SCHOOL DISTRICT;                )
15  SAN ARDO UNION ELEMENTARY                  )
16  SCHOOL DISTRICT; SAN LUCAS                 )
    UNION ELEMENTARY SCHOOL                    )
17  DISTRICT; SANTA RITA UNION                 )
18  ELEMENTARY SCHOOL DISTRICT;                )
    SOLEDAD UNIFIED SCHOOL                     )
19  DISTRICT; SOUTH MONTEREY                   )
20  COUNTY JOINT UNION HIGH                    )
21  SCHOOL DISTRICT; SPRECKELS                 )
    UNION ELEMENTARY SCHOOL                    )
22  DISTRICT; WASHINGTON UNION                 )
23  ELEMENTARY SCHOOL DISTRICT;                )
    CALISTOGA JOINT UNIFIED                    )
24  SCHOOL DISTRICT; HOWELL                    )
25  MOUNTAIN ELEMENTARY                        )
26  SCHOOL DISTRICT; NAPA VALLEY               )
    UNIFIED SCHOOL DISTRICT; POPE              )
27  VALLEY UNION ELEMENTARY                    )

28

1  SCHOOL DISTRICT; SAINT                   )
2  HELENA UNIFIED SCHOOL                     )
   DISTRICT; CHICAGO PARK                    )
3  ELEMENTARY SCHOOL DISTRICT;              )
4  CLEAR CREEK ELEMENTARY                    )
   SCHOOL DISTRICT; GRASS                    )
5  VALLEY ELEMENTARY SCHOOL                  )
6  DISTRICT; NEVADA CITY                     )
7  ELEMENTARY SCHOOL DISTRICT;              )
   ;NEVADA JOINT UNION HIGH                  )
8  SCHOOL DISTRICT; PENN VALLEY              )
9  UNION ELEMENTARY SCHOOL                   )
   DISTRICT; PLEASANT RIDGE                  )
10 UNION ELEMENTARY SCHOOL                   )
11 DISTRICT; TWIN RIDGES                     )
   ELEMENTARY SCHOOL DISTRICT;              )
12 UNION HILL ELEMENTARY                     )
13 SCHOOL DISTRICT; ANAHEIM                  )
   ELEMENTARY SCHOOL DISTRICT;              )
14 ANAHEIM UNION HIGH SCHOOL                 )
15 DISTRICT; BREA-OLINDA UNIFIED             )
16 SCHOOL DISTRICT; BUENA PARK               )
   ELEMENTARY SCHOOL DISTRICT;              )
17 CAPISTRANO UNIFIED SCHOOL                 )
18 DISTRICT; CENTRAL ORANGE                  )
   COUNTY CTE PARTNERSHIP;                   )
19 CENTRALIA ELEMENTARY                      )
20 SCHOOL DISTRICT; COLLEGE AND              )
21 CAREER ADVANTAGE; CYPRESS                 )
   ELEMENTARY SCHOOL DISTRICT;              )
22 FOUNTAIN VALLEY ELEMENTARY                )
23 SCHOOL DISTRICT; FULLERTON                )
   ELEMENTARY SCHOOL DISTRICT;              )
24 FULLERTON JOINT UNION HIGH                )
25 SCHOOL DISTRICT; GARDEN                   )
26 GROVE UNIFIED SCHOOL                      )
   DISTRICT; HUNTINGTON BEACH                )
27 CITY ELEMENTARY SCHOOL                    )

28
*MARTINEZ, et al. v. NEWSOM, et al., PLAINTIFF'S COMPLAINT*

1 | DISTRICT; HUNTINGTON BEACH )
2 | UNION HIGH SCHOOL DISTRICT; )
3 | IRVINE UNIFIED SCHOOL )
4 | DISTRICT; LA HABRA CITY )
5 | ELEMENTARY SCHOOL DISTRICT; )
6 | LAGUNA BEACH UNIFIED SCHOOL )
7 | DISTRICT; LOS ALAMITOS )
8 | UNIFIED SCHOOL DISTRICT; )
9 | MAGNOLIA ELEMENTARY )
10 | SCHOOL DISTRICT; NEWPORT- )
11 | MESA UNIFIED SCHOOL DISTRICT; )
12 | OCEAN VIEW SCHOOL DISTRICT; )
13 | ORANGE UNIFIED SCHOOL )
14 | DISTRICT; PLACENTIA-YORBA )
15 | LINDA UNIFIED SCHOOL )
16 | DISTRICT; SADDLEBACK VALLEY )
17 | UNIFIED SCHOOL DISTRICT; )
18 | SANTA ANA UNIFIED SCHOOL )
19 | DISTRICT; SAVANNA )
20 | ELEMENTARY SCHOOL DISTRICT; )
21 | SBE - MAGNOLIA SCIENCE )
22 | ACADEMY SANTA ANA; TUSTIN )
23 | UNIFIED SCHOOL DISTRICT; )
24 | WESTMINSTER SCHOOL )
25 | DISTRICT; OUT-OF-STATE, NON- )
26 | PUBLIC, NON-SECTARIAN )
27 | SCHOOLS; ACKERMAN CHARTER )

DISTRICT; HUNTINGTON BEACH )
UNION HIGH SCHOOL DISTRICT; )
IRVINE UNIFIED SCHOOL )
DISTRICT; LA HABRA CITY )
ELEMENTARY SCHOOL DISTRICT; )
LAGUNA BEACH UNIFIED SCHOOL )
DISTRICT; LOS ALAMITOS )
UNIFIED SCHOOL DISTRICT; )
MAGNOLIA ELEMENTARY )
SCHOOL DISTRICT; NEWPORT- )
MESA UNIFIED SCHOOL DISTRICT; )
OCEAN VIEW SCHOOL DISTRICT; )
ORANGE UNIFIED SCHOOL )
DISTRICT; PLACENTIA-YORBA )
LINDA UNIFIED SCHOOL )
DISTRICT; SADDLEBACK VALLEY )
UNIFIED SCHOOL DISTRICT; )
SANTA ANA UNIFIED SCHOOL )
DISTRICT; SAVANNA )
ELEMENTARY SCHOOL DISTRICT; )
SBE - MAGNOLIA SCIENCE )
ACADEMY SANTA ANA; TUSTIN )
UNIFIED SCHOOL DISTRICT; )
WESTMINSTER SCHOOL )
DISTRICT; OUT-OF-STATE, NON- )
PUBLIC, NON-SECTARIAN )
SCHOOLS; ACKERMAN CHARTER )
SCHOOL DISTRICT; ALTA-DUTCH )
FLAT UNION ELEMENTARY )
SCHOOL DISTRICT; AUBURN )
UNION ELEMENTARY SCHOOL )
DISTRICT; COLFAX ELEMENTARY )
SCHOOL DISTRICT; DRY CREEK )
JOINT ELEMENTARY SCHOOL )
DISTRICT; EUREKA UNION )
SCHOOL DISTRICT; FORESTHILL )
UNION ELEMENTARY SCHOOL )
DISTRICT; LOOMIS UNION )

28

21

*MARTINEZ, et al. v. NEWSOM, et al., PLAINTIFF'S COMPLAINT*

**ELEMENTARY SCHOOL DISTRICT;** )
**NEWCASTLE ELEMENTARY** )
**SCHOOL DISTRICT; PLACER HILLS** )
**UNION ELEMENTARY SCHOOL** )
**DISTRICT; PLACER UNION HIGH** )
**SCHOOL DISTRICT; ROCKLIN** )
**UNIFIED SCHOOL DISTRICT;** )
**ROSEVILLE CITY ELEMENTARY** )
**SCHOOL DISTRICT; ROSEVILLE** )
**JOINT UNION HIGH SCHOOL** )
**DISTRICT; TAHOE-TRUCKEE** )
**UNIFIED SCHOOL DISTRICT;** )
**WESTERN PLACER UNIFIED** )
**SCHOOL DISTRICT; PLUMAS** )
**UNIFIED SCHOOL DISTRICT;** )
**ALVORD UNIFIED SCHOOL** )
**DISTRICT; BANNING UNIFIED** )
**SCHOOL DISTRICT; BEAUMONT** )
**UNIFIED SCHOOL DISTRICT;** )
**CALIFORNIA SCHOOL FOR THE** )
**DEAF-RIVERSIDE (STATE SPECIAL** )
**SCHOOL); COACHELLA VALLEY** )
**UNIFIED SCHOOL DISTRICT;** )
**CORONA-NORCO UNIFIED** )
**SCHOOL DISTRICT; DESERT** )
**CENTER UNIFIED SCHOOL** )
**DISTRICT; DESERT SANDS** )
**UNIFIED SCHOOL DISTRICT;** )
**HEMET UNIFIED SCHOOL** )
**DISTRICT; JURUPA UNIFIED** )
**SCHOOL DISTRICT; LAKE** )
**ELSINORE UNIFIED SCHOOL** )
**DISTRICT; MENIFEE UNION** )
**ELEMENTARY SCHOOL DISTRICT;** )
**MORENO VALLEY UNIFIED** )
**SCHOOL DISTRICT; MURRIETA** )
**VALLEY UNIFIED SCHOOL** )
**DISTRICT; NUVIEW UNION** )

22

*MARTINEZ, et al. v. NEWSOM, et al., PLAINTIFF'S COMPLAINT*

SCHOOL DISTRICT; PALM )
SPRINGS UNIFIED SCHOOL )
DISTRICT; PALO VERDE UNIFIED )
SCHOOL DISTRICT; PERRIS )
ELEMENTARY SCHOOL DISTRICT; )
PERRIS UNION HIGH SCHOOL )
DISTRICT; RIVERSIDE UNIFIED )
SCHOOL DISTRICT; ROMOLAND )
ELEMENTARY SCHOOL DISTRICT; )
SAN JACINTO UNIFIED SCHOOL )
DISTRICT; TEMECULA VALLEY )
UNIFIED SCHOOL DISTRICT; VAL )
VERDE UNIFIED SCHOOL )
DISTRICT; ARCOHE UNION )
ELEMENTARY SCHOOL DISTRICT; )
CENTER JOINT UNIFIED SCHOOL )
DISTRICT; ELK GROVE UNIFIED )
SCHOOL DISTRICT; ELVERTA )
JOINT ELEMENTARY SCHOOL )
DISTRICT; FOLSOM-CORDOVA )
UNIFIED SCHOOL DISTRICT; GALT )
JOINT UNION ELEMENTARY )
SCHOOL DISTRICT; GALT JOINT )
UNION HIGH SCHOOL DISTRICT; )
NATOMAS UNIFIED SCHOOL )
DISTRICT;  RIVER DELTA JOINT )
UNIFIED SCHOOL DISTRICT; )
ROBLA ELEMENTARY SCHOOL )
DISTRICT; SACRAMENTO CITY )
UNIFIED SCHOOL DISTRICT; SAN )
JUAN UNIFIED SCHOOL DISTRICT; )
TWIN RIVERS UNIFIED SCHOOL )
DISTRICT; AROMAS - SAN JUAN )
UNIFIED SCHOOL DISTRICT; )
BITTERWATER-TULLY )
ELEMENTARY SCHOOL DISTRICT; )
CIENEGA UNION ELEMENTARY )
SCHOOL DISTRICT; HOLLISTER )

*MARTINEZ, et al. v. NEWSOM, et al., PLAINTIFF'S COMPLAINT*

1  **SCHOOL DISTRICT; JEFFERSON                )**
2  **ELEMENTARY SCHOOL DISTRICT;            )**
   **NORTH COUNTY JOINT UNION                 )**
3  **ELEMENTARY SCHOOL DISTRICT;            )**
4  **PANOCHE ELEMENTARY SCHOOL          )**
   **DISTRICT; SAN BENITO HIGH                    )**
5  **SCHOOL DISTRICT; SOUTHSIDE               )**
6  **ELEMENTARY SCHOOL DISTRICT;            )**
   **TRES PINOS UNION ELEMENTARY         )**
7  **SCHOOL DISTRICT; WILLOW                      )**
8  **GROVE UNION ELEMENTARY                   )**
9  **SCHOOL DISTRICT; ADELANTO                  )**
   **ELEMENTARY SCHOOL DISTRICT;            )**
10 **ALTA LOMA ELEMENTARY                       )**
11 **SCHOOL DISTRICT; APPLE                          )**
   **VALLEY UNIFIED SCHOOL                          )**
12 **DISTRICT; BAKER VALLEY                          )**
13 **UNIFIED SCHOOL DISTRICT;                     )**
   **BARSTOW UNIFIED SCHOOL                     )**
14 **DISTRICT; BEAR VALLEY UNIFIED          )**
15 **SCHOOL DISTRICT; CENTRAL                     )**
16 **ELEMENTARY SCHOOL DISTRICT;            )**
   **CHAFFEY JOINT UNION HIGH                   )**
17 **SCHOOL DISTRICT; CHINO                         )**
18 **VALLEY UNIFIED SCHOOL                          )**
19 **DISTRICT; COLTON JOINT                           )**
   **UNIFIED SCHOOL DISTRICT;                     )**
20 **CUCAMONGA ELEMENTARY                   )**
21 **SCHOOL DISTRICT; ETIWANDA               )**
   **ELEMENTARY SCHOOL DISTRICT;            )**
22 **FONTANA UNIFIED SCHOOL                    )**
23 **DISTRICT; HELENDALE                               )**
   **ELEMENTARY SCHOOL DISTRICT;            )**
24 **HESPERIA UNIFIED SCHOOL                    )**
25 **DISTRICT; LUCERNE VALLEY                    )**
   **UNIFIED SCHOOL DISTRICT;                     )**
26 **MORONGO UNIFIED SCHOOL                  )**
27 **DISTRICT; MOUNTAIN VIEW                   )**
28

*MARTINEZ, et al. v. NEWSOM, et al., PLAINTIFF'S COMPLAINT*

ELEMENTARY SCHOOL DISTRICT;  )
MT. BALDY JOINT ELEMENTARY  )
SCHOOL DISTRICT; NEEDLES  )
UNIFIED SCHOOL DISTRICT;  )
ONTARIO-MONTCLAIR SCHOOL  )
DISTRICT; ORO GRANDE SCHOOL  )
DISTRICT; REDLANDS UNIFIED  )
SCHOOL DISTRICT; RIALTO  )
UNIFIED SCHOOL DISTRICT; RIM  )
OF THE WORLD UNIFIED SCHOOL  )
DISTRICT; SAN BERNARDINO CITY  )
UNIFIED SCHOOL DISTRICT;  )
SILVER VALLEY UNIFIED SCHOOL  )
DISTRICT; SNOWLINE JOINT  )
UNIFIED SCHOOL DISTRICT;  )
TRONA JOINT UNIFIED SCHOOL  )
DISTRICT; UPLAND UNIFIED  )
SCHOOL DISTRICT; VICTOR  )
ELEMENTARY SCHOOL DISTRICT;  )
VICTOR VALLEY UNION HIGH  )
SCHOOL DISTRICT; YUCAIPA  )
CALIMESA JOINT UNIFIED  )
SCHOOL DISTRICT; ALPINE UNION  )
ELEMENTARY SCHOOL DISTRICT;  )
BONSALL UNIFIED SCHOOL  )
DISTRICT; BORREGO SPRINGS  )
UNIFIED SCHOOL DISTRICT;  )
CAJON VALLEY UNION SCHOOL  )
DISTRICT; CARDIFF ELEMENTARY  )
SCHOOL DISTRICT; CARLSBAD  )
UNIFIED SCHOOL DISTRICT;  )
CHULA VISTA ELEMENTARY  )
SCHOOL DISTRICT; CORONADO  )
UNIFIED SCHOOL DISTRICT;  )
DEHESA ELEMENTARY SCHOOL  )
DISTRICT; DEL MAR UNION  )
ELEMENTARY SCHOOL DISTRICT;  )
ENCINITAS UNION ELEMENTARY  )

**SCHOOL DISTRICT; ESCONDIDO** )
**UNION SCHOOL DISTRICT;** )
**ESCONDIDO UNION HIGH SCHOOL** )
**DISTRICT; FALLBROOK UNION** )
**ELEMENTARY SCHOOL DISTRICT;** )
**FALLBROOK UNION HIGH** )
**SCHOOL DISTRICT; GROSSMONT** )
**UNION HIGH SCHOOL DISTRICT;** )
**JAMUL-DULZURA UNION** )
**ELEMENTARY SCHOOL DISTRICT;** )
**JULIAN UNION ELEMENTARY** )
**SCHOOL DISTRICT; JULIAN UNION** )
**HIGH SCHOOL DISTRICT; LA** )
**MESA-SPRING VALLEY SCHOOL** )
**DISTRICT; LAKESIDE UNION** )
**ELEMENTARY SCHOOL DISTRICT;** )
**LEMON GROVE SCHOOL** )
**DISTRICT; MOUNTAIN EMPIRE** )
**UNIFIED SCHOOL DISTRICT;** )
**NATIONAL ELEMENTARY SCHOOL** )
**DISTRICT; OCEANSIDE UNIFIED** )
**SCHOOL DISTRICT; POWAY** )
**UNIFIED SCHOOL DISTRICT;** )
**RAMONA CITY UNIFIED SCHOOL** )
**DISTRICT; RANCHO SANTA FE** )
**ELEMENTARY SCHOOL DISTRICT;** )
**SAN DIEGO UNIFIED SCHOOL** )
**DISTRICT; SAN DIEGUITO UNION** )
**HIGH SCHOOL DISTRICT; SAN** )
**MARCOS UNIFIED SCHOOL** )
**DISTRICT; SAN PASQUAL UNION** )
**ELEMENTARY SCHOOL DISTRICT;** )
**SAN YSIDRO ELEMENTARY** )
**SCHOOL DISTRICT; SANTEE** )
**SCHOOL DISTRICT; SBC - HIGH** )
**TECH HIGH SCHOOL DISTRICT;** )
**SBE - AUDEO CHARTER II SCHOOL** )
**DISTRICT; SBE - BAYPOINT** )

