Fazil A. Munir, Esq. (Bar # 277108)
Diana Renteria, Esq. (Bar # 192009)
Andrew Price, Esq. (Pro Hac Vice)
LAW OFFICES OF FAZIL A. MUNIR, ESQ.
4000 MacArthur Blvd.,
East Tower, Suite #600
Newport Beach, CA 92660
Telephone: (949) 636-6994
Facsimile: (714) 276-6437
fazil@autismlaws.com
diana@autismlaws.com
Andrew@autismlaws.com

Deborah S. Reisdorph, Esq. (Bar # 164066)
SKANADORE REISDORPH LAW OFFICE
16541 Gothard St, #208
Huntington Beach, CA 92647
Telephone: (714) 375-1529
Deborah@ladylawca.com

**Attorneys for Plaintiffs**

**UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **DANIELLE HOWARD MARTINEZ**, et al., | ) CASE NO. 5:20-cv-01796-SVW-AFM |
| | ) |
| | ) JUDGE: The Honorable Steven V. Wilson |
| Plaintiffs, | ) |
| v. | ) OPPOSITION TO NOTICE OF RELATED |
| | ) CASE FILED BY DEFENDANT |
| **GAVIN NEWSOM**, et al., | ) ETIWANDA UNIFIED SCHOOL |
| | ) DISTRICT |
| Defendants. | ) |

**PLAINTIFFS' OPPOSITION TO NOTICE OF RELATED CASE FILED BY DEFENDANT ETIWANDA UNIFIED SCHOOL DISTRICT**

**COME NOW** Plaintiffs, pursuant to Local Rule 83-1.3.1, which requires any party objecting to a Notice of Related Case to state their opposition within five days of the filing of said notice. This matter was apparently transferred prior to the expiration of five days from the Honorable Dolly M. Gee to the Honorable Stephen V. Wilson in response to Defendant Etiwanda's Notice. Plaintiffs nevertheless hereby timely note their opposition to the Notice of Related Case as it fails to comply with the requirements of Local Rule 82-1.3.1 to provide a brief factual statement of the similarities between this case and *Matthew Brach, et al. v Gavin Newsom, et al.*, USDC Case No. 2:20-cv-06472-SVW-AFW (2020), and it presents an incorrect comparison of the current case and *Brach*.

The Defendant apparently filed its Notice of Related Case to this Court because it intends to argue that *Brach* justifies dismissal of the present action, and filing a Notice of Related Case seems to have been an attempt to get the Court to pre-judge that issue and adopt Defendant's position that this case and *Brach* are legally similar before even reviewing their upcoming motion to dismiss. In fact, the Defendant's Notice states that this case and *Brach* "arise from the same or closely related transaction, happening or event" and "calls for determination of the same or substantially related or similar questions of law or fact." To be clear,

however, *Brach* and the present matter do not address similar issues or arise from similar facts and do not involve similar legal principles:

(1) *Brach* involved an attempt to reopen the California schools, this case is not asking the Court to open any school;

(2) *Brach* was a direct challenge to the police powers of the Governor, alleging scientific disagreement with the Governor's executive orders regarding the dangers of Covid.  The present case accepts the Governor's conclusions about Covid and does not challenge his exercise of police powers to order schools to close; instead, the present case challenges the Districts' failure to comply with Federal and state law in their implementation of distance learning, something the Governor even required in his executive order, though the Governor subsequently failed to ensure that they were complying.

(3) This case separately challenges the failure of the Superintendent of Schools, the California School Board and others to issue proper and required guidance ensuring that the IDEA and California law SB98 were complied with as students with disabilities engage in distance learning.  This case further challenges the failure of each

named District – every District in California – to comply with Federal and state law in their implementation of distance learning. This was not at issue in *Brach*.

(4) This case is filed as a class action and the Plaintiffs will seek class certification as soon as possible. As this Court specifically noted repeatedly in *Brach*, the plaintiffs in *Brach* had not brought a class action and therefore were subject to certain exhaustion requirements not required of class actions.

(5) Because this case involves issues in the implementation of distance learning (which *Brach* did not raise) whereas *Brach* dealt with whether or not closing the schools was proper (which is not at issue here), this case also falls under other considerations not relevant to *Brach* such as California law SB98, which imposed requirements on the Districts and on the Superintendent which they have not met, such as requiring Districts to examine students situations and provide accommodations for their disabilities.

Thus, these cases are not "related" in the sense that Local Rule 83-1.3.1 contemplates as they do not arise from the same actions or involve similar legal principles or events. Had the Defendant provided the "brief factual statement"

required of Local Rule 83-1.3.1 in its Notice, this might have been apparent, but it provided only a barebones assertion that these cases are related without pointing out that the two cases address fundamentally different allegations of legal error, arise from a completely different set of facts, and will be decided under a completely different set of legal principles. For these reasons, the Plaintiffs herein object to the Notice of Related Case.

DATED: November 2, 2020

Respectfully submitted,

BY: ____________________________

Fazil A. Munir, Esq. (Bar # 277108)
Diana Renteria, Esq. (Bar # 192009)
Andrew Price, Esq. (Pro Hac Vice)

4000 MacArthur Blvd.,
East Tower, Suite #600
Newport Beach, CA 92660
Telephone: (949) 636-6994
Facsimile: (714) 276-6437

Email: fazil@autismlaws.com
Email: Sheila@autismlaws.com
Email: Andrew@autismlaws.com

Deborah S. Reisdorph, Esq. (Bar # 164066)
SKANADORE REISDORPH LAW OFFICE
16541 Gothard St, #208
Huntington Beach, CA 92647
Telephone: (714) 375-1529

Email: Deborah@ladylawca.com

**Attorneys for Plaintiffs**