1  Fazil A. Munir, Esq. (Bar # 277108)
2  Diana Renteria, Esq. (Bar # 192009)
   Andrew Price, Esq. (Pro Hac Vice)
3  LAW OFFICES OF FAZIL A. MUNIR, ESQ.
4  4000 MacArthur Blvd.,
   East Tower, Suite #600
5  Newport Beach, CA 92660
6  Telephone: (949) 636-6994
7  Facsimile: (714) 276-6437
   fazil@autismlaws.com
8  diana@autismlaws.com
9  andrew@autismlaws.com

10 Deborah S. Reisdorph, Esq. (Bar # 164066)
11 SKANADORE REISDORPH LAW OFFICE
   16541 Gothard St, #208
12 Huntington Beach, CA 92647
13 Telephone: (714) 375-1529
   Deborah@ladylawca.com

14

15 **Attorneys for Plaintiffs**

16                **UNITED STATES DISTRICT COURT**
                **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
17

18 **DANIELLE HOWARD**        )    CASE NO. 5:20-cv-01796-SVW-AFM
   **MARTINEZ**, et al.,       )
19                             )    JUDGE: The Honorable Steven V. Wilson
                               )
20         Plaintiffs,         )
21 v.                          )    PLAINTIFFS' RESPONSE TO MOTION
                               )    TO DISMISS OF CALIFORNIA
22 **GAVIN NEWSOM**, et al.,   )    DEPARTMENT OF EDUCATION, TONY
                               )    THURMOND, CALIFORNIA SCHOOL
23                             )    FOR THE DEAF, CALIFORNIA
         Defendants.          )    SCHOOL FOR THE BLIND, AND
24                             )    DIAGNOSTIC CENTERS OF
25                             )    CALIFORNIA
                               )
26                             )
27

28

**PLAINTIFFS' RESPONSE TO MOTION TO DISMISS OF DEFENDANTS CALIFORNIA DEPARTMENT OF EDUCATION, TONY THURMOND, CALIFORNIA SCHOOL FOR THE DEAF, CALIFORNIA SCHOOL FOR THE BLIND, AND DIAGNOSTIC CENTERS OF CALIFORNIA**

COME NOW the Plaintiffs in the above-referenced action and oppose the motion to dismiss filed by the Defendants California Department of Education, Tony Thurmond, California School for the Deaf, California School for the Blind and Diagnostic Centers of California. The Defendants move to dismiss the Second Cause of Action in this matter based on (1) the supposed failure of the Plaintiffs to allege the denial of a FAPE in this matter because Plaintiffs were not entitled to a formal reassessment of their IEPs; (2) the supposed lack of a private remedy against the California Department of Education because the allegations made against it relate only to its generalize supervisory role over the defendant Districts; (3) the supposed failure to exhaust administrative remedies before filing; and (4) the Defendants' supposed immunity from suit under 42 U.S.C. §1983. The State Special School Defendants also seek dismissal on the basis that none of the named Plaintiffs attends those institutions.

None of those grounds is appropriate grounds for dismissal, however.

As outlined in detail in the attached memorandum in support of this opposition, Plaintiffs have stated claims that are enforceable by this Court against the Defendants. Indeed, Plaintiffs claims are not limited to those requiring a

showing of the denial of a FAPE as Defendants contend. Plaintiffs allege the violation of IEPs and settlement agreements by the assigning of students to distance learning without continuing to provide the in-person services required by those IEPs and settlement agreements. This violates the IDEA and California law and does not rely on showing the denial of a FAPE. This claim is consistent with recent rulings of the OAH. Plaintiffs further allege the violation of the IDEA and California law, including SB98, which require the evaluation of students in the distance learning environment and the providing of accommodations to ensure these students can benefit from their educations. This claim also is actionable whether or not the deprivation by Defendants rises to the level of denying students a FAPE. Finally, the Plaintiffs allege a failure to comply with the IDEA's requirement to assess and reassess students IEPs. Each of these is actionable, contrary to the Defendants' motion to dismiss.

Secondly, the Plaintiffs' claims against the Defendants do not rely on the Defendants' general supervisory authority. Plaintiffs claims arise from the executive orders of the Governor and the Legislature's SB98, which specifically make the Defendants responsible for implementing certain policies that are mandated to be followed by the Districts in the implementation of distance learning.

Third, the doctrine of exhaustion is not applicable to some of these claims, such as those arising under settlement agreements which may not be appealed to OAH and the accommodation claims which are not based on the provision of a FAPE. Further, the doctrine of exhaustion would be inappropriate in any event because exhaustion of administrative remedies would be futile and inadequate in this instance because OAH cannot grant the relief requested, lacks the authority to oversee the Defendants, cannot hear class actions, and would pointlessly result in growing irreparable injury.  Moreover, exhausting administrative remedies is not required where doing so would be futile because a plaintiff seeks to address a system-wide failure, as has happened here. Not to mention, the Defendants invoking the doctrine of exhaustion is merely an attempt to avoid their legal obligations system-wide and represents a further systemic breakdown.

Title 42 U.S.C. §1983 is appropriate in these circumstances based on the recent ruling of the Supreme Court in *Fry v. Napoleon Community Schools*, 137 S. Ct. 743 (2017) and because the injuries resulted from policies issued by those responsible for making policy in those areas, such as those policies for which the Defendants were made responsible in this case.

Finally, dismissal of the State Special Schools prior to determination of class certification would be premature.

For these reasons, the Plaintiffs respectfully request that the Defendants' motion to dismiss be denied and they be ordered to respond to the Plaintiffs' complaint.

DATED: November 8, 2020

Respectfully submitted,

BY: _____
Fazil A. Munir, Esq. (Bar # 277108)
Diana Renteria, Esq. (Bar # 192009)
Andrew Price, Esq. (Pro Hac Vice)

4000 MacArthur Blvd.,
East Tower, Suite #600
Newport Beach, CA 92660
Telephone: (949) 636-6994
Facsimile: (714) 276-6437

Email: fazil@autismlaws.com
Email: diana@autismlaws.com
Email: andrew@autismlaws.com

Deborah S. Reisdorph, Esq. (Bar # 164066)
SKANADORE REISDORPH LAW OFFICE
16541 Gothard St, #208
Huntington Beach, CA 92647
Telephone: (714) 375-1529

Email: Deborah@ladylawca.com

**Attorneys for Plaintiffs**

*MARTINEZ, et al. v. NEWSOM, et al., Plaintiffs' Response to CDE Motion to Dismiss*