**SPINELLI, DONALD & NOTT**
A Professional Corporation
DOMENIC D. SPINELLI, SBN: 131192
LYNN A. GARCIA, SBN: 131196
601 University Avenue, Suite 225
Sacramento, CA 95825
Telephone: (916) 448-7888
Facsimile:   (916) 448-6888
domenics@sdnlaw.com
lynng@sdnlaw.com

Attorneys for Defendants
SAN JUAN UNIFIED SCHOOL DISTRICT and
HAYWARD UNIFIED SCHOOL DISTRICT

UNITED STATES DISTRICT COURT

IN AND FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL HOWARD MARTINEZ, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GAVIN NEWSOM, et al.,<br><br>Defendants. | Case No.: 5:20-cv-01796-DMG-KK<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FRCP 12(b)(6)**<br><br>Date:     December 18, 2020<br>Time:     9:30 a.m.<br>Judge:    Hon. Dolly M. Gee<br>Dept:     8C |

## I.  INTRODUCTION

It is alleged that the four named student plaintiffs were enrolled in two districts in San Bernardino County, Etiwanda School District or Chaffey Joint Union High School District.  Neither has alleged to have been enrolled in the San Juan Unified School District or the Hayward Unified School District.  These four plaintiffs assert that they were denied a free, appropriate public education ("FAPE") under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. section 1400, et seq. Accordingly, these four plaintiffs have no standing to pursue this lawsuit against

moving defendants. There are no named plaintiffs who were or are students in either of the moving defendants' school district. The class has yet to be certified.

Secondly, these four plaintiffs have failed to exhaust administrative remedies under the IDEA process. They claim that when school districts physically closed schools and moved to "distance learning" in response to the Governor's March 2020 public health order as a result of the COVID-19 pandemic these students were entitled to be formally "reassessed" to determine what accommodations, if any, they might need. However, these students are not students of the San Juan Unified School District or the Hayward Unified School District which is clear by the allegations in the Complaint. The issue of whether an individual school district was required to reassess any special education student for distance learning was on a case-by-case basis that is factually specific to each special education student and first must be brought, and resolved, by a due process hearing overseen by an administrative hearing officer. Plaintiffs have failed to allege exhaustion of administrative remedies and consistent with the recent ruling of this Court, there is no exception to exhaustion that applies. This Court in *Brach v. Newsom*, 2020, WL6036764 (C.D. Cal.) found that alleged violations of FAPE based on distance learning had to be exhausted in the administrative process. See accompanying Request for Judicial Notice (RJN), Exhibit 2.

Finally, moving defendants are entitled to 11th Amendment immunity as to any claims against them.

Accordingly, Plaintiffs' lack of standing – none of the named Plaintiffs allege any connection to moving defendant school districts, they failed to exhaust administrative remedies and 11th Amendment immunity mandate that Defendants' Motion to Dismiss should be granted for failure to state a claim, without leave to amend.

## II. SUMMARY OF COMPLAINT

The Plaintiffs include four special education students. These four students

attend two school districts in San Bernardino County: D.P. and K.P. attend school in Etiwanda School District. Complaint ¶¶ 11-17, 46, 53. Plaintiffs T.W. and P.C. attend school in the Chaffey Joint Union High School District. *Id.* ¶¶ 59, 67. The Complaint does not allege that any of the four named student plaintiffs attend either the San Juan Unified School District or the Hayward Unified School District.

The first count is directed against the Governor of California and does not involve either San Juan Unified School District or Hayward Unified School District.

The second count is against the Department of Education, Board of Education, Superintendent Thurmond, Health & Human Services Agency, Department of Public Health and Director Angell. This cause of action is also not alleged against moving defendants.

The third and fourth counts are alleged against all school districts in the State of California claiming that they violated the IDEA and section 1983 because they did not reassess students. Complaint, ¶¶ 249 and 251.

The third count seeks injunctive relief by way of a temporary restraining order and permanent injunction regarding all school districts in the state to conduct reassessments and seeks certain services for students in the interim. *Id.* ¶¶ 97-98. Finally, the fourth count seeks compensatory education for the 2019-2020 school year for all putative class members against all school districts in the State of California. *Id.*, ¶ 289.

There is no named plaintiff that has any claim against these moving defendants.

### III.     FEDERAL RULE OF CIVIL PROCEDURE, RULE 12(b)(6) LEGAL STANDARD

Under Fed. R. Civ. P. 12(b)(6), the district court may dismiss a complaint that lacks "a cognizable legal theory" or "sufficient facts alleged under a cognizable theory." *Balistreri v. Pacifica Police Department*, 901 F.2nd 696, 699 (7th Cir. 1990). To survive a 12(b)(6) motion to dismiss, the complaint must plausibly state a

claim for relief on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a district court is to accept all factual allegations of the complaint is true, it, however, will disregard conclusory allegations that are product of unreasonable deductions and inferences. *Sprewell v. Golden State Warriors*, 266 F. 3d 979, 988 (9th Cir. 2001).

