Fazil A. Munir, Esq. (Bar # 277108)
Diana Renteria, Esq. (Bar # 192009)
Andrew Price, Esq. (Pro Hac Vice)
LAW OFFICES OF FAZIL A. MUNIR, ESQ.
4000 MacArthur Blvd.,
East Tower, Suite #600
Newport Beach, CA 92660
Telephone: (949) 636-6994
Facsimile: (714) 276-6437
fazil@autismlaws.com
diana@autismlaws.com
andrew@autismlaws.com

Deborah S. Reisdorph, Esq. (Bar # 164066)
SKANADORE REISDORPH LAW OFFICE
16541 Gothard St, #208
Huntington Beach, CA 92647
Telephone: (714) 375-1529
Deborah@ladylawca.com

**Attorneys for Plaintiffs**

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **DANIELLE HOWARD MARTINEZ**, et al., | CASE NO. 5:20-cv-01796-SVW-AFM |
| Plaintiffs, | JUDGE: The Honorable Steven V. Wilson Hon |
| v. | |
| **GAVIN NEWSOM**, et al., | PETITION FOR COURT TO APPROVE SETTLEMENT AND COMPROMISE OF MINORS' CLAIMS BETWEEN PLAINTIFFS AND DEFENDANTS STATE OF CALIFORNIA, GOVERNOR NEWSOM, CALIFORNIA DEPARTMENT OF PUBLIC HEALTH, DIRECTOR OF CALIFORNIA DEPARTMENT OF PUBLIC HEALTH |
| Defendants. | |

| | )  SANDRA SHEWRY, DR. ERICA PAN |
|---|---|
| | )  STATE PUBLIC HEALTH OFFICER, |
| | )  THE STATE BOARD OF EDUCATION, |
| | )  AND THE CALIFORNIA HEALTH AND |
| |    HUMAN SERVICES AGENCY |

DATE: December 21, 2020
TIME: 1:30 pm
CTRM: 10A

# PETITION FOR COURT TO APPROVE SETTLEMENT AND COMPROMISE OF MINORS' CLAIMS

COME NOW Plaintiff T.W., a minor, by and through his guardian ad litem, Dahl Johnson, Plaintiff P.C., a minor, by and through her guardian ad litem, Raven Campbell, Plaintiff K.P., a minor, by and through her guardian ad litem, Britney Williams, and Plaintiff D.P., a minor, by and through his guardian ad litem, Erica Wedlow, in the above-referenced action, in accordance with Local Rule 17-1.2, 17-1.3, and 17-1,4m Cal. Civ. Proc. Code Section 372, and California Rule of Court 3.1384, and respectfully Petitions the Court to approve the settlement and compromise of the claims of said minor Plaintiffs in this action, as to these settling defendants.

Plaintiffs have reached a settlement (*see* attached Exhibit 1) with Defendants State of California, Governor Gavin Newsom, the California Department of Public Health; acting Director of the California Department of

Public Health Sandra Shewry[1], acting State Public Health Officer Dr. Erica Pan[2], the State Board of Education; and the California Health and Human Services Agency (collectively, State Defendants), which would result in dismissal of claims against these named State Defendants.

Plaintiff hereby petitions this Court to approve the following settlement pursuant to the settlement agreement reached between the parties. Counsel for settling defendants do not oppose this Petition.

Local Rule 17-1.3 requires that hearings on the petition "insofar as practicable" shall conform to Cal. Civ. Proc. Code Section 372 and California Rule of Court 3.1384. California mandates petitioners use the attached California Judicial Council Form – MC-350 Petition. Attached is a separate MC-350 form for each minor plaintiff.

Plaintiffs allege the following reasons why this settlement is fair and equitable to minor Plaintiffs:

1. After extensive discussions with Districts and interaction with District personnel, it is clear to Plaintiffs that many District Defendants are not aware of the requirements of SB98 related to special needs students, including

---

[1] Sandra Shewry is the acting Director of the California Department of Public Health, succeeding Dr. Sonia Y. Angell in August 2020. Dr. Angell had been sued in her official capacity as Director of the California Department of Public Health.
[2] Dr. Erica Pan is the acting State Public Health Officer, succeeding Dr. Angell in August 2020. Dr. Angell had been sued in her official capacity as State Public Health Officer.