**PREPARATORY ACADEMY SAN**         )
**DIEGO; SBE - COLLEGE**            )
**PREPARATORY MIDDLE; SBE -**       )
**GROSSMONT SECONDARY; SBE -**      )
**SWEETWATER SECONDARY; SBE -**     )
**VISTA SPRINGS CHARTER;**          )
**SOLANA BEACH ELEMENTARY**         )
**SCHOOL DISTRICT; SOUTH BAY**      )
**UNION SCHOOL DISTRICT;**          )
**SPENCER VALLEY ELEMENTARY**       )
**SCHOOL DISTRICT; SWEETWATER**     )
**UNION HIGH SCHOOL DISTRICT;**     )
**VALLECITOS ELEMENTARY**           )
**SCHOOL DISTRICT; VALLEY**         )
**CENTER-PAUMA UNIFIED SCHOOL**     )
**DISTRICT; VISTA UNIFIED**         )
**SCHOOL DISTRICT; WARNER**         )
**UNIFIED SCHOOL DISTRICT; SAN**    )
**FRANCISCO UNIFIED SCHOOL**        )
**DISTRICT; ;SBE - KIPP BAYVIEW**   )
**ELEMENTARY SCHOOL DISTRICT;**     )
**SBE - THE NEW SCHOOL OF SAN**     )
**FRANCISCO SCHOOL DISTRICT;**      )
**BANTA ELEMENTARY SCHOOL**         )
**DISTRICT; ESCALON UNIFIED**       )
**SCHOOL DISTRICT; JEFFERSON**      )
**ELEMENTARY SCHOOL DISTRICT;**     )
**LAMMERSVILLE JOINT UNIFIED**      )
**SCHOOL DISTRICT; LINCOLN**        )
**UNIFIED SCHOOL DISTRICT;**        )
**LINDEN UNIFIED SCHOOL**           )
**DISTRICT; LODI UNIFIED SCHOOL**   )
**DISTRICT; MANTECA UNIFIED**       )
**SCHOOL DISTRICT; NEW HOPE**       )
**ELEMENTARY SCHOOL DISTRICT;**     )
**NEW JERUSALEM ELEMENTARY**        )
**SCHOOL DISTRICT; OAK VIEW**       )
**UNION ELEMENTARY SCHOOL**         )

*MARTINEZ, et al. v. NEWSOM, et al., PLAINTIFF'S COMPLAINT*

1   DISTRICT; RIPON UNIFIED                    )
2   SCHOOL DISTRICT; STOCKTON                  )
    UNIFIED SCHOOL DISTRICT;                   )
3   TRACY JOINT UNIFIED SCHOOL                 )
4   DISTRICT; ATASCADERO UNIFIED               )
    SCHOOL DISTRICT; CAYUCOS                   )
5   ELEMENTARY SCHOOL DISTRICT;                )
6   COAST UNIFIED SCHOOL                       )
7   DISTRICT; LUCIA MAR UNIFIED                )
    SCHOOL DISTRICT; PASO ROBLES               )
8   JOINT UNIFIED SCHOOL                       )
9   DISTRICT; PLEASANT VALLEY                  )
    JOINT UNION ELEMENTARY                     )
10  SCHOOL DISTRICT; SAN LUIS                  )
11  COASTAL UNIFIED SCHOOL                     )
    DISTRICT; SAN MIGUEL JOINT                 )
12  UNION SCHOOL DISTRICT;                     )
13  SHANDON JOINT UNIFIED SCHOOL               )
14  DISTRICT; TEMPLETON UNIFIED                )
    SCHOOL DISTRICT; BAYSHORE                  )
15  ELEMENTARY SCHOOL DISTRICT;                )
16  BELMONT-REDWOOD SHORES                     )
    ELEMENTARY SCHOOL DISTRICT;                )
17  BRISBANE ELEMENTARY SCHOOL                 )
18  DISTRICT; BURLINGAME                       )
19  ELEMENTARY SCHOOL DISTRICT;                )
    CABRILLO UNIFIED SCHOOL                    )
20  DISTRICT; HILLSBOROUGH CITY                )
21  ELEMENTARY SCHOOL DISTRICT;                )
    JEFFERSON ELEMENTARY                       )
22  SCHOOL DISTRICT; JEFFERSON                 )
23  UNION HIGH SCHOOL DISTRICT;                )
    LA HONDA-PESCADERO UNIFIED                 )
24  SCHOOL DISTRICT; LAS LOMITAS               )
25  ELEMENTARY SCHOOL DISTRICT;                )
26  MENLO PARK CITY ELEMENTARY                 )
    SCHOOL DISTRICT; MILLBRAE                  )
27  ELEMENTARY SCHOOL DISTRICT;                )
28

1  | PACIFICA SCHOOL DISTRICT;                    )
2  | PORTOLA VALLEY ELEMENTARY                   )
   | SCHOOL DISTRICT; RAVENSWOOD                 )
3  | CITY ELEMENTARY SCHOOL                      )
4  | DISTRICT; REDWOOD CITY                      )
   | ELEMENTARY SCHOOL DISTRICT;                 )
5  | SAN BRUNO PARK ELEMENTARY                   )
6  | SCHOOL DISTRICT; SAN CARLOS                 )
7  | ELEMENTARY SCHOOL DISTRICT;                 )
   | SAN MATEO UNION HIGH SCHOOL                 )
8  | DISTRICT; SAN MATEO-FOSTER                  )
9  | CITY SCHOOL DISTRICT; SEQUOIA               )
   | UNION HIGH SCHOOL DISTRICT;                 )
10 | SOUTH SAN FRANCISCO UNIFIED                 )
11 | SCHOOL DISTRICT; WOODSIDE                   )
   | ELEMENTARY SCHOOL DISTRICT;                 )
12 | BALLARD ELEMENTARY SCHOOL                   )
13 | DISTRICT; BLOCHMAN UNION                    )
   | ELEMENTARY SCHOOL DISTRICT;                 )
14 | BUELLTON UNION ELEMENTARY                   )
15 | SCHOOL DISTRICT; CARPINTERIA                )
16 | UNIFIED SCHOOL DISTRICT; COLD               )
   | SPRING ELEMENTARY SCHOOL                    )
17 | DISTRICT; COLLEGE                           )
18 | ELEMENTARY SCHOOL DISTRICT;                 )
   | CUYAMA JOINT UNIFIED SCHOOL                 )
19 | DISTRICT; GOLETA UNION                      )
20 | ELEMENTARY SCHOOL DISTRICT;                 )
21 | GUADALUPE UNION ELEMENTARY                  )
   | SCHOOL DISTRICT; HOPE                       )
22 | ELEMENTARY SCHOOL DISTRICT;                 )
23 | LOMPOC UNIFIED SCHOOL                       )
   | DISTRICT; LOS OLIVOS                        )
24 | ELEMENTARY SCHOOL DISTRICT;                 )
25 | MONTECITO UNION ELEMENTARY                  )
26 | SCHOOL DISTRICT; ORCUTT                     )
   | UNION ELEMENTARY SCHOOL                     )
27 | DISTRICT; SANTA BARBARA                     )
28 |

1   UNIFIED SCHOOL DISTRICT;                )
2   SANTA MARIA JOINT UNION HIGH            )
    SCHOOL DISTRICT; SANTA                  )
3   MARIA-BONITA SCHOOL                     )
    DISTRICT; SANTA YNEZ VALLEY             )
4   UNION HIGH SCHOOL DISTRICT;             )
5   SBE - OLIVE GROVE CHARTER –             )
    BUELLTON; SBE - OLIVE GROVE             )
6   CHARTER – LOMPOC; SBE - OLIVE           )
7   GROVE CHARTER -                         )
    ORCUTT/SANTA MARIA; SBE -               )
8   OLIVE GROVE CHARTER - SANTA             )
9   BARBARA; SOLVANG                        )
    ELEMENTARY SCHOOL DISTRICT;             )
10  VISTA DEL MAR UNION SCHOOL              )
11  DISTRICT; ALUM ROCK UNION               )
    ELEMENTARY SCHOOL DISTRICT;             )
12  BERRYESSA UNION ELEMENTARY              )
13  SCHOOL DISTRICT; CAMBRIAN               )
    SCHOOL DISTRICT; CAMPBELL               )
14  UNION SCHOOL DISTRICT;                  )
15  CAMPBELL UNION HIGH SCHOOL              )
16  DISTRICT; CUPERTINO UNION               )
    SCHOOL DISTRICT; EAST SIDE              )
17  UNION HIGH SCHOOL DISTRICT;             )
18  EVERGREEN ELEMENTARY                    )
    SCHOOL DISTRICT; FRANKLIN-              )
19  MCKINLEY ELEMENTARY                     )
20  SCHOOL DISTRICT; FREMONT                )
    UNION HIGH SCHOOL DISTRICT;             )
21  GILROY UNIFIED SCHOOL                   )
22  DISTRICT; LAKESIDE JOINT                )
    SCHOOL DISTRICT; LOMA PRIETA            )
23  JOINT UNION ELEMENTARY                  )
24  SCHOOL DISTRICT; LOS ALTOS              )
    ELEMENTARY SCHOOL DISTRICT;             )
25  LOS GATOS UNION ELEMENTARY              )
26  SCHOOL DISTRICT; LOS GATOS-             )
27
28
                                    30
        *MARTINEZ, et al. v. NEWSOM, et al., PLAINTIFF'S COMPLAINT*

SARATOGA UNION HIGH SCHOOL )
DISTRICT; LUTHER BURBANK )
SCHOOL DISTRICT; METRO )
EDUCATION SCHOOL DISTRICT; )
METROPOLITAN EDUCATION )
SCHOOL DISTRICT; MILPITAS )
UNIFIED SCHOOL DISTRICT; )
MORELAND SCHOOL DISTRICT; )
MORGAN HILL UNIFIED SCHOOL )
DISTRICT; MOUNT PLEASANT )
ELEMENTARY SCHOOL DISTRICT; )
MOUNTAIN VIEW WHISMAN )
SCHOOL DISTRICT; MOUNTAIN )
VIEW-LOS ALTOS UNION HIGH )
SCHOOL DISTRICT; OAK GROVE )
ELEMENTARY SCHOOL DISTRICT; )
ORCHARD ELEMENTARY SCHOOL )
DISTRICT; PALO ALTO UNIFIED )
SCHOOL DISTRICT; SAN JOSE )
UNIFIED SCHOOL DISTRICT; )
SANTA CLARA UNIFIED SCHOOL )
DISTRICT; SARATOGA UNION )
ELEMENTARY SCHOOL DISTRICT; )
SBE - KIPP NAVIGATE COLLEGE )
PREP; SBE - PERSEVERANCE )
PREPARATORY; SUNNYVALE )
SCHOOL DISTRICT; UNION )
ELEMENTARY SCHOOL DISTRICT; )
BONNY DOON UNION )
ELEMENTARY SCHOOL DISTRICT; )
HAPPY VALLEY ELEMENTARY )
SCHOOL DISTRICT; LIVE OAK )
ELEMENTARY SCHOOL DISTRICT; )
MOUNTAIN ELEMENTARY )
SCHOOL DISTRICT; NORTH SANTA )
CRUZ COUNTY SELPA SCHOOL )
DISTRICT; PACIFIC ELEMENTARY )
SCHOOL DISTRICT; PAJARO )

*MARTINEZ, et al. v. NEWSOM, et al., PLAINTIFF'S COMPLAINT*

VALLEY UNIFIED SCHOOL                    )
DISTRICT; SAN LORENZO VALLEY             )
UNIFIED SCHOOL DISTRICT;                 )
SANTA CRUZ CITY ELEMENTARY               )
SCHOOL DISTRICT; SANTA CRUZ              )
CITY ELEMENTARY/HIGH                     )
SCHOOL DISTRICT; SANTA CRUZ              )
CITY HIGH SCHOOL DISTRICT;               )
SBE - WATSONVILLE PREP                   )
SCHOOL DISTRICT; SCOTTS                  )
VALLEY UNIFIED SCHOOL                    )
DISTRICT; SOQUEL UNION                   )
ELEMENTARY SCHOOL DISTRICT;              )
ANDERSON UNION HIGH SCHOOL               )
DISTRICT; BELLA VISTA                    )
ELEMENTARY SCHOOL DISTRICT;              )
BLACK BUTTE UNION                        )
ELEMENTARY SCHOOL DISTRICT;              )
CASCADE UNION ELEMENTARY                 )
SCHOOL DISTRICT; CASTLE ROCK             )
UNION ELEMENTARY SCHOOL                  )
DISTRICT; COLUMBIA                       )
ELEMENTARY SCHOOL DISTRICT;              )
COTTONWOOD UNION                         )
ELEMENTARY SCHOOL DISTRICT;              )
ENTERPRISE ELEMENTARY                    )
SCHOOL DISTRICT; FALL RIVER              )
JOINT UNIFIED SCHOOL                     )
DISTRICT; FRENCH GULCH-                  )
WHISKEYTOWN ELEMENTARY                   )
SCHOOL DISTRICT; GATEWAY                 )
UNIFIED SCHOOL DISTRICT;                 )
GRANT ELEMENTARY SCHOOL                  )
DISTRICT; HAPPY VALLEY UNION             )
ELEMENTARY SCHOOL DISTRICT;              )
IGO, ONO, PLATINA UNION                  )
ELEMENTARY SCHOOL DISTRICT;              )
INDIAN SPRINGS ELEMENTARY                )

32
*MARTINEZ, et al. v. NEWSOM, et al., PLAINTIFF'S COMPLAINT*

SCHOOL DISTRICT; JUNCTION                    )
ELEMENTARY SCHOOL DISTRICT;                  )
MILLVILLE ELEMENTARY                         )
SCHOOL DISTRICT; MOUNTAIN                     )
UNION ELEMENTARY SCHOOL                       )
DISTRICT; MOUNTAIN VALLEY                     )
SPECIAL EDUCATION JPA; NORTH                  )
COW CREEK ELEMENTARY                          )
SCHOOL DISTRICT; OAK RUN                      )
ELEMENTARY SCHOOL DISTRICT;                   )
PACHECO UNION ELEMENTARY                      )
SCHOOL DISTRICT; REDDING                      )
ELEMENTARY SCHOOL DISTRICT;                   )
SHASTA UNION ELEMENTARY                       )
SCHOOL DISTRICT; SHASTA                       )
UNION HIGH SCHOOL DISTRICT;                   )
WHITMORE UNION ELEMENTARY                     )
SCHOOL DISTRICT; SIERRA-                      )
PLUMAS JOINT UNIFIED SCHOOL                   )
DISTRICT; WILLIAM (R) ROUSE                   )
ROP SCHOOL DISTRICT; BIG                      )
SPRINGS UNION ELEMENTARY                      )
SCHOOL DISTRICT; BOGUS                        )
ELEMENTARY SCHOOL DISTRICT;                   )
BUTTE VALLEY UNIFIED SCHOOL                   )
DISTRICT; BUTTEVILLE UNION                    )
ELEMENTARY SCHOOL DISTRICT;                   )
DELPHIC ELEMENTARY SCHOOL                     )
DISTRICT; DUNSMUIR                            )
ELEMENTARY SCHOOL DISTRICT;                   )
DUNSMUIR JOINT UNION HIGH                     )
SCHOOL DISTRICT; FORKS OF                     )
SALMON ELEMENTARY SCHOOL                      )
DISTRICT; GAZELLE UNION                       )
ELEMENTARY SCHOOL DISTRICT;                   )
GRENADA ELEMENTARY SCHOOL                     )
DISTRICT; HAPPY CAMP UNION                    )
ELEMENTARY SCHOOL DISTRICT;                   )

*MARTINEZ, et al. v. NEWSOM, et al., PLAINTIFF'S COMPLAINT*

**HORNBROOK ELEMENTARY )
SCHOOL DISTRICT; JUNCTION )
ELEMENTARY SCHOOL DISTRICT; )
KLAMATH RIVER UNION )
ELEMENTARY SCHOOL DISTRICT; )
LITTLE SHASTA ELEMENTARY )
SCHOOL DISTRICT; MCCLOUD )
UNION ELEMENTARY SCHOOL )
DISTRICT; MONTAGUE )
ELEMENTARY SCHOOL DISTRICT; )
MT. SHASTA UNION ELEMENTARY )
SCHOOL DISTRICT; SCOTT )
VALLEY UNIFIED SCHOOL )
DISTRICT; SEIAD ELEMENTARY )
SCHOOL DISTRICT; SISKIYOU )
UNION HIGH SCHOOL DISTRICT; )
WEED UNION ELEMENTARY )
SCHOOL DISTRICT; WILLOW )
CREEK ELEMENTARY SCHOOL )
DISTRICT; YREKA UNION )
ELEMENTARY SCHOOL DISTRICT; )
YREKA UNION HIGH SCHOOL )
DISTRICT; BENICIA UNIFIED )
SCHOOL DISTRICT; DIXON )
UNIFIED SCHOOL DISTRICT; )
FAIRFIELD-SUISUN UNIFIED )
SCHOOL DISTRICT; TRAVIS )
UNIFIED SCHOOL DISTRICT; )
VACAVILLE UNIFIED SCHOOL )
DISTRICT; VALLEJO CITY UNIFIED )
SCHOOL DISTRICT; ALEXANDER )
VALLEY UNION ELEMENTARY )
SCHOOL DISTRICT; BELLEVUE )
UNION SCHOOL DISTRICT; )
BENNETT VALLEY UNION )
ELEMENTARY SCHOOL DISTRICT; )
CINNABAR ELEMENTARY SCHOOL )
DISTRICT; CLOVERDALE UNIFIED )**