## IV.   LEGAL ARGUMENT

### A. None of the Named Plaintiffs Have Standing to Sue Moving Defendants Under the Third or Fourth Claims for Relief

With respect to the standing issue, each of the named Plaintiffs in the case reside in San Bernardino County and attend either Etiwanda School District or Chaffey Joint Union High School District. However, neither moving defendant is even located in San Bernardino County. There are no allegations suggesting that any of the named Plaintiffs ever interacted with moving defendants, much less that moving defendants caused any of them injury. Thus, the complaint has failed to properly allege standing against SJUSD AND HUSD.

Federal courts are courts of limited jurisdiction, possessing only that power authorized by Article III of the United States Constitution and statutes enacted by Congress pursuant thereto. See *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). Thus, federal courts have no power to consider claims for which they lack subject-matter jurisdiction. See *Chen–Cheng Wang ex rel. United States v. FMC Corp.*, 975 F.2d 1412, 1415 (9th Cir. 1992). Standing is a jurisdictional limitation. It is "an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). The burden is on the party who seeks the exercise of jurisdiction in his or her favor to "clearly ... allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute." *United States v. Hays*, 515 U.S. 737, 743 (1995). To establish a "case or controversy" within the meaning of Article III, a plaintiff must, at an "irreducible minimum," show an "injury in fact" which is concrete and

not conjectural, a causal connection between the injury and defendant's conduct or omissions, and a likelihood that the injury will be redressed by a favorable decision. *Lujan*, 504 U.S. at 560–61.

Standing is a threshold jurisdictional question and where it is lacking, the court lacks subject matter jurisdiction over the action. See *Bruce v. United States*, 759 F.2d 755, 757 (9th Cir.1985); *Righthaven LLC v. Hoehn*, 716 F.3d 1166, 1172 (9th Cir.2013). Further, standing must be resolved prior to class certification. See *Lee v. State of Or.*, 107 F.3d 1382, 1390 (9th Cir.1997)). "[E]ven named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other unidentified members of the class to which they belong and which they purport to represent." *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 40, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976); See also *B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir.1999). Thus, a plaintiff must "plead facts showing standing as to each defendant, including alleging that he was injured by each such defendant." *Henry v. Circus Circus Casinos*, 223 F.R.D. 541, 544 (D.Nev.2004). The named Plaintiffs in this case may not "remedy their lack of standing by bootstrapping the hypothetical claims of putative class members." *Lierboe v. State Farm Mut. Auto Ins. Co.*, 350 F.3d 1018, 1022 (9th Cir.2003). Accordingly, the entirety of the claims against moving defendants fail for lack of standing. Finally, while class allegations are typically tested on a motion for class certification, not at the pleading stage, the Ninth Circuit has stated that standing should be addressed before class certification. *Easter v. American West Financial*, 381 F.3d 948, 962 (9th Cir., 2004). This seems particularly appropriate in a case such as this where all the named Plaintiffs reside in Southern California, hundreds of miles from the moving defendants. No standing exists.

### B.  As to the Third and Fourth Claims for Relief, the Named Plaintiffs Have Failed to Exhaust Administrative Remedies Under the IDEA

There are no allegations that any of the Plaintiffs have exhausted the IDEA

process. This bars both the claim which is directly stated under the IDEA and the 42 U.S.C. § 1983 claim which is predicated on IDEA. As the Complaint acknowledges, the IDEA is a comprehensive educational scheme that confers on students with disabilities a substantive right to public education and requires that school districts develop an IEP for each child with a disability. *Kutasi v. Las Virgenes Unified Sch. Dist.,* (9th Cir. 2007) 494 F.3d 1162, 1166. When students and parents are unsatisfied with the adequacy of the education provided, the construction of the IEP, the sufficiency of accommodations, or some related matter, IDEA provides procedural recourse. *Winkelman v. Parma City Sch. Dist.,* (2007) 127 S.Ct. 1994, 2001. Thus, before filing a civil claim under the IDEA, a plaintiff must first seek appropriate administrative relief. "Section 1415(l) requires that a plaintiff exhaust the IDEA's procedures before filing an action . . . [when] her suit 'seeks relief that is also available under the IDEA.'" *Fry v. Napoleon Community Schools,* (2017) 137 S.Ct. 743, 752. "A court deciding whether Section 1415(l) applies must therefore examine whether a plaintiff's complaint—the principal instrument by which she describes her case—seeks relief for the denial of appropriate education." If so, Section 1415(l) applies, and the plaintiff's claim is barred as a matter of law. *Id.* at 755. In this case, the relief requested is expressly for what Plaintiffs allege is the denial of appropriate education. Thus, because none of the Plaintiffs allege exhaustion—nor can they against the moving defendants—the entire complaint is barred against each of them as a matter of law.