Plaintiffs and all others similarly situated, and their continuing obligations under the IDEA despite distance learning or fail to see those requirements and obligations as requirements.[3] The Districts are even failing to implement the requirements of recent OAH decisions affirming those obligations and requirements. *See e.g. Parent v. Los Angeles Unified School Dist.*, OAH Case No. 2020050465 at 20 (August 24, 2020) and *Parent v. Pleasanton Unified School District and Contra Costa County Office of Education*, OAH Case No. 2020070970 (August 24, 2020).

    2.    After extensive negotiations and discussions with the State Defendants, the parties agreed that Plaintiffs would dismiss the State Defendants from this action in exchange for the following:

> Within fourteen (14) days after Plaintiffs obtain approval by the Court of all petitions for compromise on behalf of the minor Plaintiff in accordance with Rule 17 of the Federal Rules of Civil Procedure and Local Rule 17-1 of the Central District of California, the Office of the Governor will issue a press release or formal statement that includes the following points:
>
> a.    None of the Executive Orders or public health directives issued in California in response to the COVID-19 pandemic purport to waive the IDEA, which entitles eligible children with disabilities to special education and related services through an IEP.
>
> b.    Senate Bill 98, which was enacted in conjunction with the Budget Act of 2020, includes requirements for schools that provide distance

---

[3] There is evidence that some Districts are starting to recognize their obligations since this lawsuit was filed, though their offers remain inadequate and incomplete.

        learning as a result of being closed for in-person instruction during the 2020-21 school year. The legislation expressly provides that distance learning must include provision of special education, related services, and any other services required by a student's IEP and that schools must determine what accommodations are necessary to ensure that required IEP services can be delivered in a distance learning environment.

    c.    The State of California expects, and state law requires, that schools implementing distance learning will deliver services required under IEPs.

3. Plaintiffs believe that the Governor making the above formal statement will be more beneficial toward getting their rights, and the rights of all other special needs students across the state of California, restarted *immediately* by the Districts as compared to waiting for the outcome of litigation against the State Defendants, with those rights being the provision of required IEP services and necessary accommodations for the 2020-2021 School Year and thereafter.

4. Accordingly, Plaintiffs believe the settlement reached with the State Defendants provides adequate consideration for agreeing to dismiss their claims against the State Defendants in this matter.

5. These matters have been thoroughly discussed with the guardians for the minor Plaintiffs and they concur with the settlement of this matter as against the State Defendants upon the terms in the settlement agreement.

6. This settlement does not apply to any claims against the remaining Defendants.

For these reasons, the Plaintiffs respectfully request that the Court grant the petition in matter and approve the settlement and compromise of the claims of Plaintiff minors in this action.

DATED: November 17, 2020

Respectfully submitted,

BY: _____
Fazil A. Munir, Esq. (Bar # 277108)
Diana Renteria, Esq. (Bar # 192009)
Andrew Price, Esq. (Pro Hac Vice)

4000 MacArthur Blvd.,
East Tower, Suite #600
Newport Beach, CA 92660
Telephone: (949) 636-6994
Facsimile: (714) 276-6437

Email: fazil@autismlaws.com
Email: diana@autismlaws.com
Email: andrew@autismlaws.com

Deborah S. Reisdorph, Esq. (Bar # 164066)
SKANADORE REISDORPH LAW OFFICE
16541 Gothard St, #208
Huntington Beach, CA 92647
Telephone: (714) 375-1529
Email: Deborah@ladylawca.com
**Attorneys for Plaintiffs**