*MARTINEZ, et al. v. NEWSOM, et al., PLAINTIFF'S COMPLAINT*

SCHOOL DISTRICT; COTATI-
ROHNERT PARK UNIFIED SCHOOL
DISTRICT; DUNHAM
ELEMENTARY SCHOOL DISTRICT;
FORESTVILLE UNION
ELEMENTARY SCHOOL DISTRICT;
FORT ROSS ELEMENTARY
SCHOOL DISTRICT; GEYSERVILLE
UNIFIED SCHOOL DISTRICT;
GRAVENSTEIN UNION
ELEMENTARY SCHOOL DISTRICT;
GUERNEVILLE ELEMENTARY
SCHOOL DISTRICT; HARMONY
UNION ELEMENTARY SCHOOL
DISTRICT; HEALDSBURG UNIFIED
SCHOOL DISTRICT; HORICON
ELEMENTARY SCHOOL DISTRICT;
KASHIA ELEMENTARY SCHOOL
DISTRICT; KENWOOD SCHOOL
DISTRICT; LIBERTY ELEMENTARY
SCHOOL DISTRICT; MARK WEST
UNION ELEMENTARY SCHOOL
DISTRICT; MONTE RIO UNION
ELEMENTARY SCHOOL DISTRICT;
MONTGOMERY ELEMENTARY
SCHOOL DISTRICT; OAK GROVE
UNION ELEMENTARY SCHOOL
DISTRICT; OLD ADOBE UNION
SCHOOL DISTRICT; PETALUMA
CITY ELEMENTARY SCHOOL
DISTRICT; PETALUMA CITY
ELEMENTARY/JOINT UNION HIGH
SCHOOL DISTRICT; PETALUMA
JOINT UNION HIGH SCHOOL
DISTRICT; PINER-OLIVET UNION
ELEMENTARY SCHOOL DISTRICT;
RINCON VALLEY UNION
ELEMENTARY SCHOOL DISTRICT;                )

35

*MARTINEZ, et al. v. NEWSOM, et al., PLAINTIFF'S COMPLAINT*

1  ROSELAND SCHOOL DISTRICT;              )
2  SANTA ROSA CITY SCHOOLS;               )
   SANTA ROSA ELEMENTARY                  )
3  SCHOOL DISTRICT; SANTA ROSA            )
4  HIGH SCHOOL DISTRICT;                  )
   SEBASTOPOL UNION                       )
5  ELEMENTARY SCHOOL DISTRICT;            )
6  SONOMA VALLEY UNIFIED                  )
7  SCHOOL DISTRICT; TWIN HILLS            )
   UNION ELEMENTARY SCHOOL                )
8  DISTRICT; TWO ROCK UNION               )
9  SCHOOL DISTRICT; WAUGH                 )
   ELEMENTARY SCHOOL DISTRICT;            )
10 WEST SIDE UNION ELEMENTARY             )
11 SCHOOL DISTRICT; WEST                  )
   SONOMA COUNTY UNION HIGH               )
12 SCHOOL DISTRICT; WILMAR                )
13 UNION ELEMENTARY SCHOOL                )
14 DISTRICT; WINDSOR UNIFIED              )
   SCHOOL DISTRICT; WRIGHT                )
15 ELEMENTARY SCHOOL DISTRICT;            )
16 CERES UNIFIED SCHOOL                   )
   DISTRICT; CHATOM UNION                 )
17 SCHOOL DISTRICT; DENAIR                )
18 UNIFIED SCHOOL DISTRICT;               )
19 EMPIRE UNION ELEMENTARY                )
   SCHOOL DISTRICT; GRATTON               )
20 ELEMENTARY SCHOOL DISTRICT;            )
21 HART-RANSOM UNION                      )
   ELEMENTARY SCHOOL DISTRICT;            )
22 HICKMAN COMMUNITY CHARTER              )
23 SCHOOL DISTRICT; HUGHSON               )
   UNIFIED SCHOOL DISTRICT;               )
24 KEYES UNION SCHOOL DISTRICT;           )
25 KNIGHTS FERRY ELEMENTARY               )
   SCHOOL DISTRICT; MODESTO               )
26 CITY ELEMENTARY SCHOOL                 )
27 DISTRICT; MODESTO CITY HIGH            )
28

*MARTINEZ, et al. v. NEWSOM, et al., PLAINTIFF'S COMPLAINT*

SCHOOL DISTRICT; MODESTO )
CITY SCHOOLS; NEWMAN-CROWS )
LANDING UNIFIED SCHOOL )
DISTRICT; OAKDALE JOINT )
UNIFIED SCHOOL DISTRICT; )
PARADISE ELEMENTARY SCHOOL )
DISTRICT; PATTERSON JOINT )
UNIFIED SCHOOL DISTRICT; )
RIVERBANK UNIFIED SCHOOL )
DISTRICT; ROBERTS FERRY )
UNION ELEMENTARY SCHOOL )
DISTRICT; SALIDA UNION )
ELEMENTARY SCHOOL DISTRICT; )
SHILOH ELEMENTARY SCHOOL )
DISTRICT; STANISLAUS UNION )
ELEMENTARY SCHOOL DISTRICT; )
SYLVAN UNION ELEMENTARY )
SCHOOL DISTRICT; TURLOCK )
UNIFIED SCHOOL DISTRICT; )
VALLEY HOME JOINT )
ELEMENTARY SCHOOL DISTRICT; )
WATERFORD UNIFIED SCHOOL )
DISTRICT; BRITTAN ELEMENTARY )
SCHOOL DISTRICT; BROWNS )
ELEMENTARY SCHOOL DISTRICT; )
EAST NICOLAUS JOINT UNION )
HIGH SCHOOL DISTRICT; )
FRANKLIN ELEMENTARY SCHOOL )
DISTRICT; LIVE OAK UNIFIED )
SCHOOL DISTRICT; MARCUM- )
ILLINOIS UNION ELEMENTARY )
SCHOOL DISTRICT; MERIDIAN )
ELEMENTARY SCHOOL DISTRICT; )
NUESTRO ELEMENTARY SCHOOL )
DISTRICT; PLEASANT GROVE )
JOINT UNION SCHOOL DISTRICT; )
SUTTER UNION HIGH SCHOOL )
DISTRICT; WINSHIP-ROBBINS )

*MARTINEZ, et al. v. NEWSOM, et al., PLAINTIFF'S COMPLAINT*

SCHOOL DISTRICT; YUBA CITY        )
UNIFIED SCHOOL DISTRICT;          )
ANTELOPE ELEMENTARY               )
SCHOOL DISTRICT; CORNING          )
UNION ELEMENTARY SCHOOL           )
DISTRICT; CORNING UNION HIGH      )
SCHOOL DISTRICT; EVERGREEN        )
UNION SCHOOL DISTRICT;            )
FLOURNOY UNION ELEMENTARY         )
SCHOOL DISTRICT; GERBER           )
UNION ELEMENTARY SCHOOL           )
DISTRICT; KIRKWOOD                )
ELEMENTARY SCHOOL DISTRICT;       )
LASSEN VIEW UNION                 )
ELEMENTARY SCHOOL DISTRICT;       )
LOS MOLINOS UNIFIED SCHOOL        )
DISTRICT; RED BLUFF JOINT         )
UNION HIGH SCHOOL DISTRICT;       )
RED BLUFF UNION ELEMENTARY        )
SCHOOL DISTRICT; REEDS CREEK      )
ELEMENTARY SCHOOL DISTRICT;       )
RICHFIELD ELEMENTARY              )
SCHOOL DISTRICT; BURNT RANCH      )
ELEMENTARY SCHOOL DISTRICT;       )
COFFEE CREEK ELEMENTARY           )
SCHOOL DISTRICT; DOUGLAS          )
CITY ELEMENTARY SCHOOL            )
DISTRICT; JUNCTION CITY           )
ELEMENTARY SCHOOL DISTRICT;       )
LEWISTON ELEMENTARY SCHOOL        )
DISTRICT; MOUNTAIN VALLEY         )
UNIFIED SCHOOL DISTRICT;          )
SOUTHERN TRINITY JOINT            )
UNIFIED SCHOOL DISTRICT;          )
TRINITY ALPS UNIFIED SCHOOL       )
DISTRICT; TRINITY CENTER          )
ELEMENTARY SCHOOL DISTRICT;       )
ALLENSWORTH ELEMENTARY            )

*MARTINEZ, et al. v. NEWSOM, et al., PLAINTIFF'S COMPLAINT*

SCHOOL DISTRICT; ALPAUGH )
UNIFIED SCHOOL DISTRICT; ALTA )
VISTA ELEMENTARY SCHOOL )
DISTRICT; BUENA VISTA )
ELEMENTARY SCHOOL DISTRICT; )
BURTON ELEMENTARY SCHOOL )
DISTRICT; COLUMBINE )
ELEMENTARY SCHOOL DISTRICT; )
CUTLER-OROSI JOINT UNIFIED )
SCHOOL DISTRICT; DINUBA )
UNIFIED SCHOOL DISTRICT; )
DUCOR UNION ELEMENTARY )
SCHOOL DISTRICT; EARLIMART )
ELEMENTARY SCHOOL DISTRICT; )
EXETER UNIFIED SCHOOL )
DISTRICT; FARMERSVILLE )
UNIFIED SCHOOL DISTRICT; HOPE )
ELEMENTARY SCHOOL DISTRICT; )
HOT SPRINGS ELEMENTARY )
SCHOOL DISTRICT; KINGS RIVER )
UNION ELEMENTARY SCHOOL )
DISTRICT; LIBERTY ELEMENTARY )
SCHOOL DISTRICT; LINDSAY )
UNIFIED SCHOOL DISTRICT; )
MONSON-SULTANA JOINT UNION )
ELEMENTARY SCHOOL DISTRICT; )
OAK VALLEY UNION )
ELEMENTARY SCHOOL DISTRICT; )
OUTSIDE CREEK ELEMENTARY )
SCHOOL DISTRICT; PALO VERDE )
UNION ELEMENTARY SCHOOL )
DISTRICT; PIXLEY UNION )
ELEMENTARY SCHOOL DISTRICT; )
PLEASANT VIEW ELEMENTARY )
SCHOOL DISTRICT; PORTERVILLE )
UNIFIED SCHOOL DISTRICT; )
RICHGROVE ELEMENTARY )
SCHOOL DISTRICT; ROCKFORD )

39

*MARTINEZ, et al. v. NEWSOM, et al., PLAINTIFF'S COMPLAINT*

ELEMENTARY SCHOOL DISTRICT;                    )
SAUCELITO ELEMENTARY                           )
SCHOOL DISTRICT; SEQUOIA                       )
UNION ELEMENTARY SCHOOL                        )
DISTRICT; SPRINGVILLE UNION                    )
ELEMENTARY SCHOOL DISTRICT;                    )
STONE CORRAL ELEMENTARY                        )
SCHOOL DISTRICT; STRATHMORE                    )
UNION ELEMENTARY SCHOOL                        )
DISTRICT; SUNDALE UNION                        )
ELEMENTARY SCHOOL DISTRICT;                    )
SUNNYSIDE UNION ELEMENTARY                     )
SCHOOL DISTRICT; TERRA BELLA                   )
UNION ELEMENTARY SCHOOL                        )
DISTRICT; THREE RIVERS UNION                   )
ELEMENTARY SCHOOL DISTRICT;                    )
TIPTON ELEMENTARY SCHOOL                       )
DISTRICT; TRAVER JOINT                         )
ELEMENTARY SCHOOL DISTRICT;                    )
TULARE CITY SCHOOL DISTRICT;                   )
TULARE JOINT UNION HIGH                        )
SCHOOL DISTRICT; VISALIA                       )
UNIFIED SCHOOL DISTRICT;                       )
WAUKENA JOINT UNION                            )
ELEMENTARY; WOODLAKE                           )
UNIFIED SCHOOL DISTRICT;                       )
WOODVILLE UNION ELEMENTARY                     )
SCHOOL DISTRICT; BELLEVIEW                     )
ELEMENTARY SCHOOL DISTRICT;                    )
BIG OAK FLAT-GROVELAND                         )
UNIFIED SCHOOL DISTRICT;                       )
COLUMBIA UNION SCHOOL                          )
DISTRICT; CURTIS CREEK                         )
ELEMENTARY SCHOOL DISTRICT;                    )
JAMESTOWN ELEMENTARY                           )
SCHOOL DISTRICT; SONORA                        )
ELEMENTARY SCHOOL DISTRICT;                    )
SONORA UNION HIGH SCHOOL                       )

*MARTINEZ, et al. v. NEWSOM, et al., PLAINTIFF'S COMPLAINT*

DISTRICT; SOULSBYVILLE )
ELEMENTARY SCHOOL DISTRICT; )
SUMMERVILLE ELEMENTARY )
SCHOOL DISTRICT; )
SUMMERVILLE UNION HIGH )
SCHOOL DISTRICT; TWAIN HARTE )
SCHOOL DISTRICT; BRIGGS )
ELEMENTARY SCHOOL DISTRICT; )
CONEJO VALLEY UNIFIED )
SCHOOL DISTRICT; FILLMORE )
UNIFIED SCHOOL DISTRICT; )
HUENEME ELEMENTARY SCHOOL )
DISTRICT; MESA UNION )
ELEMENTARY SCHOOL DISTRICT; )
MOORPARK UNIFIED SCHOOL )
DISTRICT; MUPU ELEMENTARY )
SCHOOL DISTRICT; OAK PARK )
UNIFIED SCHOOL DISTRICT; )
OCEAN VIEW SCHOOL DISTRICT; )
OJAI UNIFIED SCHOOL DISTRICT; )
OXNARD SCHOOL DISTRICT; )
OXNARD UNION HIGH SCHOOL )
DISTRICT; PLEASANT VALLEY )
SCHOOL DISTRICT; RIO )
ELEMENTARY SCHOOL DISTRICT; )
SANTA CLARA ELEMENTARY )
SCHOOL DISTRICT; SANTA PAULA )
UNIFIED SCHOOL DISTRICT; SIMI )
VALLEY UNIFIED SCHOOL )
DISTRICT; SOMIS UNION SCHOOL )
DISTRICT; VENTURA UNIFIED )
SCHOOL DISTRICT; DAVIS JOINT )
UNIFIED SCHOOL DISTRICT; )
ESPARTO UNIFIED SCHOOL )
DISTRICT; WASHINGTON UNIFIED )
SCHOOL DISTRICT; WINTERS )
JOINT UNIFIED SCHOOL )
DISTRICT; WOODLAND JOINT )

*MARTINEZ, et al. v. NEWSOM, et al., PLAINTIFF'S COMPLAINT*

**UNIFIED SCHOOL DISTRICT;           )**
**CAMPTONVILLE ELEMENTARY      )**
**SCHOOL DISTRICT; MARYSVILLE    )**
**JOINT UNIFIED SCHOOL              )**
**DISTRICT; PLUMAS LAKE            )**
**ELEMENTARY SCHOOL DISTRICT;  )**
**WHEATLAND SCHOOL DISTRICT;  )**
**WHEATLAND UNION HIGH          )**
**SCHOOL DISTRICT**, as public entities  )
organized and existing pursuant to the laws  )
of the State of California and doing        )
business as public school districts,        )
                                            )
                  **Defendants.**            )
                                            )

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

**COME NOW** Plaintiffs Danielle Howard Martinez, D.P., K.P., T.W., LaShonda Hubbard and P.C., individually and on behalf of all others similarly situated, and for their Complaint For Declaratory Relief, Injunctive Relief, and Damages against the Defendants named herein, and allege as follows:

## JURISDICTION AND VENUE

1.     This Honorable Court has jurisdiction over this matter under 28 U.S.C. §1331 as this matter arises under the Constitution and laws of the United States, including but not limited to 20 U.S.C. §1400 *et seq*. and 42 U.S.C. §1983, and under 28 U.S.C. §1343 as this matter seeks to redress the deprivation, under color of state law, a right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.  This Honorable Court has the authority to hear class action suits under 28 U.S.C. §1332(d).

2.     Venue is appropriate in this Court under 28 U.S.C. §1391 because this is the District in which most of the Defendants maintain offices, exercise their authority in their official capacities, and will enforce their Orders, and because a substantial part of the events and omissions giving rise to the claims herein occurred in this judicial district.

3.     This Court has the authority to award the requested declaratory relief under 28 U.S.C. §2201(a).

4.     This Court has the authority to award the requested injunctive relief and damages under 28 U.S.C. §1343(a).

5.     This Court has the authority to award such further relief as the court deems appropriate under 28 U.S.C. §2202 and under 20 U.S.C. § 1415(i)(2)(C)(iii) ("the court... shall grant such relief as the court determines appropriate").

6.     This Court has the authority to award attorneys' fees and costs under 42 U.S.C. §1983, pursuant to 42 U.S.C. §1988, and under 20 U.S.C. § 1415(i)(3)(B).

## INTRODUCTION

7.     This case involves a group of California special needs students and their parents, who are representative of all special needs students and their parents in California and who have found their most fundamental rights under the Individuals with Disabilities Education Act, 20 U.S.C. §1400 *et seq.* (the "IDEA") and related statutes taken away by the State of California when the state reassigned them to distance learning / online learning without determining what changes needed to be made to their individualized education programs ("IEP") to account for the differences in distance learning compared to in-person instruction. The IEP is the lynchpin of the IDEA which ensures that students with special

needs are placed on an equal footing with their non-special needs peers. By transferring these students to distance learning without even learning what accommodations needed to be made for these students, they have been set up for failure and, thereby, denied a free appropriate public education, the cornerstone of the right to a basic minimum education.

8.   Now, these students face the loss of their basic minimum education for the 2020-2021 School Year because (1) Governor Newsom has not properly addressed the IDEA in his Executive Orders, (2) Defendants State Department of Education, State Board of Education, California Health and Human Services Agency, California Department of Public Health, California Governor Gavin Newsom, State Superintendent of Public Instruction and Director of Education Tony Thurmond, State Public Health Officer & Director of the California Department of Public Health Sonia Y. Angell mishandled and inadequately implemented the IDEA through their Covid-19 related guidances and regulations, and (3) the District Defendants chose not to comply with the IDEA, thrusting their responsibilities onto untrained parents.

9.   Plaintiffs seek declaratory and injunctive relief to require the Defendants to comply with the IDEA and receive the accommodations necessary to ensure that they do not lose another year of education in 2020-2021 as a result of the Defendants' failures, as well as catch-up assistance to compensate them for their loss of a basic minimum education for the end of the 2019-2020 School Year. Ultimately, they seek to be placed on the same footing as their non-special needs peers.