Plaintiffs' contention that exhaustion is futile is further undermined by the fact that students have already pursued and achieved resolution of claims at OAH stemming from school closures during the COVID-19 pandemic. See Motion to Dismiss by CDE identified by docket no. 53-1, page 9, lines 18-28; page 10, lines 1-6.

Moreover, this Court has already ruled that there is no exception to administrative exhaustion during the pandemic. In the case of *Brach v. Newsom,*

2020, WL6036764 (C.D. Cal.), the Plaintiffs claimed that distance learning denied them FAPE. However, the Court found the claims had to be exhausted through the administrative process. See accompanying Request for Judicial Notice ("RJN"), Exhibit 2.

In summary, the Complaint fails to allege the four named plaintiffs have filed or completed administrative hearings against their school districts (Etiwanda School District and Chaffey Joint Union High School District). More importantly, it also fails to allege that these plaintiffs were students in either San Juan Unified School District or Hayward Unified School District. The putative class has yet to be certified and therefore as a matter of law, these plaintiffs cannot pursue any claims against, nor seek any relief from these moving defendants and Defendants' Motion to Dismiss should be granted without leave to amend.

### C. The Fourth Claim for Relief is Barred by the Eleventh Amendment Immunity

The Eleventh Amendment provides each moving defendant immunity from the 42 U.S.C. § 1983 claim set forth in the Fourth Cause of Action. The Eleventh Amendment to the United States Constitution generally acts as a jurisdictional barrier to suits which are brought against state agencies in federal courts. In the absence of consent, a suit in federal court in which a state or one of its agencies or departments is named as a defendant is proscribed by the Eleventh Amendment. *Pennhurst State School & Hosp. v. Halderman,* 104 S.Ct. 900, 465 U.S. 89, 79 L.Ed. 2d 67 (1984). Such consent must be clear. *Brennan v. Univ. of Kan.*, 451 F.2d 1287 (C.A. Kan. 1971). In California, school districts are "state agencies" for the purposes of the Eleventh Amendment. *Belanger v. Madera Unified School Dist.*, 963 F.2d 248 (9th Cir. 1992), cert. den. 113 S.Ct. 1280, 507 U.S. 919, 122 L.Ed. 2d 674. Moving defendants have not consented to suit in federal court. Accordingly, the 42 U.S.C. § 1983 claim is barred against each of them.

Finally, in addition to the fact that the 42 U.S.C. § 1983 claim against moving

defendants is barred as a matter of law, the Complaint fails to set forth the required elements of a 42 U.S.C. § 1983 claim against any of them. Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Additionally, a plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations and footnote omitted). This requires a plaintiff to plead "more than an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*). In practice, "a complaint...must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562. In this case, however, despite its length, the Complaint fails to do that against either moving defendant. In order to prevail on a § 1983 complaint against a local government, a plaintiff must satisfy a three part test: (1) the official(s) must have violated the plaintiff's constitutional rights; (2) the violation must be a part of policy or custom and may not be an isolated incident; and (3) a nexus must link the specific policy or custom to the plaintiff's injury. See *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-692, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Moreover, in the Ninth Circuit, a claim for the alleged violation of IDEA rights cannot be brought pursuant to 42 U.S.C. § 1983. *Blanchard v. Morton Sch. Dist.*, 509 F.3d 934, 938 (9th Cir., 2007), cert. den. 552 U.S. 1231. There are neither any references to any alleged violation other than the alleged IDEA

violation, nor any facts alleged which would support a *Monell* claim as to any school district at all. For this additional reason, this claim fails.

Accordingly, this 12(b)(6) motion should be granted without leave to amend.

## V. CONCLUSION

Based on the foregoing points and authorities, the Declaration of Domenic D. Spinelli, the Request for Judicial Notice, and all other papers on file herein, the Motion to Dismiss on behalf of Defendants San Juan Unified School District and Hayward Unified School District should be granted without leave to amend as these plaintiffs have no standing against them, the plaintiffs have failed to exhaust their administrative remedies and these moving defendants are immune under the Eleventh Amendment.

Dated: November 12, 2020            SPINELLI, DONALD & NOTT

                                    By: */s/ Domenic D. Spinelli*
                                        DOMENIC D. SPINELLI
                                        LYNN A. GARCIA
                                        Attorneys for Defendants
                                        SAN JUAN UNIFIED SCHOOL
                                        DISTRICT and HAYWARD UNIFIED
                                        SCHOOL DISTRICT