| | |
|---|---|
| 1    XAVIER BECERRA<br>      Attorney General of California<br>2    DARRELL W. SPENCE<br>      Supervising Deputy Attorney General<br>3    KIRIN K. GILL, State Bar No. 259968<br>      MEGAN A. SAMMUT, State Bar No.<br>4    287772<br>      Deputy Attorneys General<br>5    1300 I Street, Suite 125<br>      P.O. Box 944255<br>6    Sacramento, CA 94244-2550<br>      Telephone: (916) 210-6172<br>7    Fax: (916) 324-5567<br>      E-mail: Kirin.Gill@doj.ca.gov<br>8    E-mail: Megan.Sammut@doj.ca.gov<br><br>9    *Attorneys for Defendants<br>      Gavin Newsom, in his official capacity as<br>10  Governor of California, the State of<br>      California, the California Department of<br>11  Public Health, Sandra Shewry, in her<br>      official capacity as acting Director of the<br>12  California Department of Public Health<br>      and State Public Health Officer, the State<br>13  Board of Education, the California Health<br>      and Human Services Agency* | Fazil A. Munir, Esq. (Bar # 277108)<br>Andrew Price, Esq. (Pro Hac Vice)<br>LAW OFFICES OF FAZIL A. MUNIR, ESQ.<br>4000 MacArthur Blvd.,<br>East Tower, Suite #600<br>Newport Beach, CA 92660<br>Telephone: (949) 636-6994<br>Facsimile: (714) 276-6437<br>fazil@autismlaws.com<br>andrew@autismlaws.com<br><br>Deborah S. Reisdorph, Esq.(Bar # 164066)<br>SKANADORE REISDORPH LAW OFFICE<br>16541 Gothard St, #208<br>Huntington Beach, CA 92647<br>Telephone: (714) 375-1529<br>Deborah@ladylawca.com<br><br>**Attorneys for Plaintiffs** |

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DANIELLE HOWARD MARTINEZ, an individual and guardian ad litem, on behalf of D.P., a minor, K.P., a minor, and T.W., a minor; AMBER WOOD, an individual; LASHONDA HUBBARD, an individual and guardian ad litem, on behalf of P.C., a minor, all individually and on behalf of all others similarly situated,**<br><br>                         Plaintiffs,<br><br>    v.<br><br>**GAVIN NEWSOM, in his official capacity as Governor of California et al.,**<br><br>                         Defendants. | Case No. 5:20-cv-01796<br><br>**SETTLEMENT AGREEMENT**<br><br>Judge:       The Honorable Steven V. Wilson<br>Action Filed: August 31, 2020 |

This Settlement Agreement (Agreement) is entered into on the date set forth below between the Parties, Danielle Howard Martinez, an individual; Amber Wood, an individual; LaShonda Hubbard, an individual; Raven Campbell as guardian ad litem for P.C., a minor; Britney Williams as guardian ad litem for K.P., a minor; Dahl Johnson as guardian ad litem for T.W., a minor; and Erica Wedlow as guardian ad litem for D.P., a minor;[1] on behalf of the individuals, the minors, and all others similarly situated (Plaintiffs), and Gavin Newsom, in his official capacity as Governor of California (the Governor); the State of California; the California Department of Public Health; Sandra Shewry, in her official capacity as acting Director of the California Department of Public Health; Dr. Erica Pan, in her official capacity as acting State Public Health Officer;[2] the State Board of Education; and the California Health and Human Services Agency (collectively, State Defendants).

**RECITALS**

1. On August 31, 2020, Plaintiffs, including four students with Individualized Education Plans (IEPs) and their guardians ad litem, individually and on behalf of all others similarly situated, filed a complaint styled as a "Class Action Complaint For Declaratory and Injunctive Relief and Damages" (Complaint) against State Defendants in the United States District Court for the Central District of California, Case No. 5:20-cv-01796 (Action).

2. The Complaint alleges various causes of action against State Defendants, and seeks (1) a declaration that guidance, directives, and orders issued by State Defendants with respect to public health directives in light of the COVID-19

---

[1] The Court denied Ms. Martinez' and Ms. Hubbard's requests to be appointed guardian ad litem for the named minors. (Dkts. 26 & 27). Subsequently, the Court appointed the following as guardians ad litem for the minors (see Dkts. 46-49): Raven Campbell as guardian ad litem for P.C.; Britney Williams as guardian ad litem for K.P; Dahl Johnson as guardian ad litem for T.W.; and Erica Wedlow as guardian ad litem for D.P.