## CLASS ACTION ALLEGATIONS

10.   "Proposed Class" are an unknown number of students who are entitled to receive special education services from the District Defendants but

have been denied the services to which they are entitled under their IEPs because they have been assigned to distance-learning without any accommodations being made for the difficulties they face as a result of their disabilities.  The exact number and identity of these individuals is not known, but are believed to number approximately 800,000.  These students are spread throughout the District Defendants.  Each member of the Proposed Class has suffered deprivations of their rights that entail the identical questions of law being addressed herein by Plaintiffs, could legally make the same claims raised herein by Plaintiffs subject only to minor factual differences depending on the nature of their disabilities, and would face the same defenses expected to be raised herein.  Allowing these matters to be addressed as a class would adequately address the concerns and interests of all members of the Proposed Class, whereas requiring those matters to proceed separately could lead to inconsistent adjudications.  Plaintiffs are representative of the members of the Proposed Class and of the problems the members of the Proposed Class are having as a result of distance learning, and Plaintiffs' counsel has extensive experience in matters related to representing students with disabilities.  Thus, Plaintiffs can fairly and adequately protect the interests of the class and, if certified, Plaintiffs will move by separate motion under Rule 23 of the Federal Rules of Civil Procedure to certify this action as a class action to allow Plaintiffs to represent all members of the Proposed Class.

## THE PARTIES

11.    Plaintiff Danielle Howard Martinez ("Plaintiff Martinez") is *suis juris* and a resident of San Bernardino County.  She is the guardian of three children who all qualify for special needs education.  Plaintiff D.P. is her foster son.  Plaintiff K.P. is her foster daughter.  Plaintiff T.W. is her foster son.

12.    Plaintiff D.P., a minor, is a fifth-grade student at Falcon Ridge Elementary School within Etiwanda School District in San Bernardino County. D.P. is a special needs student.

13.    Plaintiff K.P., a minor, is a third-grade student at John L. Golden Elementary within Etiwanda School District in San Bernardino County.  K.P. is a special needs student.

14.    Plaintiff T.W., a minor, attends Los Osos High School within Chaffey Joint Union High School District in Rancho Cucamonga.   T.W. is a special needs student.

15.    Plaintiff Amber Wood is T.W.'s biological mother and holds educational rights for T.W.

16.    Plaintiff LaShonda Hubbard ("Plaintiff Hubbard") is *suis juris* and a resident of San Bernardino County.  She is the mother of Plaintiff P.C.

17.    Plaintiff P.C., a minor, is a tenth grader at Rancho Cucamonga High School within Chaffey Joint Union High School District.  P.C. is a special needs student.

18.    Defendant State of California is subject to the United States Constitution, Federal law, and its own Constitution and laws.

19.    Defendant Gavin Newsom ("Governor Newsom") is the Governor of the State of California and is vested by the California Constitution with the "supreme executive power of the state" and is charged with seeing "that the law is faithfully executed."   Cal. Const. Art. V, §1.   As such, he has the authority to issue Executive Orders to ensure that the law is faithfully executed.  Governor Newsom is sued in his official capacity for the issuance of various Executive Orders which have deprived the Plaintiffs of their rights under United States and California law.

20.    Defendant State Department of Education ("Department of Education") is the agency within the State of California which oversees public education.  It issued guidance which deprived the Plaintiffs of their rights under United States and California law.

21.    Defendant State Board of Education ("Board of Education") is the governing and policy-making body of the California Department of Education.  It issued guidance which deprived the Plaintiffs of their rights under United States and California law.

22.    Defendant Tony Thurmond ("Superintendent Thurmond") is the State Superintendent of Public Instruction and Director of Education, and is responsible for establishing the rules for special education in the State of California to ensure that all "eligible children with exceptional needs are given equal access to all child care and development programs."  *See* Education Code Title 1, Division 1, Part 6, Chapter 2, Article 9, Sec. 8250.  Superintendent Thurmond is sued in his official capacity for guidance he issued which has deprived Plaintiffs of their rights under United States and California law.

23.    Defendant California Health and Human Services Agency ("Health and Human Services Agency") is the agency within the State of California tasked with administration and oversight of state and federal programs for health care, social services, public assistance and rehabilitation.  It issued guidance which deprived the Plaintiffs of their rights under United States and California law.

24.    Defendant California Department of Public Health ("Department of Public Health") is a subdivision of the California Health and Human Services Agency and is the state department responsible for public health in California.  It issued guidance which deprived the Plaintiffs of their rights under United States and California law.

25.    Defendant Sonia Y. Angell, MD, MPH ("Director Angell") is the State Public Health Officer & Director of the California Department of Public Health.   She is sued in her official capacity for guidance she issued which has deprived Plaintiffs of their rights under United States and California law.

26.    California School Districts named in the caption, ("District Defendants" or "Districts") are sued for failing to comply with United States and California law and thereby depriving Plaintiffs of their rights.

27.    Each and every Defendant acted under color of state law with respect to all acts or omissions herein alleged.

## FACTS

28.    On March 4, 2020, Governor Newsom proclaimed a State of Emergency as a result of the Covid-19 virus.  *See* Exhibit A.

29.    On March 13, 2020, Governor Newsom issued Executive Order N-26-20 ("March 13, 2020 Executive Order") which allowed school districts to close and assign students to distance learning / online learning, and which required the Department of Education and the Health and Human Services Agency to "jointly develop and issue guidance by March 17, 2020" which would cover, among other things, the following topics:

> (i) Implementing distance learning strategies and addressing equity and access issues that may arise due to differential access to internet connectivity and technology;

> (ii) Ensuring students with disabilities receive a free and appropriate public education consistent with their individualized education program and meeting other procedural requirements under the Individuals with Disabilities Act and California law.

*See* Exhibit B.

30.　　On March 17, 2020, the California Department of Education, the State Board of Education, and the California Health and Human Services Agency issued the guidance required by the March 13, 2020 Executive Order ("March 17, 2020 CDE Guidance").　https://www.cde.ca.gov/ls/he/hn/strongertogether.asp. This Guidance included a section on ensuring a Free Appropriate Public Education ("FAPE") under the Individuals with Disabilities Education Act, 20 U.S.C. §1400 *et seq*. (the "IDEA").　In this section, the March 17, 2020 CDE Guidance encouraged, but did not require, the state's school districts, including each of the District Defendants, to:

> ●　　Work with each family and student to determine what FAPE looks like for each student and family during COVID-19. It may be different than the individualized education program (IEP) developed pre-COVID-19.

> ●　　Use the LEA model(s) for all students as the basis for establishing FAPE.

> ●　　Ensure children with disabilities are included in all offerings of school education models by using the IEP process to customize educational opportunities and provide supports when necessary.

> ●　　Use annual IEP to plan for traditional school year and while not required, it is suggested LEAs include distance learning plans or addendums to address distance learning needs during immediate or future school site closures.

*See* https://www.cde.ca.gov/ls/he/hn/strongertogether.asp.　This guidance applied to each of the District Defendants.

31.    Supplemental guidance was provided as well, on March 21, 2020, which also does not require that each students' needs be determined.  *See* Exhibit C.

32.    The District Defendants did not reassess special needs students.

33.    On March 19, 2020, Governor Newsom issued Executive Order N-33-20 ("March 19, 2020 Executive Order") which ordered all Californians to stay at home, effectively shutting down all schools in the state and effectively transferring all special needs students to distance learning / online learning for the remainder of the 2019-2020 School Year.  *See* Exhibit D.

34.    On May 4, 2020, Governor Newsom issued Executive Order N-60-20 ("May 4, 2020 Executive Order") reaffirming that all residents of California continue to obey the state public health directives and directed the Public Health Office to establish criteria for re-opening the state.  *See* Exhibit E.

35.    The 2019-2020 School Year ended in May 2020 plus an ESY (Summer School) session in June 2020.

36.    On July 17, 2020, Defendant California Health and Human Services Agency, through Defendant Department of Public Health, issued a framework for the reopening of in-person learning for K-12 schools in California ("July 17, 2020 DPH Guidance").  *See* Exhibit F.  Issued by State Public Health Officer & Director Sonia Y. Angell, MD, MPH, and titled:  "COVID-19 and Reopening In-Person Learning Framework for K-12 Schools in California, 2020-2021 School Year, July 17, 2020," the July 17, 2020 DPH Guidance provides, among other things:

> (1) California schools have been closed for in-person instruction since mid-March 2020 due to the COVID-19 pandemic.

(2) Schools and school districts may re-open for in-person instruction only if they are located in a local health jurisdiction which has not been on the county monitoring list within the prior 14 days.

(3) Waivers can be obtained for the 14 day requirement, but only by elementary schools.

(4) Schools are not required to close again if the local health jurisdiction is returned to the county monitoring list, but are required to close if 25% or more of the other schools in the district have closed.

No mention was made in this Guidance of Special Education students or their needs.

37.     Under the July 17, 2020 DPH Guidance, local health officers (district superintendents, private school principals, or executive directors of charter schools) could request waivers for elementary schools (K-6 only) for these requirements.     https://www.cdph.ca.gov/Programs/CID/DCDC/Pages/COVID-19/In-Person-Elementary-Waiver-Process.aspx     This has not resulted in the consistent opening of schools, nor has this tool been used to remedy the effect of closure on special needs students.  None of the Plaintiffs' schools has reopened.

38.     Compliance by California schools with the July 17, 2020 DPH guidance was made mandatory by the May 4, 2020 Executive Order.

39.     Under the plan created by the May 4, 2020 Executive Order and the July 17, 2020 DPH Guidance, most schools remain closed with special needs students continuing distance learning / online learning for the 2020-2021 School Year even though their IEPs have never been adjusted to account for the difficulties these students face in distance learning / online instruction as compared to in-person instruction as a result of their individual disabilities.

40.     Under this plan, as of July 30, 2020, Governor Newsom through the Department of Public Health has allowed school athletics to resume in-person. https://www.cdph.ca.gov/Programs/CID/DCDC/Pages/COVID-19/Youth-Sports-FAQ.aspx

41.     On August 14, 2020, Governor Newsom issued Executive Order N-73-20 ("August 14, 2020 Executive Order") related to broadband issues.  *See* Exhibit G.  This Order stated, among other things:

> **WHEREAS** the COVID-19 pandemic has caused schools to shift to distance learning;
>
> *        *        *
>
> **NOW, THEREFORE, I, GAVIN NEWSOM,** Governor of the State of California in accordance with the power  and authority vested in me by the Constitution and statutes of the State of California, do hereby issue this Order to become effective immediately.
>
> **IT IS HEREBY ORDERED THAT:**
>
> *        *        *
>
> 14. The California Department of Education is requested to continue leading statewide efforts to ensure that students have the computing devices and connectivity necessary for distance learning and online instruction.

42.     The same day, August 14, 2020, Governor Newsom released a press release ("August 14, 2020 Press Release") stating that schools would receive $5.3 billion to support learning during the pandemic and that he had issued the August

*MARTINEZ, et al. v. NEWSOM, et al., PLAINTIFF'S COMPLAINT*

14, 2020 Executive Order to direct state agencies to "bridge the digital divide."
Said Governor Newsom:

> Schools may be physically closed, but in California at least, class is still in session. While more work remains, districts across the state are in a far better position this semester to provide meaningful distance instruction to every child.
>
> In these challenging circumstances, our state has profound respect and gratitude for the parents and teachers who are doing all they can to make sure our students' educational and social-emotional needs are met.

*See* Exhibit H.

43. The August 14, 2020 Press Release further states:

> New statewide requirements have been enacted to ensure quality instruction through distance learning, including:
>
> • Access to devices and connectivity for all kids
>
> • Daily live interaction with teachers and other students
>
> • Challenging assignments equivalent to in-person classes
>
> • Adapted lessons for English-language learners and special education students

The "statewide requirements" to which the August 14, 2020 Press Release linked, however, were the July 17, 2020 DPH Guidance which makes no mention of special needs students.

44.    On August 25, 2020, the Department of Public Health issues Guidance for "Small Cohort."   This provides guidance for in-person child supervision and limited instruction, targeted support services, and facilitation of distance learning in small group environments for a specified subset of children, numbering 14 or fewer with no more than two supervising adults, stay together for all activities (e.g., meals, recreation, etc.), and avoid contact with people outside of their group in the setting.   This Guidance explicitly notes that it does not supersede **"**Guidance and directives related to schools, child care, day camps, youth sports, and institutions of higher education," and it has no operative provision allowing teaching in cohorts – it only describes the requirements for such teaching where it is allowed.   *See* Exhibit I.  This Guidance has not resulted in any of the Plaintiffs being allowed to return to in-person instruction.

45.    On August 28, 2020, Governor Newsom revised his school opening plan by eliminating the County Data Monitoring system, which was created by the July 12, 2020 DPH Guidance, and replacing it with a "Blueprint for a Safer Economy," which makes opening even harder as it designates almost every county in the state as having widespread Covid and it requires counties to step down through a tier system toward reopening.   https://covid19.ca.gov/safer-economy/   Only 19 counties currently are within the tiers where they can attempt reopening.  The others must first reach the "substantial" tier and stay there for two weeks.

46.    Plaintiff D.P. attends Falcon Ridge Elementary School within Etiwanda School District in San Bernardino County as a fifth grader.  Plaintiff D.P. is eligible for special education services because he has significant multiple developmental and communication challenges that include basic areas of self-care, communication of his needs, and response to his environment.  He has an

existing Individualized Education Program ("IEP") and has been attending a combination of special day class and mainstreaming in general education. His IEP goals include Letter Identification, Number Identification, Reading Comprehension, Focus and Attention, Motor Skills involving hand-over-hand tracing, Receptive and Expressive language, Intelligibility and Sound Production, and Communication Pragmatics.

47.     D.P. needs personal interaction with instructors and other students. Prior to the issue of Covid-19, psychologists determined that D.P. enjoys interacting with neuro-typical general education peers and the staff in the classroom and learns best through visual models and hands-on activities in addition to playing with musical instruments, listening to music, and dancing. He suffers severe delays in pragmatics communication, though he has been showing improvement from interacting with his general education peers in his partially mainstreamed academic setting as he benefits from imitating his age-typical peers. It also has been noted that D.P. requires the daily assistance of a staff member to guide him through an iPad app or computer program. He uses Classroom Assistive Technology and needs accommodations including a 1:1 aide for mainstreaming, and behavior support in the areas of attention, motivation, and transitions, as well as for frequent breaks. D.P. also receives occupational therapy services requiring hand-over-hand assistance, and he receives 1:1 assistance from an aide.

48.     D.P. has not been in a school environment since March 13, 2020 when Falcon Ridge Elementary School closed in response to the March 13, 2020 Executive Order.

49.     D.P. is now displaying regressive behaviors such as being distracted by nearby visuals, frequently spilling contents when opening containers, stomping

his feet when walking, and communicating by pointing or bringing an object to an adult rather than using his words.  He has tried numerous times to focus but cannot learn via an online format.

50.   At no point during the 2019-2020 School Year was D.P.'s IEP changed to reflect the differences between distance learning / online instruction and in-person instruction, and has not been changed since.

51.   Plaintiff D.P.'s parent, Plaintiff Martinez, was not contacted to provide input into any revision to D.P.'s IEP.

52.   No accommodations were offered to Plaintiff D.P. or Plaintiff Martinez to account for the difficulties Plaintiff faces in distance learning / online instruction as compared to in-person instruction as a result of D.P.'s disabilities.

53.   Plaintiff K.P. attends John L. Golden Elementary within Etiwanda School District in San Bernardino County.  Plaintiff K.P. is eligible for special education services with an eligibility of Intellectual Disability and Speech and Language impairment.  She has an existing IEP and receives academics, speech and language, or other services mandated by her IEP.  Her IEP includes goals in the areas of Phonics/Decoding Skills, Reading High-Frequency Words, Rote Counting to 100, Addition Skills, Visual Motor Skills, Learning to raise her hand at appropriate times, Speech and Language skills, and communication goals.

54.   K.P. has not been in a school environment since March 13, 2020 when John L. Golden Elementary closed in response to the March 13, 2020 Executive Order.

55.   K.P. needs personal interaction with instructors and other students. There has been no progress made toward any of her IEP goals for the last six months.  Without constant prompts and redirection, K.P. cannot remain on task; according to her educational records, she has a marked tendency toward

regression in her learning progress, and environmental reinforcements are unavailable during distance learning.  Her guardian has attempted to oversee K.P. along with her other two fosters in a distance learning setting, yet these attempts have repeatedly failed.

56.    Plaintiff K.P.'s IEP was not changed to reflect the differences between distance learning / online instruction and in-person instruction, and has not been changed since.

57.    Plaintiff K.P.'s parent, Plaintiff Martinez, was not contacted to provide input into any revision to K.P.'s IEP.

58.    No accommodations were offered to Plaintiff K.P. or Plaintiff Martinez to account for the difficulties Plaintiffs faces in distance learning / online instruction as compared to in-person instruction as a result of K.P.'s disabilities.

59.    Plaintiff T.W. attends Los Osos High School within Chaffey Joint Union High School District in Rancho Cucamonga.  Plaintiff T.W. is eligible for special education services with an eligibility of Multiple Disability and, secondarily, under Orthopedic Impairment, and currently is attending a Special Day Class program that operates within Los Osos High School.  T.W. has attended that program for the past three academic years, with inclusion in a few general education classes with 1:1 aide assistance.  T.W. has severe impairments with neurocognitive and motility differences due to neurological medical conditions, originating with his surgery at the age of two months to remove an intracranial tumor, wherein he received a shunt.  Three years ago, he suffered a stroke, as a result of a prolonged seizure, resulting in paralysis.  His seizures have been so significant they occasionally result in paralysis.  T.W. has episodes where he loses his balance and falls.  He has right hemiplegia, intellectual disability,

short-term memory loss, and is prescribed psychotropic medications to address his mood disorders. His challenges in development, communication, and behavior are pervasive and impede his education, including but not limited to the ability to adapt to new situations and develop rewarding or sustained interpersonal relationships with peers.

60. Plaintiff T.W. was sent home when Los Osos High School closed in response to the March 13, 2020 Executive Order and/or March 19 2020 Executive Order, and reassigned to distance learning / online learning.