[2] Sandra Shewry is the Acting Director of the California Department of Public Health, succeeding Dr. Sonia Y. Angell in August 2020. Dr. Erica Pan is the Acting State Public Health Officer, succeeding Dr. Angell in August 2020.

pandemic, including, but not limited to, the Governor's May 4, 2020 Executive Order N-60-20 and the July 17, 2020 Guidance issued by the California Department of Public Health, violates the Individuals with Disabilities Education Act (IDEA) because such guidance, directives, and orders fail to accommodate the IEPs of Plaintiffs; (2) an injunction temporarily and permanently enjoining State Defendants from enforcing such guidance, directives, and orders until modifications are made to remedy the alleged IDEA violations; (3) a finding the Plaintiffs are entitled to obtain certain services as set forth in Exhibit J to the Complaint, at State Defendants' expense, until such time as appropriate accommodations are made for each or they are returned to in-person instruction; and (4) an award of attorneys' fees and costs.

3. The Parties recognize that litigating this matter would require the expenditure of substantial resources. To conserve resources and to achieve a mutually-satisfactory resolution of this case, the Parties enter into this Settlement Agreement.

**TERMS**

4. Within five (5) days after Plaintiffs obtain approval by the Court of all petitions for compromise on behalf of the minor Plaintiff in accordance with Rule 17 of the Federal Rules of Civil Procedure and Local Rule 17-1 of the Central District of California, Plaintiffs agree to dismiss this Action against State Defendants with prejudice.

5. Within fourteen (14) days after Plaintiffs obtain approval by the Court of all petitions for compromise on behalf of the minor Plaintiff in accordance with Rule 17 of the Federal Rules of Civil Procedure and Local Rule 17-1 of the Central District of California, the Office of the Governor will issue a press release or formal statement that includes the following points:

    a. None of the Executive Orders or public health directives issued in California in response to the COVID-19 pandemic purport to waive

3

EXHIBIT 1 - Page 1-03

            the IDEA, which entitles eligible children with disabilities to special education and related services through an IEP.

    b. Senate Bill 98, which was enacted in conjunction with the Budget Act of 2020, includes requirements for schools that provide distance learning as a result of being closed for in-person instruction during the 2020-21 school year. The legislation expressly provides that distance learning must include provision of special education, related services, and any other services required by a student's IEP and that schools must determine what accommodations are necessary to ensure that required IEP services can be delivered in a distance learning environment.

    c. The State of California expects, and state law requires, that schools implementing distance learning will deliver services required under IEPs.

6. State Defendants will provide notice to Plaintiffs one (1) day prior to issuing the press release or formal statement specified in Paragraph 5.

7. State Defendants and Plaintiffs agree to bear their own attorneys' fees and costs.

8. Pending finalization of this Settlement Agreement, including Court approval of the settlement on the minor's behalf in accordance with Rule 17 of the Federal Rules of Civil Procedure and Local Rule 17-1 of the Central District of California, Plaintiffs agree that all deadlines against State Defendants are suspended, including the current November 23, 2020 deadline for State Defendants to respond to the Complaint and any subsequently filed operative pleadings. Accordingly, to facilitate the Parties' intent to expeditiously resolve the Action and conserve resources, Plaintiffs agree to work with State Defendants, including by joining applications for extension of time and stipulations, as necessary, to obtain the maximum amount of time available for State Defendants to respond to the

1 operative pleadings in this matter. In the event the Court does not approve
2 settlement on the minor's behalf, Plaintiffs agree to work with State Defendants,
3 including by joining applications for extension of time and stipulations, as
4 necessary, to obtain the maximum amount of time available for State Defendants to
5 respond to the operative pleadings in this matter.

6     9. This Settlement Agreement constitutes a settlement of any and all
7 disputes and claims against State Defendants raised in the Action. Its execution
8 shall not constitute the admission of any fact or claim asserted in the case, and
9 nothing in this Settlement Agreement shall be interpreted or construed as an
10 admission of liability or wrongdoing by any state entity.