61. T.W. needs the assistance of a 1:1 behavioral aide throughout the entire school day to assist with social skills and interactions with peers and teachers in the school environment. T.W. is overly sensitive and makes inappropriate conversation necessitating constant prompting and consistent monitoring and assistance during all parts of the school day, in the classroom, and in lunch and assemblies. T.W. needs a behavioral aide not only to model appropriate behavior, but to prompt him to remain focused and assist with academic, behavioral, and functional tasks and interactions. T.W. requires lines drawn on his papers and an aide to assist him with any item that requires a two handed grasp, as well as verbal reminders or prompts to stay on task. When T.W. is confused, he shuts down and refuses to comply. He needs physical therapy in additional to the occupational therapy he receives.

62. Plaintiff T.W.'s IEP was not changed to reflect the differences between distance learning / online instruction and in-person instruction, and has not been changed since.

63. Neither Plaintiff T.W.'s biological mother and educational rights holder, Plaintiff Wood, nor T.W.'s guardian, Plaintiff Martinez, was contacted to provide input into any revision to T.W.'s IEP.

64.    No accommodations were offered to Plaintiff T.W. or Plaintiff Martinez or Plaintiff Wood to account for the difficulties Plaintiff faced in distance learning / online instruction as compared to in-person instruction as a result of T.W.'s disabilities.

65.    It can be reasonably anticipated T.W. will experience a loss of a whole year's worth of academic and functional skills learning from home.

66.    Plaintiff Martinez has tried valiantly and genuinely to oversee the online learning of K.P., D.P. and T.W. yet she is untrained in special education, a true specialty.  She also is untrained in behavioral sciences, occupational therapy, physical therapy, and speech and language therapy.  She is overextended and has struggled with limited support, caring for more than one special needs child who need daily hands-on personal assistance to maintain focus and learn.  She made repeated attempts to secure a line of communication with K.P.'s school.  She shared her difficulties with the district when it addressed distance learning options on July 30 and at an Open House.  Yet, the distance learning program being offered to her has proven entirely inadequate.

67.    Plaintiff P.C. is a tenth grader at Rancho Cucamonga High School within Chaffey Joint Union High School District.  P.C. is eligible for special education services as a student with a Specific Learning Disability.  She presents behaviors of Inattention, Distraction, and Emotionality, crying easily, and her feelings are easily hurt.  P.C. is kind and polite, but that belies her sense of inadequacy: she has difficulty remembering learning previously taught lessons, overcoming her reading comprehension deficits, dealing with her learning difficulties with mathematical concepts and learning writing conventions, as well as difficulty in struggling alone with her lack of ability to focus and pay attention, thanks to her auditory processing deficits.

68.     P.C. has struggled tremendously to steadily attend her virtual school, remain focused on her online lessons, and complete the work necessary to address her goals in the areas of Reading Comprehension, Math Reasoning and Calculations, Work Completion, and Transition.  A settlement agreement with the school district placed P.C., during the 2019-2020 school year, into general education classes for 50% of the school day and 50% into the special day class or resource study skills classes so she would have the additional 1:1 support she needs. If school performance was challenging before the pandemic, requiring remedial assistance for at least half of the day in attaining academic goals, it has become an ever-increasing impossibility as more time passes and her work slips further and further behind.  No one at home can assist P.C. sufficiently to see that her work is completed, answer her questions, and see that she advocates for herself in getting the distance help she needs in a synchronous or asynchronous assignment.   Without an active and involved person at her side during the learning process, and without her peers to set the norms of give and take classroom dialogue, P.C. is a cypher in a cyber universe, a non-squeaky wheel who will simply be left to fail quietly in the corner.

69.     Plaintiff P.C. was sent home when Rancho Cucamonga High School closed in response to the March 13, 2020 Executive Order and/or March 19 2020 Executive Order, and reassigned to distance learning / online learning.

70.     At no point during the 2019-2020 School Year was P.C.'s IEP changed to reflect the differences between distance learning / online instruction and in-person instruction, and has not been changed since.

71.     Plaintiff P.C.'s parent, Plaintiff Hubbard, was not contacted to provide input into any revision to P.C.'s IEP.

72.    No accommodations were offered to Plaintiff P.C. or Plaintiff Hubbard to account for the difficulties Plaintiff faced in distance learning / online instruction as compared to in-person instruction as a result of P.C.'s disabilities.

73.    Plaintiff Hubbard has tried valiantly and genuinely to oversee the online learning of P.C. yet she is untrained in special education, a true specialty. She also is untrained in behavioral sciences, occupational therapy, physical therapy, and speech and language therapy.  The distance learning program being offered to her has proven entirely inadequate.

74.    Like the named Plaintiffs, each member of the Proposed Class is eligible for special needs services and either has or is entitled to an IEP.

75.    Like the named Plaintiffs, each member of the Proposed Class was transferred to distance learning / online instruction during the 2019-2020 School Year.

76.    None of the their IEPs were changed for the 2019-2020 School Year to reflect the differences vis-à-vis their disabilities between distance learning / online instruction and in-person instruction.  No accommodations were made for the 2019-2020 School Year to account for the difficulties they faced in distance learning / online instruction as compared to in-person instruction as a result of their disabilities.

77.    The 2020-2021 School Year began in August.

78.    Under current policy created by the Defendants, Plaintiffs, as well as each member of the Proposed Class, are to continue distance learning and online instruction for the 2020-2021 School Year until told otherwise.

79.    None of the Plaintiffs has had their IEP reassessed or any other accommodation made for the 2020-2021 School Year for the affect of their

disabilities on their ability to learn in a distance learning / online learning environment as compared to in-person instruction.

80.     Each member of the Proposed Class faces the same violations faced by the named Plaintiffs, including lack of noteworthy changes to their IEPs for the 2019-2020 and 2020-2021 School Years and lack of accommodation for the effect of distance learning / online instruction on their disabilities.

81.     Per a prior agreement with P.C.'s District, Chaffey Joint Union High School District was to fund a Lindamood Bell program to P.C.  Due to Covid-19 school closures, P.C. was unable to attend.  Now that Lindamood Bell services have resumed, however, the District refuses to provide make-up sessions for reading comprehension and math comprehension with Lindamood Bell.

82.     In June 2020, during an IEP meeting for Plaintiff P.C., the Special Education Advisor communicated to parent that online instruction was the same as in-person education.

83.     Plaintiffs' will provide expert testimony explaining how distance learning negatively affects the IEPs of the various Plaintiffs and other special needs students generally.

84.     Plaintiffs have been forced to retain private counsel to vindicate their rights in this matter.

85.     To satisfy the IDEA for the 2020-2021 School Year, the Defendants must either re-open the schools to the parents of those special need students whose children cannot obtain the education to which they are entitled in a distance-learning / online setting, or they must alternatively provide these students with accommodations and substitute services equivalent to the direct education services and supports to which they agreed in their IEPs, whether those

are provided by private educational agencies, NPA's or private professionals until such time as schools are reopened.

86.    Further, without the ability to conduct immediate, timely, valid reassessments, there should be a presumption of need in this regard that allows these students to obtain, at the defendants' expense, all of the DIS services listed in Exhibit J until such time as each student can be reassessed and their specific needs and required accommodations ascertained.

87.    With regard to the 2019-2020 School Year, there should be a presumption of regression entitling members of the Proposed Class to intensive makeup services including ESY and the DIS services listed in Exhibit J to catch these students up to where they should have been.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

88.    Plaintiffs are not required to further exhaust their administrative remedies prior to bringing this action.

89.    Judicial review under the IDEA is normally not available until all administrative proceedings are completed, but the exhaustion doctrine is subject to certain exceptions. *Hoeft v. Tucson Unified Sch. Dist.*, 967 F.2d 1298, 1302-02 (9th Cir. 1992).

90.    First, Plaintiffs have been told that the assessments required to trigger the OAH administrative process cannot be performed until schools reopen because they cannot be done online.  Similarly, the March 21, 2020 supplemental guidance suggests that the normal time requirements for completion of the evaluation process do not apply in circumstances such as the Covid-19 pandemic. *See* Exhibit C.    This prevents Plaintiffs from availing themselves of the administrative process until after the Governor chooses to grant the relief sought

herein, and/or lets Districts delay as long as desired.   In effect, <u>there are no remedies at the moment because of the very actions being challenged</u>.   Not to mention, with potentially 800,000 appeals needing to be processed by OAH, OAH will be incapable of providing the process it is meant to provide.   Also, standardized assessments are deemed illegitimate when done by zoom or other virtual means.   In essence students would need to wait until schools reopened to obtain new appropriate assessment which could then be appealed to OAH.

91.   Secondly, parents may bypass the administrative process where exhaustion of the process would be futile or where it would be inadequate. *Honig v. Doe*, 484 U.S. 305, 325 (1988) ("parents may bypass the administrative process where exhaustion would be futile or inadequate"); *Smith v. Robinson*, 468 U.S. 992, 1014, n.17 (1984); *Hoeft v. Tucson Unified Sch. Dist.*, 967 F.2d 1298, 1302-02 (9th Cir. 1992) (citing H.R.Rep. No. 296, 99th Cong., 1st Sess. 7 (1985)); *J.F. v San Diego County USD*, 19-CV-2495-CAL-LL, 4 (S.D. Cal. April 7, 2020).   An example of this is where it is improbable that adequate relief can be obtained by pursuing administrative remedies because, for example, the hearing officer lacks the authority to grant the relief sought. *Id.*

92.   Plaintiffs herein challenge various Executive Orders issued by the Governor and/or guidance and regulations issued by the agency heads as those Executive Orders and Guidances interfered with their existing IEPs and frustrated their rights to obtained the benefits of those IEPs through the change to the distance-learning setting ordered by the Governor and agency-level defendants.

93.   Challenging those matters administratively would be futile because the IEP teams have no power or authority to ignore or overturn Executive Orders or regulations or guidance.

94.     Moreover, California Education Code section 56505 has established a right to appeal the decision of a local school district (IEP team) to the California Office of Administrative Hearing, but the OAH has authority over the local agency only; it has no authority over the agency heads or the Governor whose actions caused the deprivations.  Thus, Plaintiffs could not challenge the matters that need to be challenged to repair the harm being done in this instance through OAH because the hearing officer lacks the authority to hear the matter.  That makes the administrative remedies futile.

95.     OAH could not issue an injunction against the Governor or the agencies who issues the Executive Orders and Guidances being challenged either because it lacks the power to issue an injunction.  Thus, even if the OAH agreed entirely with the Plaintiffs, Plaintiffs still would need to bring this matter to this Honorable Court to obtain the remedies to which they are ultimately entitled because the hearing officer lacks the authority to grant the relief sought.  That makes the administrative remedies inadequate.

96.     Further, time is critical for these Plaintiffs because the nature of their injury causes their injury to grow each day they don't receive a basic minimum education, and the time it would take to assemble an IEP team (which cannot be done in any event with schools closed), assess a particular plaintiff, issue a decision, appeal that decision to OAH and receive a futile decision allowing Plaintiffs to move to this Honorable Court to seek an effective remedy would cost each Plaintiff who tried their right to a basic minimum education for most or all of the 2020-2021 School Year, which injury cannot be made whole in any true sense as the student would lose a year of education and fall behind their peers, permanently changing their educational circumstances.  In effect, requiring exhaustion of administrative remedies would have the effect of permanently

injuring the Plaintiffs for the sake of a procedure that is both futile and inadequate to addressing the injuries the Defendants have caused and are causing.    To exhaust the available remedies would take:

> (1) The District would have up to 60 days from the date the parents sign the reassessment plan to complete any reassessment;
>
> (2) An IEP meeting could in theory be done in hours, but have historically taken between 2-3 months to schedule;
>
> (3) Once an OAH appeal is filed, OAH is required to issue a decision within 45 day, though through continuances, which are almost always granted, these decision typically take six months.  Due to Covid-19, OAH cases are taking even longer.

Even in an ideal world, this process would take 106 days, assuming instant action by Plaintiffs in preparing the appeal to OAH and no continuances granted, and would wipe out the first semester of the 2020-2021 School Year for the Plaintiffs. In the real world, particularly with 800,000 children needing reassessment, this will take well into the 2021-2022 School Year, assuming the system is not overwhelmed and backs up even worse and assuming assessments are actually begun without waiting for schools to re-open.

97.    *Hoeft* also held that an exception to the exhaustion doctrine is where "an agency has adopted a policy or pursued a practice of general applicability that is contrary to the law."  *Hoeft v. Tucson Unified Sch. Dist.*, 967 F.2d 1298, 1302-02 (9th Cir. 1992) (citing H.R.Rep. No. 296, 99th Cong., 1st Sess. 7 (1985)); *J.F. v San Diego County USD*, 19-CV-2495-CAL-LL, 4 (S.D. Cal. April 7, 2020). *Hoeft* held that for a policy or practice of general applicability to justify excepting exhaustion, the quality of the violations must be sufficiently serious and pervasive

to challenge the statutory goal or have the practical effect of denying the Plaintiffs a forum for their grievance or the challenged policies and practices must be enforced at the highest administrative level so their only meaningful remedy is through the courts.

98.    In this instance, the challenged policies come directly from the Governor of California, its highest administrative source, or agency heads directly beneath him.  Those policies have the effect of vitiating every existing IEP agreed to by the state, of eliminating the IDEA's guarantee that each IEP account for each individuals' circumstances during at least the 2020-2021 School Year just beginning.  That policy affects the abilities of IEP teams system-wide to offer required relief, creates disparate abilities for the few schools that may reopen, and effectively blocks the start of the administrative process in any event.

99.    Finally, as non-special needs students would not be required to engage in these administrative procedures to be allowed to challenge the same Executive Orders and Guidances, requiring special needs students to exhaust their remedies under the IDEA creates a unwarranted hurdle that would apply only to special needs students.

## **COUNT ONE**

## **REQUEST FOR DECLARATION, TEMPORARY RESTRAINING ORDER, AND PERMANENT INJUNCTION AGAINST GOVERNOR NEWSOM**

100.   Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 99 as though set forth fully here in.

101.   The State of California is subject to the United States Constitution, Federal law, and its own Constitution and laws.

102.    Governor Newsom, as Governor of the State of California, is vested by the California Constitution with the "supreme executive power of the state" and is charged with seeing "that the law is faithfully executed."  Cal. Const. Art. V, §1.  As such, he has the authority to issue Executive Orders to ensure that the law is faithfully executed.

103.    On March 4, 2020, Governor Newsom proclaimed a State of Emergency as a result of the Covid-19 virus.  *See* Exhibit A.

104.    On March 13, 2020, Governor Newsom issued the March 13, 2020 Executive Order, allowing school districts to close and assign students to distance learning / online learning.  *See* Exhibit B.

105.    Such an Order, with nothing more, would violate the IDEA because it would interfere with the existing IEPs of special needs students by placing them into a setting where they could no longer receive services necessarily provided in-person such as hand-over-hand guidance, having lessons drawn for them on paper or pointed to by hand on computers, physically being shown proper behaviors, physical therapy and the such, and would thereby deprive them of a FAPE.

106.    It would also violate the IDEA's stay-put procedures.  "The purpose of the stay-put provision is to prevent school districts from 'effecting unilateral change in a child's educational program.'"  *Erickson v. Albuquerque Public Schools*, 199 F.3d 1116, 1121 (10th Cir. 1999) (quoting *Susquenita Sch. Dist. v. Raelee S.*, 96 F.3d 78, 83 (3d Cir. 1996)).  The Ninth Circuit has defined "placement" as the child's last implemented IEP.  *N.E. ex rel. C.E. & P.E. v. Seattle Sch. Dist.*, 842 F.3d 1093, 1096 (9th Cir. 2016).  And a change in placement occurs "when there is a significant change in the student's program." *N.D. v. Haw. Dep't of Educ.*, 600 F.3d 1104, 1116 (9th Cir. 2010); *Erickson v. Albuquerque Public Schools*, 199 F.3d 1116, 1121 (10th Cir. 1999).  Taking a

student who requires constant in-person supervision, to be physically shown proper behaviors, to be instructed hand-over-hand, to have lessons drawn for them on paper or an instructor leading them through computer lessons by pointing suddenly or other in-person instruction and sending them to remote learning where none of those services is available would be a prime example of a change in educational placement.

107.    In an attempt to avoid this violation, the March 13, 2020 Executive Order also ordered Defendants Department of Education and Health and Human Services Agency to "jointly develop and issue guidance by March 17, 2020" which would implement distance learning while "[e]nsuring students with disabilities receive a free and appropriate public education consistent with their individualized education program and meeting other procedural requirements under the Individuals with Disabilities Act and California law." *See* Exhibit B.

108.    That guidance was issued on March 17, 2020 by Defendants Department of Education, State Board of Education, and Health and Human Services Agency.  The March 17, 2020 CDE Guidance encouraged, but did not require, the state's school districts, including each of the District Defendants, to:

> ● Work with each family and student to determine what FAPE looks like for each student and family during COVID-19. It may be different than the individualized education program (IEP) developed pre-COVID-19.

> ● Use the LEA model(s) for all students as the basis for establishing FAPE.

> ● Ensure children with disabilities are included in all offerings of school education models by using the IEP process to customize educational opportunities and provide supports when necessary.

- Use annual IEP to plan for traditional school year and while not required, it is suggested LEAs include distance learning plans or addendums to address distance learning needs during immediate or future school site closures.

*See* Exhibit https://www.cde.ca.gov/ls/he/hn/strongertogether.asp; Exhibit C.

109.   The Defendant Districts did not reassess special needs students.

110.   Plaintiff D.P. had an IEP.

111.   Plaintiff D.P. was sent home on or around March 13, 2020 when Falcon Ridge Elementary School closed in response to the March 13, 2020 Executive Order, and reassigned to distance learning / online learning.

112.   At no point during the 2019-2020 School Year was D.P.'s IEP changed to reflect the differences between distance learning / online instruction and in-person instruction, and has not been changed since.