11     10. The Parties agree that this Settlement Agreement is the product of their
12 mutual negotiation and preparation and accordingly shall not be deemed to have
13 been prepared or drafted by either Party. None of the Parties shall be considered to
14 be the drafter of this Settlement Agreement or any provision hereof for the purpose
15 of any statute, case law, or rule of interpretation or construction that would or might
16 cause any provision to be construed against the drafter hereof. This Settlement
17 Agreement was drafted with input from all Parties and their counsel, and no
18 reliance was placed on any representations other than those contained herein. The
19 Parties further agree that any court seeking to interpret this Settlement Agreement
20 should construe it as the product of mutual negotiation and preparation. In
21 construing this Settlement Agreement, no Party shall have any term or provision
22 hereof construed against it solely by reason of such Party having drafted this
23 Settlement Agreement or any portion of it.

24     11. This Settlement Agreement may be executed through the use of two or
25 more counterparts, each of which will be deemed an original, and together shall
26 constitute one written instrument. Photographic or facsimile copies of signed
27 counterparts may be used in lieu of the originals for any purpose and shall have the
28 same force and effect as an original ink signature.

12. The undersigned and their counsel represent that they have the full power and authority to execute this Settlement Agreement on each Party's respective behalf and to bind the Parties.

13. State Defendants deny any violation of any federal, state, or local law, statute, or ordinance, whether based on a constitution, statute, regulation, common law, or otherwise, including, without limitation, the IDEA, the California Government Code, the California Education Code, and the California and United States Constitutions. This Settlement Agreement constitutes the settlement of disputed claims and nothing contained herein is to be construed as an admission of liability on the part of State Defendants. This Settlement Agreement does not constitute an adjudication or finding on the merits of the claims alleged against State Defendants in the Action. Moreover, neither this Settlement Agreement nor any provision therein shall be admissible in any proceeding as evidence that State Defendants have violated any federal, state, or local law, statute, or ordinance.

14. Plaintiffs acknowledge that they are familiar with the provisions of Civil Code section 1542, which provides as follows: "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party." Plaintiffs, being aware of this Civil Code section, expressly waive any rights they may have under it as well as under any other statutes or common law principles of similar effect with respect to claims against State Defendants resulting from the dispute or facts that are the subject of this Agreement.

15. The Parties agree that the Parties will not seek to enforce any provision of the Settlement Agreement without giving the opposing Party written notice of intent to seek an enforcement action, an opportunity to meet and confer, and a time period of thirty (30) days to respond or cure.

1    16. It is further agreed by and between and among the Parties that this document constitutes the sole, entire, and complete agreement between the Parties to resolve the claims set forth in the Action. The terms set forth in this Settlement Agreement constitute the entire Settlement Agreement and are not subject to modification except by a writing signed by all of the Parties through their respective counsel.

    17. This Settlement Agreement, along with any exhibits, appendices, addendums, schedules, and amendments hereto, encompasses the entire agreement of the Parties, and supersedes all previous understandings and agreements between the Parties, whether oral or written. No prior versions of this Settlement Agreement, or written proposals of any party, are admissible in any court or for any purpose, including, but not limited to, use to interpret the meaning of this Settlement Agreement.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

IN WITNESS WHEREOF, the parties have executed this Settlement Agreement on the dates specified below.

**PLAINTIFFS:**

Dated: 11/9/20     By: _____
                   Danielle Howard Martinez, an individual

Dated: 11-9-2020   By: _____
                   LaShonda Hubbard, an individual

Dated: 11/9/20     By: _____
                   Amber Wood, an individual

Dated: 11-9-2020   By: _____
                   Dahl Johnson, guardian ad litem on behalf
                   of T.W., a minor

Dated: 11-9-2020   By: _____
                   Britney Williams, guardian ad litem on
                   behalf of K.P., a minor

Dated: 11/10/2020  By: _____
                   Erica Wedlow, guardian ad litem on behalf
                   of D.P., a minor

Dated: 11-9-2020   By: _____
                   Raven Campbell, guardian ad litem on
                   behalf of P.C., a minor

**STATE DEFENDANTS:**

Dated: _____     By: _____
                   DAVID SAPP
                   DEPUTY LEGAL AFFAIRS SECRETARY,
                   OFFICE OF GOVERNOR GAVIN NEWSOM

                   *For* Gavin Newsom, in his official capacity
                   as the Governor of the State of California
                   and the State of California

8

EXHIBIT 1 - Page 1-08

IN WITNESS WHEREOF, the parties have executed this Settlement Agreement on the dates specified below.