113.   Plaintiff D.P.'s parent, Plaintiff Martinez, was not contacted to provide input into any revision to D.P.'s IEP.

114.   No accommodations were offered to Plaintiff D.P. or Plaintiff Martinez to account for the difficulties Plaintiffs faces in distance learning / online instruction as compared to in-person instruction as a result of D.P.'s disabilities.

115.   Plaintiff K.P. had an IEP.

116.   Plaintiff K.P. was sent home on or around March 13, 2020 when John L. Golden Elementary closed in response to the March 13, 2020 Executive Order, and reassigned to distance learning / online learning.

117.   At no point during the 2019-2020 School Year was K.P.'s IEP changed to reflect the differences between distance learning / online instruction and in-person instruction, and has not been changed since.

118. Plaintiff K.P.'s parent, Plaintiff Martinez, was not contacted to provide input into any revision to K.P.'s IEP.

119. No accommodations were offered to Plaintiff K.P. or Plaintiff Martinez to account for the difficulties Plaintiffs faces in distance learning / online instruction as compared to in-person instruction as a result of K.P.'s disabilities.

120. Plaintiff T.W. had an IEP.

121. Plaintiff T.W. was sent home when Los Osos High School closed in response to the March 13, 2020 Executive Order and/or March 19 2020 Executive Order, and reassigned to distance learning / online learning.

122. At no point during the 2019-2020 School Year was T.W.'s IEP changed to reflect the differences between distance learning / online instruction and in-person instruction, and has not been changed since.

123. Neither Plaintiff T.W.'s biological mother and educational rights holder, Plaintiff Wood, nor T.W.'s guardian, Plaintiff Martinez, was contacted to provide input into any revision to T.W.'s IEP.

124. No accommodations were offered to Plaintiff T.W. or Plaintiff Martinez to account for the difficulties Plaintiff faces in distance learning / online instruction as compared to in-person instruction as a result of T.W.'s disabilities.

125. Plaintiff P.C. had an IEP.

126. Plaintiff P.C. was sent home when Rancho Cucamonga High School closed in response to the March 13, 2020 Executive Order and/or March 19 2020 Executive Order, and reassigned to distance learning / online learning.

127. At no point during the 2019-2020 School Year was P.C.'s IEP changed to reflect the differences between distance learning / online instruction and in-person instruction, and has not been changed since.

128.   Plaintiff P.C.'s parent, Plaintiff Hubbard, was not contacted to provide input into any revision to P.C.'s IEP.

129.   No accommodations were offered to Plaintiff P.C. or Plaintiff Hubbard to account for the difficulties Plaintiff faces in distance learning / online instruction as compared to in-person instruction as a result of P.C.'s disabilities.

130.   The same is true for each member of the Proposed Class, including having an IEP, being sent home in response to the March 13, 2020 Executive Order or the March 19, 2020 Executive Order, being reassigned to distance learning / online instruction, being reassigned to distance learning / online instruction without any changes being made to their IEP or any accommodations being made for the disabilities they would face in distance learning / online instruction as compared to in-person instruction.

131.   On March 19, 2020, Governor Newsom issued the March 19, 2020 Executive Order ordering all Californians to stay at home (*see* Exhibit D), effectively shutting down all schools in the state and effectively transferring all special needs students to distance learning / online learning for the remainder of the 2019-2020 School Year.

132.   On May 4, 2020, Governor Newsom issued the May 4, 2020 Executive Order reaffirming that all residents of California continue to obey the state public health directives and directing Defendant State Public Health Office to establish criteria for re-opening the state.  *See* Exhibit E.

133.   The 2019-2020 School Year ended in May 2020 plus an ESY (Summer School) session in June 2020.

134.   On July 17, 2020, Defendant California Health and Human Services Agency, through Defendant Department of Public Health, issued the July 17, 2020 DPH Guidance.  Issued by Director Angell, this provided a framework for

the reopening of in-person learning for K-12 schools in California. *See* Exhibit F. This guidance required schools to remain closed until certain countywide medical conditions had been achieved. It made no mention of any exception or change for special education students.

135.   Compliance by California schools with the July 17, 2020 DPH Guidance was made mandatory by the May 4, 2020 Executive Order.

136.   Under this plan, created by the May 4, 2020 Executive Order and the July 17, 2020 DPH Guidance, most schools remain closed with special needs students continuing distance learning / online learning for the 2020-2021 School Year even though their IEPs have never been adjusted to account for the difficulties these students face in distance learning / online instruction as compared to in-person instruction as a result of their individual disabilities.

137.   Under this plan, Governor Newsom has allowed school athletics to resume in-person.

138.   Changes were made to the July 17, 2020 DPH Guidance, but none has alleviated the issues complained of herein.

139.   The 2020-2021 School Year began in August.

140.   Neither Plaintiff D.P. nor Plaintiff K.P. nor Plaintiff T.W. nor Plaintiff P.C. nor any other member of the Proposed Class has had their IEP reassessed or any other accommodation made for the effect of their disabilities on their ability to learn in a distance learning / online learning environment.

141.   The May 4, 2020 Executive Order violates the Individuals with Disabilities Education Act, 20 U.S.C. §§1400-1487 (the "IDEA").

142.   Under the IDEA, students with disabilities are entitled to a free appropriate public education (a "FAPE"). *See* 20 U.S.C. § 1400(d)(1)(A)); 20 U.S.C. § 1400 *et. seq.*; 34 C.F.R. § 300.1 (2006) *et seq.* According to the United

States Supreme Court, to ensure that a disabled student receives a FAPE, the school district must "tailor [] to the unique needs of the handicapped child by means of an 'individual educational program' (IEP)." *Hendrick Hudson Cent. Sch. Dist. Bd. of Educ.* v. *Rowley*, 458 U.S. 176, 181 (1982) (quoting 20 U.S.C. § 1401(18)); *M.C. v. Antelope Valley Union High Sch. Dist.*, No. 14-56344, slip op. at 5 (9th Cir. 2017); 20 U.S.C. §§ 1401(14), 1414(d)(1)(A).   An IEP is individually designed to provide educational benefit through an IEP reasonably calculated to enable a child to make progress appropriate in light of the child's circumstances. *Rowley*, 458 U.S. at 201-204.

143.   Parents and school personnel develop an IEP for an eligible student based upon state law and the IDEA.  20 U.S.C. §§ 1401(14), 1414(d)(1).  The United States Supreme Court has recognized that parental participation in the development of an IEP is the cornerstone of the IDEA.  *Winkleman v. Parma City School Dist.*, 550 U.S. 516, 524, 127 S.Ct. 1994, 167 L.Ed.2d 904 (2007).  The informed involvement of parents is central to the IEP process:  "Among the most important procedural safeguards are those that protect the parents' right to be involved in the development of their child's educational plan." *Amanda J.* v. *Clark Cty. Sch. Dist.*, 267 F.3d 877, 892 (9th Cir. 2001) ("[p]rocedural violations that interfere with parental participation in the IEP formulation process undermine the very essence of the IDEA"); *W.G. v. Board of Trustees of Target Range School Dist. No. 23*,960 F.2d 1479, 1483-1484 (9th Cir. 1992).

144.   A local educational agency's predetermination of an IEP seriously infringes on parental rights.  The IEP team must consider the concerns of the parent for enhancing the student's education and information on the student's needs provided to or by the parent.  20 U.S.C. § 1414(d)(3)(A) (ii) and (d)(4)(A)(iii).

145.   None of that has happened here.

146.   Plaintiffs' IEPs were violated when the March 13, 2020 Executive Order or the March 19, 2020 Executive Order resulted in reassigning them to distance learning because they no longer received the specific services they were to receive which could only be provided in-person and no accommodations were made for their new circumstances.

147.   The May 4, 2020 Executive Order requires Plaintiffs to continue distance learning / online learning for the 2020-2021 School Year without requiring that their IEPs be reassessed.

148.   Reassigning the Plaintiffs to distance learning / online learning without reassessing their IEPs violates the IDEA because it alters the conditions of their individual IEPs, many of which contain provisions that cannot be obtained by a reassignment to distance learning without special accommodation.

149.   These items will be identified by expert testimony.

150.   Even if the Districts have done some undisclosed reassessments, such reassessments violated the procedural safeguards of the IDEA by excluding parental participation and with local educational agencies predetermining the outcomes.

151.   The Plaintiffs each have struggled in the distance-learning environment and are expected to continue struggling by being made to continue distance-learning without accommodation to the point that they are being denied a FAPE for the 2020-2021 School Year, costing them their right to a basic minimum education as defined by Congress through the IDEA.

152.   This violates the IDEA.

153.   The IDEA may be enforced through 42 U.S.C. §1983, which creates a private right of action against officials acting under color of state law who

deprive a person of their federal rights. *Smith v. Guilford Bd. Of Educ.*, 226 Fed. Appx. 58 (2d Cir. 2007) ("[i]t is well-settled that, while the IDEA itself does not provide for monetary damages, plaintiffs may sue pursuant to [Section 1983] to enforce its provisions – including the right to a FAPE – and to obtain damages for violations of such provisions.").

154.   Further, because the May 4, 2020 Executive Order discriminates against children with disabilities, as compared to children without disabilities, as it deprives them of a basic minimum education which it does not do to children without disabilities, the May 4 Executive Order likewise violations of Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. §794 as amended), which prohibits discrimination against any person who has a disability on any federally-funded "program or activity." 42 U.S.C. §12131-12132.   Section 504 of the Rehabilitation Act of 1973 protects public school children who have disabilities. And it is a violation of Title II of the Americans with Disabilities Act of 1990 ("ADA")); 29 U.S.C. § 794, *et seq.*

155.   It is also a violation of the Due Process Clause of the Fourteenth Amendment, which provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend XIV. This protects "fundamental rights and liberties," such as the right to a basic minimum education, which right has been defined by Congress through the IDEA, which the May 4, 2020 Executive Order eliminates without reason or rational basis.

156.   The four-part balancing test enunciate by the Supreme Court in *Winter v. Natural Resources Defense Council*, 555 U.S. 7 (2008) weighs in favor of Plaintiffs' request for an injunction:

> (i)     Plaintiffs have a high likelihood of success on the merits in this matter for the reasons outlined above,

specifically the continuing violation of the IDEA which will deprive the Plaintiffs of a FAPE for the 2020-2021 School Year.

(ii)    Irreparable harm will occur if the Plaintiffs' request for an injunction is not granted as Plaintiffs will not receive a basic minimum education for the 2020-2021 School Year, which is a real and immediate threat of future injury to the Plaintiffs because they are losing and will continue to lose a valuable formative year and will fall further behind their peers, which injury cannot be made whole through compensation. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 107 n.8 (1983).

(iii)    The interests at stake here weigh in favor of Plaintiffs as Congress has already declared a basic minimum education to be a fundamental right through the IDEA and as this matter could needlessly injure 800,000 children and their parents if an injunction is denied, whereas granting the injunction only requires Governor Newsom either to open the schools to these children, as he has already done for student athletes, or to order the Defendant Districts to do what they are already required to do under Federal and State law, as Governor Newsome himself suggested they do in the March 17, 2020 CDE Guidance.

(iv)    Ensuring that California's 800,000 special needs students receive the basic minimum education to which they are entitled is in the public interest, especially where safe alternatives are available to achieve the Governor's goals.

**WHEREFORE,** Plaintiffs respectfully request:

(1) That this Honorable Court, in accordance with its authority under 28 U.S.C. §2201(a), issue an Order Declaring that the May 4, 2020 Executive Order denies

Plaintiffs and the other members of the Proposed Class a basic minimum education because it violates the IDEA by altering the conditions of their individual IEPs by reassigning the Plaintiffs to distance learning / online learning without requiring that accommodations be made to account for the effect of their disabilities on their ability to learn in a distance learning / online learning environment to ensure they will substantively receive the same services to which they were entitled under the IEP; and

(2) That this Honorable Court, in accordance with its authority under 28 U.S.C. §1343(a), further Order that a Temporary Restraining Order be issued, followed by a Permanent Injunction, enjoying Governor Newsom from assigning special needs students to distance learning / online learning until his May 4, 2020 Executive Order is modified to eliminate the violations of the IDEA outlined herein; and

(3) That this Honorable Court, in accordance with its authority under 28 U.S.C. §2202 and under 20 U.S.C. § 1415(i)(2)(C)(iii), further Order that Plaintiffs and the members of the Proposed Class are entitled to the services identified in Exhibit J until such time as appropriate accommodations are made for each or they are returned to in-person instruction; and

(4) That this Honorable Court, in accordance with the provisions of 42 U.S.C. §1988 and/or 20 U.S.C. § 1415(i)(3)(B), Order that Plaintiffs be awarded reimbursement for the attorneys fees and costs they incurred in seeking the vindication of their rights herein.

## COUNT TWO

### REQUEST FOR DECLARATION, TEMPORARY RESTRAINING ORDER, AND PERMANENT INJUNCTION AGAINST DEFENDANTS DEPARTMENT OF EDUCATION, BOARD OF EDUCATION,

*MARTINEZ, et al. v. NEWSOM, et al., PLAINTIFF'S COMPLAINT*

## SUPERINTENDENT THURMOND, HEALTH AND HUMAN SERVICES AGENCY, DEPARTMENT OF PUBLIC HEALTH, AND DIRECTOR ANGELL

157.   Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 99 as though set forth fully here in.

158.   The State of California is subject to the United States Constitution, Federal law, and its own Constitution and laws.

159.   Governor Newsom, as Governor of the State of California, is vested by the California Constitution with the "supreme executive power of the state" and is charged with seeing "that the law is faithfully executed."  Cal. Const. Art. V, §1.  As such, he has the authority to issue Executive Orders to ensure that the law is faithfully executed.

160.   Defendant Department of Education is the agency within the State of California which oversees public education and is responsible for ensuring that California schools and districts follow the law, including but not limited to the IDEA, Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. §794 as amended), and Title II of the Americans with Disabilities Act of 1990 ("ADA")); 29 U.S.C. § 794, *et seq.*

161.   Defendant Board of Education is the governing and policy-making body of the Department of Education.

162.   Superintendent Thurmond is the State Superintendent of Public Instruction and Director of Education, and is responsible for establishing the rules for special education in the State of California to ensure that all "eligible children with exceptional needs are given equal access to all child care and development programs."  California Education Code Title 1, Division 1, Part 6, Chapter 2, Article 9, Sec. 8250.

163.   The Department of Education has a Special Education Division which oversees the District Defendants in their handling of special education issues and has the authority to investigate complaints against Districts.

164.   Defendant Health and Human Services Agency is the agency within the State of California tasked with administration and oversight of state and federal programs for health care, social services, public assistance and rehabilitation.

165.   Defendant Department of Public Health is the subdivision of the Health and Human Services Agency responsible for public health in California.

166.   Director Angell is the State Public Health Officer & Director of the Department of Public Health.

167.   On March 4, 2020, Governor Newsom proclaimed a State of Emergency as a result of the Covid-19 virus.  *See* Exhibit A.

168.   On March 13, 2020, Governor Newsom issued the March 13, 2020 Executive Order, allowing school districts to close and assign students to distance learning / online learning.   The Governor specifically ordered Defendants Department of Education and Health and Human Services Agency to "jointly develop and issue guidance by March 17, 2020" which would implement distance learning while "[e]nsuring students with disabilities receive a free and appropriate public education consistent with their individualized education program and meeting other procedural requirements under the Individuals with Disabilities Act and California law."  *See* Exhibit B.

169.   Defendants Department of Education, State Board of Education, and Health and Human Services Agency issued that guidance on March 17, 2020. The March 17, 2020 CDE Guidance encouraged, but did not require, the state's school districts, including each of the District Defendants, to:

- Work with each family and student to determine what FAPE looks like for each student and family during COVID-19. It may be different than the individualized education program (IEP) developed pre-COVID-19.

- Use the LEA model(s) for all students as the basis for establishing FAPE.

- Ensure children with disabilities are included in all offerings of school education models by using the IEP process to customize educational opportunities and provide supports when necessary.

- Use annual IEP to plan for traditional school year and while not required, it is suggested LEAs include distance learning plans or addendums to address distance learning needs during immediate or future school site closures.

*See* https://www.cde.ca.gov/ls/he/hn/strongertogether.asp; Exhibit C.

170. This left the decision of whether or not to reassess students to the Defendant Districts.

171. The Defendant Districts did not reassess special needs students.

172. The Defendants were aware or should have been aware of this.

173. Plaintiff D.P. had an IEP.

174. Plaintiff D.P. was sent home on or around March 13, 2020 when Falcon Ridge Elementary School closed in response to the March 13, 2020 Executive Order, and reassigned to distance learning / online learning.

175. At no point during the 2019-2020 School Year was D.P.'s IEP changed to reflect the differences between distance learning / online instruction and in-person instruction, and has not been changed since.

176. Plaintiff D.P.'s parent, Plaintiff Martinez, was not contacted to provide input into any revision to D.P.'s IEP.

177. No accommodations were offered to Plaintiff D.P. or Plaintiff Martinez to account for the difficulties Plaintiffs faces in distance learning / online instruction as compared to in-person instruction as a result of D.P.'s disabilities.

178. Plaintiff K.P. had an IEP.

179. Plaintiff K.P. was sent home on or around March 13, 2020 when John L. Golden Elementary closed in response to the March 13, 2020 Executive Order, and reassigned to distance learning / online learning.

180. Plaintiff K.P. was sent home on or around March 13, 2020 when John L. Golden Elementary closed in response to the March 13, 2020 Executive Order, and reassigned to distance learning / online learning.

181. At no point during the 2019-2020 School Year was K.P.'s IEP changed to reflect the differences between distance learning / online instruction and in-person instruction, and has not been changed since.

182. Plaintiff K.P.'s parent, Plaintiff Martinez, was not contacted to provide input into any revision to K.P.'s IEP.

183. No accommodations were offered to Plaintiff K.P. or Plaintiff Martinez to account for the difficulties Plaintiffs faces in distance learning / online instruction as compared to in-person instruction as a result of K.P.'s disabilities.

184. Plaintiff T.W. had an IEP.

185. Plaintiff T.W. was sent home when Los Osos High School closed in response to the March 13, 2020 Executive Order and/or March 19 2020 Executive Order, and reassigned to distance learning / online learning.