**PLAINTIFFS:**

Dated: _____  By: _____
Danielle Howard Martinez, an individual

Dated: _____  By: _____
LaShonda Hubbard, an individual

Dated: _____  By: _____
Amber Wood, an individual

Dated: _____  By: _____
Dahl Johnson, guardian ad litem on behalf of T.W., a minor

Dated: _____  By: _____
Britney Williams, guardian ad litem on behalf of K.P., a minor

Dated: _____  By: _____
Erica Wedlow, guardian ad litem on behalf of D.P., a minor

Dated: _____  By: _____
Raven Campbell, guardian ad litem on behalf of P.C., a minor

**STATE DEFENDANTS:**

Dated: 11/10/2020  By: [signature]
DAVID SAPP
DEPUTY LEGAL AFFAIRS SECRETARY,
OFFICE OF GOVERNOR GAVIN NEWSOM

*For* Gavin Newsom, in his official capacity as the Governor of the State of California and the State of California

| | | | |
|---|---|---|---|
| 1 | Dated: 11/9/2020 | By: *(signature)* | |
| 2 | | JARED GOLDMAN | |
| | | General Counsel, California Health and Human Services Agency | |
| 3 | | | |
| 4 | | *For* the California Health and Human Services Agency | |
| 5 | | | |
| 6 | Dated: 11/9/2020 | By: *Kara Read-Spangler* | |
| 7 | | KARA READ-SPANGLER | |
| | | Assistant Chief Counsel, California Department of Public Health | |
| 8 | | | |
| 9 | | *For* the California Department of Public Health, its Director, and the State Public Health Officer | |
| 10 | | | |
| 11 | | | |
| 12 | Dated: _____ | By: _____ | |
| | | JUDY CIAS | |
| 13 | | Chief Counsel, State Board of Education | |
| 14 | | *For* the State Board of Education | |

15 //
16 //
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

9

EXHIBIT 1 - Page 1-10

| | | |
|---|---|---|
| Dated: 11/9/2020 | By: | _____<br>JARED GOLDMAN<br>General Counsel, California Health and Human Services Agency<br><br>*For* the California Health and Human Services Agency |
| Dated: _____ | By: | _____<br>KARA READ-SPANGLER<br>Assistant Chief Counsel, California Department of Public Health<br><br>*For* the California Department of Public Health, its Director, and the State Public Health Officer |
| Dated: 11/9/2020 | By: | *Judith Cias*<br>_____<br>JUDY CIAS<br>Chief Counsel, State Board of Education<br><br>*For* the State Board of Education |

//
//
//
//
//
//
//
//
//
//
//
//
//
//

APPROVED AS TO FORM:

Dated: 11/10/2020     By: _____
Fazil A. Munir, Esq. (Bar # 277108)
Andrew Price, Esq. (Pro Hac Vice)
4000 MacArthur Blvd.,
East Tower, Suite #600
Newport Beach, CA 92660
Telephone: (949) 636-6994
Facsimile: (714) 276-6437
Email: fazil@autismlaws.com
Email: andrew@autismlaws.com

Deborah S. Reisdorph, Esq. (Bar #164066)
SKANADORE REISDORPH LAW OFFICE
16541 Gothard St, #208
Huntington Beach, CA 92647
Telephone: (714) 375-1529
Email: Deborah@ladylawca.com

Attorneys for Plaintiffs

James D. Peters III Executive Director

Dated: 11/10/2020     By: _____
KIRIN K. GILL
Deputy Attorney General
Attorneys for Defendants
Gavin Newsom, in his official capacity as Governor of California, the State of California, the California Department of Public Health, Sandra Shewry, in her official capacity as acting Director of the California Department of Public Health and State Public Health Officer, the State Board of Education, the California Health and Human Services Agency

SA2020303352
34574806.docx