186.  At no point during the 2019-2020 School Year was T.W.'s IEP changed to reflect the differences between distance learning / online instruction and in-person instruction, and has not been changed since.

187.  Neither Plaintiff T.W.'s biological mother and educational rights holder, Plaintiff Wood, nor T.W.'s guardian, Plaintiff Martinez, was contacted to provide input into any revision to T.W.'s IEP.

188.  No accommodations were offered to Plaintiff T.W. or Plaintiffs Martinez or Wood to account for the difficulties Plaintiff faces in distance learning / online instruction as compared to in-person instruction as a result of T.W.'s disabilities.

189.  Plaintiff P.C. had an IEP.

190.  Plaintiff P.C. was sent home when Rancho Cucamonga High School closed in response to the March 13, 2020 Executive Order and/or March 19 2020 Executive Order, and reassigned to distance learning / online learning.

191.  At no point during the 2019-2020 School Year was P.C.'s IEP changed to reflect the differences between distance learning / online instruction and in-person instruction, and has not been changed since.

192.  Plaintiff P.C.'s parent, Plaintiff Hubbard, was not contacted to provide input into any revision to P.C.'s IEP.

193.  No accommodations were offered to Plaintiff P.C. or Plaintiff Hubbard to account for the difficulties Plaintiff faces in distance learning / online instruction as compared to in-person instruction as a result of P.C.'s disabilities.

194.  The same is true for each member of the Proposed Class, including having an IEP, being sent home in response to the March 13, 2020 Executive Order or the March 19, 2020 Executive Order, being reassigned to distance learning / online instruction, being reassigned to distance learning / online

*MARTINEZ, et al. v. NEWSOM, et al., PLAINTIFF'S COMPLAINT*

instruction without any changes being made to their IEP or any accommodations being made for the disabilities they would face in distance learning / online instruction as compared to in-person instruction.

195.   On May 4, 2020, Governor Newsom issued the May 4, 2020 Executive Order reaffirming that all residents of California continue to obey the state public health directives and directing Defendant State Public Health Office to establish criteria for re-opening the state.  *See* Exhibit E.

196.   On July 17, 2020, Defendant California Health and Human Services Agency, through Defendant Department of Public Health, issued the July 12, 2020 DPH Guidance.  This Guidance was issued by Director Angell and provided a framework for the reopening of in-person learning for K-12 schools in California.  *See* Exhibit F.  This Guidance required schools to remain closed until certain county-wide medical conditions had been achieved.  However, it made no mention of any exception for special needs students nor did it require any reassessment of special needs students even though the Defendant Districts had not conducted reassessments as previously recommended.

197.   The 2020-2021 School Year began in August.

198.   Under this plan, created by the May 4, 2020 Executive Order and the July 17, 2020 DPH Guidance, most schools remain closed with special needs students continuing distance learning / online learning for the 2020-2021 School Year even though their IEPs have never been adjusted to account for the difficulties these students face in distance learning / online instruction as compared to in-person instruction as a result of their individual disabilities.

199.   Changes were made to the July 17, 2020 DPH Guidance, but none has alleviate the issues complained of herein.

200.   Neither Plaintiff D.P. nor Plaintiff K.P. nor Plaintiff T.W. nor Plaintiff P.C. nor any other member of the Proposed Class has had their IEP reassessed or any other accommodation made for the effect of their disabilities on their ability to learn in a distance learning / online learning environment.

201.   The March 13, 2020 Executive Order or the March 19, 2020 Executive Order resulted in reassigning Plaintiffs to distance learning, and the May 4, 2020 Executive Order continued it.  The March 19, 2020 Executive Order instructed the Defendants to issue guidance implementing distance learning in such a way that it protects the IDEA rights of students with disabilities.  The March 17, 2020 CDE Guidance, however, failed to require the District Defendants to follow the IDEA, making this only a recommendation, and the July 17, 2020 DPH Guidance failed to correct failure this even after the actions of the Defendant Districts cost the Plaintiffs (and other members of the Proposed Class) their FAPE for the end of the 2019-2020 School Year.

202.   Assigning the Plaintiffs to distance learning without requiring an accommodation to correct for the effects of distance-learning on the Plaintiffs' IEPs violates the IDEA because it means the Plaintiffs will no longer receive the services to which they are entitled under their IEPs which necessarily require in-person instruction, such as hand-over-hand guidance, having lessons drawn for them on paper or pointed to by hand on computers, physically being shown proper behaviors, physical therapy and the such.

203.   This is a violation of the IDEA which requires that students with disabilities are entitled to a FAPE which requires school districts to tailor an IEP "to the unique needs of the handicapped child." *Hendrick Hudson Cent. Sch. Dist. Bd. of Educ.* v. *Rowley*, 458 U.S. 176, 181 (1982) (quoting 20 U.S.C. § 1401(18)); *M.C. v. Antelope Valley Union High Sch. Dist.*, No. 14-56344, slip op.

at 5 (9th Cir. 2017). This IEP must be created with the meaningful input of parents. *Winkleman v. Parma City School Dist.*, 550 U.S. 516, 524, 127 S.Ct. 1994, 167 L.Ed.2d 904 (2007); *Amanda J.* v. *Clark Cty. Sch. Dist.*, 267 F.3d 877, 892 (9th Cir. 2001) ("[p]rocedural violations that interfere with parental participation in the IEP formulation process undermine the very essence of the IDEA"); *W.G. v. Board of Trustees of Target Range School Dist. No. 23*,960 F.2d 1479, 1483-1484 (9th Cir. 1992). And must be amended when a student's then current educational placement becomes unavailable, such as through distance learning.

204.   By failing to require the Defendant Districts to reassess special needs students as part of the July 17, 2020 DPH Guidance or the March 17, 2020 CDE Guidance, and any subsequent adjustments like the August 28, 2020 changes, and provide necessary accommodations, Defendants Department of Education, Board of Education, Superintendent Thurmond, Health and Human Services Agency, Department of Public Health, and Director Angell have failed to protect the rights of the Plaintiffs under the IDEA and have caused or allowed California schools to violate the IDEA in a manner which denied and is denying Plaintiffs and the members of the Proposed Class a FAPE for the 2020-2021 School Year.

205.   As a result of this violation, each of the Plaintiffs has struggled in the distance-learning environment and are expected to continue struggling by being made to continue distance-learning without accommodation to the point that they are being denied a FAPE for the 2020-2021 School Year, costing them their right to a basic minimum education as defined by Congress through the IDEA.

206.   The IDEA may be enforced through 42 U.S.C. §1983, which creates a private right of action against officials acting under color of state law who deprive a person of their federal rights. *Smith v. Guilford Bd. Of Educ.*, 226 Fed.

Appx. 58 (2d Cir. 2007) ("[i]t is well-settled that, while the IDEA itself does not provide for monetary damages, plaintiffs may sue pursuant to [Section 1983] to enforce its provisions – including the right to a FAPE – and to obtain damages for violations of such provisions.").

207.   By failing to require the Defendant Districts to reassess special needs students prior to the start of the 2020-2021 School Year, Defendants Department of Education, Board of Education, and Superintendent Thurmond have failed in their responsibility to establish the rules for special education in the State of California to ensure that all "eligible children with exceptional needs are given equal access to all child care and development programs," and have denied and are denying Plaintiffs and the members of the Proposed Class their right to a FAPE for the 2020-2021 School Year.

208.   By failing to require the Defendant Districts to reassess special needs students as part of the July 17, 2020 DPH Guidance or the March 17, 2020 CDE Guidance, or any subsequent adjustments, Defendants Department of Education, Board of Education, Superintendent Thurmond, Health and Human Services Agency, Department of Public Health, and Director Angell have denied and continue to deny the Plaintiffs and the members of the Proposed Class their right to a basic minimum education in violation of the Due Process Clause of the Fourteenth Amendment, which provides that no state shall "deprive any person of life, liberty, or property, without due process of law."  U.S. Const. amend XIV.

209.   By issuing the July 17, 2020 DPH Guidance, and its subsequent adjustments, in a manner which appears neutral on its face, but which discriminates against students with special needs by failing to address the fact they have been denied a FAPE in the current distance-learning environment, Defendants Health and Human Services Agency, Department of Public Health,

and Director Angell have violated the Plaintiffs' and the members of the Proposed Class's right to equal protection under the United States Constitution.

210.    The four-part balancing test enunciate by the Supreme Court in *Winter v. Natural Resources Defense Council*, 555 U.S. 7 (2008) weighs in favor of Plaintiffs' request for an injunction:

> (i)    Plaintiffs have a high likelihood of success on the merits in this matter for the reasons outlined above, specifically the continuing violation of the IDEA which will deprive the Plaintiffs of a FAPE for the 2020-2021 School Year.

> (ii)    Irreparable harm will occur if the Plaintiffs' request for an injunction is not granted as Plaintiffs will not receive a basic minimum education for the 2020-2021 School Year, which is a real and immediate threat of future injury to the Plaintiffs because they are losing and will continue to lose a valuable formative year and will fall further behind their peers, which injury cannot be made whole through compensation. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 107 n.8 (1983).

> (iii)    The interests at stake here weigh in favor of Plaintiffs as Congress has already declared a basic minimum education to be a fundamental right through the IDEA and as this matter could needlessly injure 800,000 children and their parents if an injunction is denied, whereas granting the injunction only requires the Defendants to do what they are already charged with doing by the Governor and the State Code and by Federal and State law.

> (iv)    Ensuring that California's 800,000 special needs students receive the basic minimum education to which they are entitled is in the public interest, especially where safe alternatives are available to achieve California's health goals.

1

2

**WHEREFORE,** Plaintiffs respectfully request:

3

4

(1) That this Honorable Court, in accordance with its authority under 28 U.S.C. §2201(a), issue an Order Declaring that the Defendants have violated the IDEA by (1) failing to require, in either the March 17, 2020 CDE Guidance, the July 17, 2020 DPH Guidance or some other guidance, directive or order, that all special needs students assigned to distance learning / online learning during the 2020-2021 School Year be reassessed before the start of the 2020-2021 School Year to determine what changes to their individual IEPs and/or other accommodations are needed to account for the disabilities Plaintiffs face in distance learning / online instruction as compared to in-person instruction; (2) by Defendants setting conditions on the re-opening of schools in the July 17, 2020 DPH Guidance, and its subsequent revisions, which failed to protect the rights of special needs students under the IDEA; and (3) by Superintendent Thurmond failing to order the District Defendants to perform reassessments and continuing to fail to require reassessments or by failing to order the District Defendants to make appropriate accommodations; and

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

(2) That this Honorable Court, in accordance with its authority under 28 U.S.C. §1343(a), further Order that a Temporary Restraining Order be issued, followed by a Permanent Injunction, requiring Defendants to amend their guidance or issue new guidance either to allow special needs students to return to in-person learning immediately, or to require the immediate reassessment of special needs students assigned to engage in distance learning for the 2020-2021 School Year; and

20

21

22

23

24

25

26

(3) That this Honorable Court, in accordance with its authority under 28 U.S.C. §2202 and under 20 U.S.C. § 1415(i)(2)(C)(iii), further Order that Plaintiffs and the

27

28

members of the Proposed Class are entitled to obtain the DIS services identified in Exhibit J, at the defendants' expense, until such time as appropriate accommodations are made for each or they are returned to in-person instruction; and

(4) That this Honorable Court, in accordance with the provisions of 42 U.S.C. §1988 and/or 20 U.S.C. § 1415(i)(3)(B), Order that Plaintiffs be awarded reimbursement for the attorneys fees and costs they incurred in seeking the vindication of their rights herein.

## COUNT THREE

### REQUEST FOR DECLARATION, TEMPORARY RESTRAINING ORDER, AND PERMANENT INJUNCTION AGAINST DISTRICT DEFENDANTS

211.   Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 99 as though set forth fully here in.

212.   District Defendants are public entities organized and existing pursuant to the laws of the state of California and doing business as a public-school district.  As such, District Defendants are subject to state and federal law, including but not limited to the IDEA, Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. §794 as amended), and Title II of the Americans with Disabilities Act of 1990 ("ADA")); 29 U.S.C. § 794, *et seq.*

213.   The Department of Education has a Special Education Division which oversees the District Defendants in their handling of special education issues and has the authority to investigate complaints against Districts.

214.   On March 4, 2020, Governor Newsom proclaimed a State of Emergency as a result of the Covid-19 virus.  *See* Exhibit A.

215.   On March 13, 2020, Governor Newsom issued the March 13, 2020 Executive Order, allowing District Defendants to close the schools under their control and assign students to distance learning / online learning.  *See* Exhibit B.

216.   On March 17, 2020, Defendants Department of Education, State Board of Education, and Health and Human Services Agency issued the March 17, 2020 Guidance encouraging the District Defendant to:

> ● Work with each family and student to determine what FAPE looks like for each student and family during COVID-19. It may be different than the individualized education program (IEP) developed pre-COVID-19.
>
> ● Use the LEA model(s) for all students as the basis for establishing FAPE.
>
> ● Ensure children with disabilities are included in all offerings of school education models by using the IEP process to customize educational opportunities and provide supports when necessary.
>
> ● Use annual IEP to plan for traditional school year and while not required, it is suggested LEAs include distance learning plans or addendums to address distance learning needs during immediate or future school site closures.

*See* https://www.cde.ca.gov/ls/he/hn/strongertogether.asp; Exhibit C.

217.   On March 19, 2020, Governor Newsom issued the March 19, 2020 Executive Order ordering all Californians to stay at home (*see* Exhibit D), effectively shutting down all schools in the state and effectively transferring all special needs students to distance learning / online learning for the remainder of the 2019-2020 School Year.

218.   The 2019-2020 School Year ended in May 2020 plus an ESY (Summer School) session in June 2020.

219.   The Defendant Districts did not reassess special needs students.

220.   Plaintiff D.P. had an IEP.

221.   Plaintiff D.P. was sent home on or around March 13, 2020 when Falcon Ridge Elementary School closed in response to the March 13, 2020 Executive Order, and reassigned to distance learning / online learning.

222.   At no point during the 2019-2020 School Year was D.P.'s IEP changed to reflect the differences between distance learning / online instruction and in-person instruction, and has not been changed since.

223.   Plaintiff D.P.'s parent, Plaintiff Martinez, was not contacted to provide input into any revision to D.P.'s IEP.

224.   No accommodations were offered to Plaintiff D.P. or Plaintiff Martinez to account for the difficulties Plaintiff faces in distance learning / online instruction as compared to in-person instruction as a result of D.P.'s disabilities.

225.   Plaintiff K.P. had an IEP.

226.   Plaintiff K.P. was sent home on or around March 13, 2020 when John L. Golden Elementary closed in response to the March 13, 2020 Executive Order, and reassigned to distance learning / online learning.

227.   At no point during the 2019-2020 School Year was K.P.'s IEP changed to reflect the differences between distance learning / online instruction and in-person instruction, and has not been changed since.

228.   Plaintiff K.P.'s parent, Plaintiff Martinez, was not contacted to provide input into any revision to K.P.'s IEP.

229.   No accommodations were offered to Plaintiff K.P. or Plaintiff Martinez to account for the difficulties Plaintiff faces in distance learning / online instruction as compared to in-person instruction as a result of K.P.'s disabilities.

230.   Plaintiff T.W. had an IEP.

231.   Plaintiff T.W. was sent home when Los Osos High School closed in response to the March 13, 2020 Executive Order and/or March 19 2020 Executive Order, and reassigned to distance learning / online learning.

232.   At no point during the 2019-2020 School Year was T.W.'s IEP changed to reflect the differences between distance learning / online instruction and in-person instruction, and has not been changed since.

233.   Neither Plaintiff T.W.'s biological mother and educational rights holder, Plaintiff Wood, nor T.W.'s guardian, Plaintiff Martinez, was contacted to provide input into any revision to T.W.'s IEP.

234.   No accommodations were offered to Plaintiff T.W. or Plaintiff Martinez or Plaintiff Wood to account for the difficulties Plaintiff faces in distance learning / online instruction as compared to in-person instruction as a result of T.W.'s disabilities.

235.   Plaintiff P.C. had an IEP.

236.   Plaintiff P.C. was sent home when Rancho Cucamonga High School closed in response to the March 13, 2020 Executive Order and/or March 19 2020 Executive Order, and reassigned to distance learning / online learning.

237.   At no point during the 2019-2020 School Year was P.C.'s IEP changed to reflect the differences between distance learning / online instruction and in-person instruction, and has not been changed since.

238.   Plaintiff P.C.'s parent, Plaintiff Hubbard, was not contacted to provide input into any revision to P.C.'s IEP.

239.   No accommodations were offered to Plaintiff P.C. or Plaintiff Hubbard to account for the difficulties Plaintiff faces in distance learning / online instruction as compared to in-person instruction as a result of P.C.'s disabilities.

240.   The same is true for each member of the Proposed Class, including having an IEP, being sent home in response to the March 13, 2020 Executive Order or the March 19, 2020 Executive Order, being reassigned to distance learning / online instruction, being reassigned to distance learning / online instruction without any changes being made to their IEP or any accommodations being made for the disabilities they would face in distance learning / online instruction as compared to in-person instruction.

241.   On May 4, 2020, Governor Newsom issued the May 4, 2020 Executive Order reaffirming that all residents of California continue to obey the state public health directives and directing Defendant State Public Health Office to establish criteria for re-opening the state.  *See* Exhibit E.

242.   On July 17, 2020, Defendant California Health and Human Services Agency, through Defendant Department of Public Health, issued the July 12, 2020 DPH Guidance.  This Guidance was issued by Director Angell and provided a framework for the reopening of in-person learning for K-12 schools in California.  *See* Exhibit F.  This Guidance required schools to remain closed until certain county-wide medical conditions had been achieved.  However, it made no mention of any exception for special needs students nor did it require any reassessment of special needs students even though the Defendant Districts had not conducted reassessments as previously recommended.

243.   The 2020-2021 School Year began in August.

244.   Under this plan, created by the May 4, 2020 Executive Order and the July 17, 2020 DPH Guidance, most schools remain closed with special needs

students continuing distance learning / online learning for the 2020-2021 School Year even though their IEPs have never been adjusted to account for the difficulties these students face in distance learning / online instruction as compared to in-person instruction as a result of their individual disabilities.

245.   Neither Plaintiff D.P. nor Plaintiff K.P. nor Plaintiff T.W. nor Plaintiff P.C. nor any other member of the Proposed Class has had their IEP reassessed or any other accommodation made for the effect of their disabilities on their ability to learn in a distance learning / online learning environment.

246.   Assigning the Plaintiffs to distance learning without requiring an accommodation to correct for the effects of distance-learning on the Plaintiffs' IEPs violates the IDEA because it means the Plaintiffs will no longer receive the services to which they are entitled under their IEPs which necessarily require in-person instruction, such as hand-over-hand guidance, having lessons drawn for them on paper or pointed to by hand on computers, physically being shown proper behaviors, physical therapy and the such.

247.   This is a violation of the IDEA which requires that students with disabilities are entitled to a FAPE which requires school districts to tailor an IEP "to the unique needs of the handicapped child." *Hendrick Hudson Cent. Sch. Dist. Bd. of Educ.* v. *Rowley*, 458 U.S. 176, 181 (1982) (quoting 20 U.S.C. § 1401(18)); *M.C. v. Antelope Valley Union High Sch. Dist.*, No. 14-56344, slip op. at 5 (9th Cir. 2017).   This IEP must be created with the meaningful input of parents.   *Winkleman v. Parma City School Dist.*, 550 U.S. 516, 524, 127 S.Ct. 1994, 167 L.Ed.2d 904 (2007); *Amanda J.* v. *Clark Cty. Sch. Dist.*, 267 F.3d 877, 892 (9th Cir. 2001) ("[p]rocedural violations that interfere with parental participation in the IEP formulation process undermine the very essence of the IDEA"); *W.G. v. Board of Trustees of Target Range School Dist. No. 23*,960 F.2d

1479, 1483-1484 (9th Cir. 1992).  And must be amended when a student's then current educational placement becomes unavailable, such as through distance learning.

248.   The IEP must be in place each year before the start of the year.  34 C.F.R. § 300.323(a) (2006); Cal. Educ. Code, § 56344, subd. (c).

249.   By failing to reassess special needs students the Defendant Districts have violated the IDEA in a manner which denied and is denying Plaintiffs and the members of the Proposed Class a FAPE for the 2020-2021 School Year.

250.   As a result of this violation, each of the Plaintiffs has struggled in the distance-learning environment and are expected to continue struggling by being made to continue distance-learning without accommodation to the point that they are being denied a FAPE for the 2020-2021 School Year, costing them their right to a basic minimum education as defined by Congress through the IDEA.

251.   The IDEA may be enforced through 42 U.S.C. §1983, which creates a private right of action against officials acting under color of state law who deprive a person of their federal rights.  *Smith v. Guilford Bd. Of Educ.*, 226 Fed. Appx. 58 (2d Cir. 2007) ("[i]t is well-settled that, while the IDEA itself does not provide for monetary damages, plaintiffs may sue pursuant to [Section 1983] to enforce its provisions – including the right to a FAPE – and to obtain damages for violations of such provisions.").

252.   By failing to reassess special needs students the District Defendants have denied and are denying the Plaintiffs and the members of the Proposed Class their right to a basic minimum education in violation of the Due Process Clause of the Fourteenth Amendment, which provides that no state shall "deprive any person of life, liberty, or property, without due process of law."  U.S. Const. amend XIV.

253.   The four-part balancing test enunciate by the Supreme Court in *Winter v. Natural Resources Defense Council*, 555 U.S. 7 (2008) weighs in favor of Plaintiffs' request for an injunction:

> (i)   Plaintiffs have a high likelihood of success on the merits in this matter for the reasons outlined above, specifically the continuing violation of the IDEA which will deprive the Plaintiffs of a FAPE for the 2020-2021 School Year.

> (ii)   Irreparable harm will occur if the Plaintiffs' request for an injunction is not granted as Plaintiffs will not receive a basic minimum education for the 2020-2021 School Year, which is a real and immediate threat of future injury to the Plaintiffs because they are losing and will continue to lose a valuable formative year and will fall further behind their peers, which injury cannot be made whole through compensation.  *See City of Los Angeles v. Lyons*, 461 U.S. 95, 107 n.8 (1983).

> (iii)   The interests at stake here weigh in favor of Plaintiffs as Congress has already declared a basic minimum education to be a fundamental right through the IDEA and as this matter could needlessly injure 800,000 children and their parents if an injunction is denied, whereas granting the injunction only requires the Defendants to due what they are already charged with doing by the Governor and the State Code and by Federal and State law.

> (iv)   Ensuring that California's 800,000 special needs students receive the basic minimum education to which they are entitled is in the public interest, especially where safe alternatives are available to achieve California's health goals.

**WHEREFORE,** Plaintiffs respectfully request:

(1) That this Honorable Court, in accordance with its authority under 28 U.S.C. §2201(a), issue an Order Declaring that the District Defendants have violated the IDEA by failing to reassess the Plaintiffs and the members of the Proposed Class before the start of the 2020-2021 School Year to determine what changes to their individual IEPs and/or other accommodations are needed to account for the difficulties Plaintiffs face in distance learning / online instruction as compared to in-person instruction as a result of their disabilities; and (2) by continuing to fail to reassess Plaintiffs and the members of the Proposed Class; and

(2) That this Honorable Court, in accordance with its authority under 28 U.S.C. §1343(a), further Order that a Temporary Restraining Order be issued, followed by a Permanent Injunction, requiring the District Defendants to immediately reassess the Plaintiffs and all members of the Proposed Class, i.e. special needs students assigned to engage in distance learning for the 2020-2021 School Year; and

(3) That this Honorable Court, in accordance with its authority under 28 U.S.C. §2202 and under 20 U.S.C. § 1415(i)(2)(C)(iii), further Order that Plaintiffs and the members of the Proposed Class are entitled to obtain the DIS services identified in Exhibit J, at the defendants' expense, until such time as appropriate accommodations are made for each or they are returned to in-person instruction; and

(4) That this Honorable Court, in accordance with the provisions of 42 U.S.C. §1988 and/or 20 U.S.C. § 1415(i)(3)(B), Order that Plaintiffs be awarded reimbursement for the attorneys fees and costs they incurred in seeking the vindication of their rights herein.

## COUNT FOUR

## DENIAL OF A FAPE FOR THE 2019-2020 SCHOOL YEAR BY DISTRICT DEFENDANTS

254.   Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 99 as though set forth fully here in.

255.   District Defendants are public entities organized and existing pursuant to the laws of the state of California and doing business as a public-school district.  As such, District Defendants are subject to state and federal law, including but not limited to the IDEA, Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. §794 as amended), and Title II of the Americans with Disabilities Act of 1990 ("ADA")); 29 U.S.C. § 794, *et seq.*

256.   On March 4, 2020, Governor Newsom proclaimed a State of Emergency as a result of the Covid-19 virus.  *See* Exhibit A.

257.   On March 13, 2020, Governor Newsom issued the March 13, 2020 Executive Order, allowing District Defendants to close the schools under their control and assign students to distance learning / online learning.  *See* Exhibit B.

258.   On March 17, 2020, Defendants Department of Education, State Board of Education, and Health and Human Services Agency issued the March 17, 2020 Guidance encouraging the Defendant Districts to:

● Work with each family and student to determine what FAPE looks like for each student and family during COVID-19. It may be different than the individualized education program (IEP) developed pre-COVID-19.

● Use the LEA model(s) for all students as the basis for establishing FAPE.

- Ensure children with disabilities are included in all offerings of school education models by using the IEP process to customize educational opportunities and provide supports when necessary.

- Use annual IEP to plan for traditional school year and while not required, it is suggested LEAs include distance learning plans or addendums to address distance learning needs during immediate or future school site closures.

*See* https://www.cde.ca.gov/ls/he/hn/strongertogether.asp; Exhibit C.

259.  On March 19, 2020, Governor Newsom issued the March 19, 2020 Executive Order ordering all Californians to stay at home (*see* Exhibit D), effectively shutting down all schools in the state and effectively transferring all special needs students to distance learning / online learning for the remainder of the 2019-2020 School Year.

260.  The 2019-2020 School Year ended in May 2020 plus an ESY (Summer School) session in June 2020.

261.  The Defendant Districts did not reassess special needs students.

262.  Plaintiff D.P. had an IEP.

263.  Plaintiff D.P. was sent home on or around March 13, 2020 when Falcon Ridge Elementary School closed in response to the March 13, 2020 Executive Order, and reassigned to distance learning / online learning.

264.  At no point during the 2019-2020 School Year was D.P.'s IEP changed to reflect the differences between distance learning / online instruction and in-person instruction, and has not been changed since.

265.  Plaintiff D.P.'s parent, Plaintiff Martinez, was not contacted to provide input into any revision to D.P.'s IEP.

266.   No accommodations were offered to Plaintiff D.P. or Plaintiff Martinez to account for the difficulties Plaintiff faced in distance learning / online instruction as compared to in-person instruction as a result of D.P.'s disabilities.

267.   Plaintiff K.P. had an IEP.

268.   Plaintiff K.P. was sent home on or around March 13, 2020 when John L. Golden Elementary closed in response to the March 13, 2020 Executive Order, and reassigned to distance learning / online learning.

269.   At no point during the 2019-2020 School Year was K.P.'s IEP changed to reflect the differences between distance learning / online instruction and in-person instruction, and has not been changed since.

270.   Plaintiff K.P.'s parent, Plaintiff Martinez, was not contacted to provide input into any revision to K.P.'s IEP.

271.   No accommodations were offered to Plaintiff K.P. or Plaintiff Martinez to account for the difficulties Plaintiff faced in distance learning / online instruction as compared to in-person instruction as a result of K.P.'s disabilities.

272.   Plaintiff T.W. had an IEP.

273.   Plaintiff T.W. was sent home when Los Osos High School closed in response to the March 13, 2020 Executive Order and/or March 19 2020 Executive Order, and reassigned to distance learning / online learning.

274.   At no point during the 2019-2020 School Year was T.W.'s IEP changed to reflect the differences between distance learning / online instruction and in-person instruction, and has not been changed since.

275.   Neither Plaintiff T.W.'s biological mother and educational rights holder, Plaintiff Wood, nor T.W.'s guardian, Plaintiff Martinez, was contacted to provide input into any revision to T.W.'s IEP.

276.   No accommodations were offered to Plaintiff T.W. or Plaintiff Martinez or Plaintiff Wood to account for the difficulties Plaintiff faced in distance learning / online instruction as compared to in-person instruction as a result of T.W.'s disabilities.

277.   Plaintiff P.C. had an IEP.

278.   Plaintiff P.C. was sent home when Rancho Cucamonga High School closed in response to the March 13, 2020 Executive Order and/or March 19 2020 Executive Order, and reassigned to distance learning / online learning.

279.   At no point during the 2019-2020 School Year was P.C.'s IEP changed to reflect the differences between distance learning / online instruction and in-person instruction, and has not been changed since.

280.   Plaintiff P.C.'s parent, Plaintiff Hubbard, was not contacted to provide input into any revision to P.C.'s IEP.

281.   No accommodations were offered to Plaintiff P.C. or Plaintiff Hubbard to account for the difficulties Plaintiff faced in distance learning / online instruction as compared to in-person instruction as a result of P.C.'s disabilities.

282.   The same is true for each member of the Proposed Class, including having an IEP, being sent home in response to the March 13, 2020 Executive Order or the March 19, 2020 Executive Order, being reassigned to distance learning / online instruction, being reassigned to distance learning / online instruction without any changes being made to their IEP or any accommodations being made for the disabilities they would face in distance learning / online instruction as compared to in-person instruction.

283.   Neither Plaintiff D.P. nor Plaintiff K.P. nor Plaintiff T.W. nor Plaintiff P.C. nor any other member of the Proposed Class has had their IEP

reassessed or any other accommodation made for the effect of their disabilities on their ability to learn in a distance learning / online learning environment.

284.   Assigning the Plaintiffs to distance learning without requiring an accommodation to correct for the effects of distance-learning on the Plaintiffs' IEPs violates the IDEA because it means the Plaintiffs will no longer receive the services to which they are entitled under their IEPs which necessarily require in-person instruction, such as hand-over-hand guidance, having lessons drawn for them on paper or pointed to by hand on computers, physically being shown proper behaviors, physical therapy and the such.

285.   This is a violation of the IDEA which requires that students with disabilities are entitled to a FAPE which requires school districts to tailor an IEP "to the unique needs of the handicapped child." *Hendrick Hudson Cent. Sch. Dist. Bd. of Educ.* v. *Rowley*, 458 U.S. 176, 181 (1982) (quoting 20 U.S.C. § 1401(18)); *M.C. v. Antelope Valley Union High Sch. Dist.*, No. 14-56344, slip op. at 5 (9th Cir. 2017).   This IEP must be created with the meaningful input of parents.   *Winkleman v. Parma City School Dist.*, 550 U.S. 516, 524, 127 S.Ct. 1994, 167 L.Ed.2d 904 (2007); *Amanda J.* v. *Clark Cty. Sch. Dist.*, 267 F.3d 877, 892 (9th Cir. 2001) ("[p]rocedural violations that interfere with parental participation in the IEP formulation process undermine the very essence of the IDEA"); *W.G. v. Board of Trustees of Target Range School Dist. No. 23,*960 F.2d 1479, 1483-1484 (9th Cir. 1992).   And must be amended when a student's then current educational placement becomes unavailable, such as through distance learning.

286.   The Plaintiffs each struggled in the distance-learning environment to the point that they were denied a FAPE for the 2019-2020 School Year, costing

them their right to a basic minimum education as defined by Congress through the IDEA.

287.   By failing to reassess special needs students the Defendant Districts violated the IDEA in a manner which denied Plaintiffs and the members of the Proposed Class a FAPE for the 2019-2020 School Year.

288.   The IDEA may be enforced through 42 U.S.C. §1983, which creates a private right of action against officials acting under color of state law who deprive a person of their federal rights. *Smith v. Guilford Bd. Of Educ.*, 226 Fed. Appx. 58 (2d Cir. 2007) ("[i]t is well-settled that, while the IDEA itself does not provide for monetary damages, plaintiffs may sue pursuant to [Section 1983] to enforce its provisions – including the right to a FAPE – and to obtain damages for violations of such provisions.").

289.   Plaintiffs and the member of the Proposed Class should be granted compensatory education, including related services to correct for the denial of a FAPE in the 2019-2020 School Year.  Courts have broad discretion to fashion an equitable remedy under the IDEA.  This can include "compensatory education" to put the student in the same position he would have been in had he received the appropriate education from the school district in the first place.  *T.B. v. San Diego Uni. Sch. Dist.*, No. 08-CV-28MMA (S.D. Cal. Mar. 30, 2011).  The IDEA does not explicitly authorize the award of compensatory education, but based on the Supreme Court's *Burlington* decision, compensatory education as a remedy has been embraced by most circuits, including the Ninth, under the IDEA's authorization that courts may "grant such relief as the court determines appropriate." *R.P. v. Prescott Unified Sch. Dist.,* 631 F.3d 1117, 1125 (9th Cir. 2011); *Parents of Student W.*, 31 F.3d at 1496 (9th Cir. 1994); *Reid v. District of Columbia*, 401 F.3d 516, 522 (D.C. Cir. 2005); *Phil v. Mass. Dep't of Educ.*, 9

F.3d 184, 188-89 (1st Cir. 1993); *Ridgewood Bd. of Educ. v. N.E. ex rel. M.E.*, 172 F.3d 238, 249 (3d Cir. 1999); *G. ex rel. RG v. Fort Bragg Dependent Schs.*, 343 F.3d 295, 308-09 (4th Cir. 2003); *Bd. of Educ. of Oak Park & River Forest High Sch. Dist. 200 v. Ill. State Bd. of Educ.*, 79 F.3d 654, 656 (7th Cir. 1996); *Miener v. Missouri*, 800 F.2d 749, 753 (8th Cir. 1986).

**WHEREFORE,** Plaintiffs respectfully request that this Honorable Court grant the following relief:

(1) That this Honorable Court, in accordance with its authority under 28 U.S.C. §2201(a), issue an Order Declaring that the District Defendants have violated the IDEA and denied the Plaintiffs a FAPE for the end of the 2019-2020 School Year by failing, when Plaintiffs were sent home to finish the school year in a distance-learning environment, to determine what changes to the Plaintiffs' individual IEPs and/or other accommodations needed to be made to account for the difficulties Plaintiffs faced in distance learning / online instruction as compared to in-person instruction as a result of their disabilities; and

(2) That this Honorable Court, in accordance with its authority under 28 U.S.C. §2202 and under 20 U.S.C. § 1415(i)(2)(C)(iii), further Order that Plaintiffs and the members of the Proposed Class are entitled to compensatory education, including but not limited to those DIS services identified in Exhibit J, to catch them up for the regression they suffered in the 2019-2020 School Year while in the distance-learning environment; and

(3) That this Honorable Court, in accordance with the provisions of 42 U.S.C. §1988 and/or 20 U.S.C. § 1415(i)(3)(B), Order that Plaintiffs be awarded

reimbursement for the attorneys fees and costs they incurred in seeking the vindication of their rights herein.

DATED: August 31, 2020                    Respectfully submitted,

BY: _____
Fazil A. Munir, Esq. (Bar # 277108)
Diana Renteria, Esq. (Bar # 192009)
Andrew Price, Esq. (Pro Hac Vice pending)

4000 MacArthur Blvd.,
East Tower, Suite #600
Newport Beach, CA 92660
Telephone: (949) 636-6994
Facsimile: (714) 276-6437

*Deborah S. Reisdorph*

Deborah S. Reisdorph, Esq. (Bar # 164066)
SKANADORE REISDORPH LAW OFFICE
16541 Gothard St, #208
Huntington Beach, CA 92647
Telephone: (714) 375-1529

**Attorneys for Plaintiffs**