UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-cv-01796-SVW-AFM | Date | 11/24/2020 |
|---|---|---|---|
| Title | *Danielle Howard Martinez et al. v. Gavin Newsom et al.* | | |

Present: The Honorable   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**      ORDER GRANTING MOTION TO DISMISS [53]

## I.    Introduction

On August 31, 2020, three parents and four students with special needs ("Plaintiffs") filed a complaint against numerous state officials, agencies, and school districts, alleging widespread violations of the Individuals with Disabilities Education Act ("IDEA"), the Rehabilitation Act of 1973, the Americans With Disabilities Act ("ADA"), and the Fourteenth Amendment to the U.S. Constitution when California schools transitioned to remote learning during the COVID-19 pandemic. Dkt. 1 ("Compl."). Plaintiffs seek to represent a class of approximately 800,000 students with disabilities throughout California. *Id.* ¶ 10. The complaint names hundreds of school districts as Defendants, and they appear to represent every school district in the state. *Id.* at 2-42.

Before the Court is a motion to dismiss three of Plaintiffs' four causes of action filed by the California Department of Education ("CDE"), State Superintendent of Public Instruction Tony Thurmond, and three state-run special education schools ("Moving Defendants"). Dkt. 53 ("Mot."). The motion was filed on October 22, 2020. *Id.* Plaintiffs filed an opposition on November 9, 2020. Dkt. 72 ("Oppo."). Moving Defendants filed a reply on November 9, 2020, informing the Court that Plaintiffs' opposition was filed a week late. Dkt. 75. Defendants filed a substantive reply on November 16, 2020. Dkt. 97. For the reasons articulated below, the Court GRANTS Moving Defendants' motion to dismiss. [1]

---

[1] A petition for minor's compromise has been filed. Dkt. 101. A hearing has been set for December 21, 2020. Dkt. 102. This Order does not affect any claims encompassed by the settlement.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-cv-01796-SVW-AFM | Date | 11/24/2020 |
|---|---|---|---|
| Title | *Danielle Howard Martinez et al. v. Gavin Newsom et al.* | | |

## II.   Factual and Procedural Background

Beginning in March 2020, Governor Newsom issued a series of executive orders responding to the COVID-19 pandemic, culminating in a statewide stay-at-home order that transitioned California's public schools to an indefinite period of online learning.  Compl. ¶¶ 28-35.  On March 17, 2020, Defendant CDE issued guidance directing school districts to work with students and families to ensure that students with special needs are provided with a free appropriate public education ("FAPE") during remote learning, acknowledging that a student's educational program may look different from their individualized education program ("IEP").  *Id.* ¶ 30.  The guidance did not require a reassessment of individual students' needs during remote learning, and Plaintiffs allege that school districts did not conduct reassessments.  *Id.* ¶¶ 30-32.  On July 17, 2020, state officials released a framework for reopening K-12 schools, which prohibited in-person schooling in counties on a statewide monitoring list – which later evolved into a statewide tier system – where the outbreak is more severe.  *Id.* ¶¶ 36, 45.  On August 25, 2020, state officials released new guidance permitting in-person instruction and targeted support services in stable cohorts of no more than fourteen students and two supervising adults.  *Id.* ¶ 44.

Plaintiff Danielle Howard Martinez is the foster parent for three of the students named as plaintiffs – D.P, K.P., and T.W.  *Id.* ¶ 11.  Plaintiff Amber Wood is T.W.'s biological mother.  *Id.* ¶ 15.

Plaintiff D.P. is a fifth-grade student at Falcon Ridge Elementary School in the Etiwanda School District.  *Id.* ¶ 46.  He  has "significant multiple developmental and communication challenges that include basic areas of self-care, communication of his needs, and response to his environment."  *Id.* D.P. has an IEP that provides for a combination of special needs and general education classes.  D.P.'s special education classes include a daily one-on-one aide "for mainstreaming, and behavior support in the areas of attention, motivation, and transitions, as well as for frequent breaks."  *Id.* ¶ 47.  D.P. has displayed "regressive behaviors," including distraction, spilling liquids, stomping instead of walking, and communicating with gestures rather than words.  *Id.* ¶ 49.

Plaintiff K.P. is a third-grade student at John L. Golden Elementary in the Etiwanda School District.  *Id.* ¶ 13.  K.P. has an "Intellectual Disability and Speech and Language Impairment."  *Id.* ¶ 53.  She has an IEP, which entitles her to "academics, speech and language, or other services" … with "goals in the areas of Phonics/Decoding Skills, Reading High-Frequency Words, Rote Counting to 100, Addition Skills, Visual Motor Skills, Learning to raise her hand at appropriate times, Speech and

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-cv-01796-SVW-AFM | Date | 11/24/2020 |
|----------|------------------------|------|------------|
| Title | *Danielle Howard Martinez et al. v. Gavin Newsom et al.* | | |

Language skills, and communication goals." *Id.* K.P. has not made progress on her IEP goals and has been distracted during online learning. *Id.* ¶ 55.

Plaintiff T.W. attends Los Osos High School in the Chaffey Joint Union High School District. *Id.* ¶ 14. T.W. has "severe impairments with neurocognitive and motility differences due to neurological medical conditions," including paralysis from a stroke, "hemiplegia, intellectual disability, short-term memory loss and … mood disorders." *Id.* ¶ 59. Under an IEP, T.W. receives special education classes and some general education classes with a one-on-one aide. *Id.* Although no information is provided about his current condition, Plaintiffs allege that "[i]t can be reasonably anticipated T.W. will experience a loss of a whole year's worth of academic and functional skills learning from home." *Id.* ¶ 65.

Plaintiff P.C. is a tenth-grade student at Rancho Cucamonga High School in the Chaffey Joint Union High School District. *Id.* ¶ 17. Plaintiff LaShonda Hubbard is the mother of Plaintiff P.C. *Id.* ¶ 16. P.C. has "a Specific Learning Disability" and "presents behaviors of Inattention, Distraction, and Emotionality." *Id.* ¶ 67. Pursuant to a settlement with her school district and an IEP, P.C. attends 50% general education classes and 50% special needs or resource study skills classes "so that she would have the additional 1:1 support she needs." *Id.* ¶¶ 68, 189. The settlement also funded a Lindamood Bell program to assist P.C. with reading and math comprehension, which was not provided during initial school closures but has since resumed. *Id.* ¶ 81. Although little detail is provided about P.C.'s current condition, Plaintiffs allege that "school performance … has become an ever-increasing impossibility as more time passes and her work slips further and further behind." *Id.*

Plaintiffs allege that each of the four students has not been reevaluated to determine appropriate services during online learning, that their parents have never been contacted for input, and that no special accommodations have been offered to account for their unique difficulties in adapting to the online learning format. *Id.* ¶¶ 50-52, 56-58, 62-64, 70-72, 79-80.

Plaintiffs concede that they have not exhausted administrative remedies under the IDEA. *Id.* ¶¶ 88-99.

| | : | |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-cv-01796-SVW-AFM | Date | 11/24/2020 |
|---|---|---|---|
| Title | *Danielle Howard Martinez et al. v. Gavin Newsom et al.* | | |

## III.    Legal Standard

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in the complaint.  *See* Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss, the plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party."  *Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014).  Thus, "[w]hile legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Iqbal*, 556 U.S. at 679.

## IV.    Application

### a.    IDEA Scheme and Administrative Exhaustion

The IDEA provides federal funds to states in exchange for "furnish[ing] a 'free appropriate public education' – more concisely known as a FAPE – to all children with certain physical or intellectual disabilities."  *Fry v. Napoleon Cmty. Schs.*, 137 S. Ct. 743, 748 (2017).  The IDEA's mechanism for providing disabled children with a FAPE is an "individualized education program" ("IEP"), which is "[c]rafted by … a group of school officials, teachers, and parents … to meet all of the child's 'educational needs.'"  *Id.* at 749 (internal citations omitted).  "Because parents and school representatives sometimes cannot agree on such issues, the IDEA establishes formal procedures for resolving disputes."  *Id.*  "There must be an opportunity for mediation, an impartial due process hearing, and an appeals process."  *Paul G. v. Monterey Peninsula Unified Sch. Dist.*, 933 F.3d 1096, 1099 (2019) (citing 20 U.S.C. § 1415(e)-(g)).  The California Department of Education uses California's Office of Administrative Hearings (OAH) to provide these remedies.  *Id.* (citing Cal. Educ. Code § 56504.5(a)).

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-cv-01796-SVW-AFM | Date | 11/24/2020 |
|---|---|---|---|
| Title | *Danielle Howard Martinez et al. v. Gavin Newsom et al.* | | |

"[A] parent unhappy with the outcome of the administrative process may seek judicial review by filing a civil action in state or federal court." *Fry*, 137 S. Ct. at 748 (citing 20 U.S.C. § 1415(i)(2)(A)). "Judicial review under the IDEA is ordinarily only available after the plaintiff exhausts administrative remedies." *Doe v. Arizona Dep't of Educ.*, 111 F.3d 678, 680-81 (9th Cir. 1997) (citation omitted). In California, administrative remedies are exhausted when a plaintiff obtains a final decision from OAH. *See Paul G.*, 933 F.3d at 1099.

"[E]xhaustion is clearly required when a plaintiff seeks an IDEA remedy or its functional equivalent." *Payne v. Peninsula Sch. Dist.*, 653 F.3d 863, 875 (9th Cir. 2011) (en banc), *overruled on other grounds by Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (en banc). "[T]he IDEA [also] requires exhaustion in cases where a plaintiff seeks prospective injunctive relief to alter an IEP or the educational placement of a disabled student." *Id.*

### b. Exceptions to the Exhaustion Requirement

In *Hoeft v. Tucson Unified Sch. Dist.*, the Ninth Circuit held that exhaustion under the IDEA was not required where "(1) it would be futile to use the due process procedures…; (2) an agency has adopted a policy or pursued a practice of general applicability that is contrary to the law; (3) it is improbable that adequate relief can be obtained by pursuing administrative remedies (e.g., the hearing officer lacks the authority to grant the relief sought)." 867 F.2d 1298, 1303 (9th Cir. 1992) (citations omitted). "The party alleging futility or inadequacy of IDEA procedures bears the burden of proof." *Doe*, 111 F.3d at 681 (citing *Hoeft*, 867 F.2d at 1303).

"In determining whether these exceptions apply, [the Court's] inquiry is whether pursuit of administrative remedies under the facts of a given case will further the general purposes of exhaustion and the congressional intent behind the administrative scheme." *Hoeft*, 967 F.2d at 1302-03. "Exhaustion of the administrative process allows for the exercise of discretion and educational expertise by state and local agencies, affords full exploration of technical educational issues, furthers development of a complete factual record, and promotes judicial efficiency by giving these agencies the first opportunity to correct shortcomings in their educational programs for disabled children." *Id.* at 1303.

### i. Futility, Inadequacy, and Systemic Relief

Plaintiffs' primary argument that the exhaustion requirement should be excused is that the relief they seek is an injunction against state officials, which is unavailable through the administrative process.

| Initials of Preparer | : | PMC |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-cv-01796-SVW-AFM | Date | 11/24/2020 |
|---|---|---|---|
| Title | *Danielle Howard Martinez et al. v. Gavin Newsom et al.* | | |

This argument can be stated in different ways – that the administrative process is futile, inadequate, or that Plaintiffs seek systemic relief.  Systemic claims are excused from the exhaustion requirement because "the nature of the claim renders those procedures futile (the nature of the state's administrative process is being challenged in an across-the-board manner – e.g., the very process of bringing due process complaints is inadequate) and no adequate relief can be obtained by pursuing administrative remedies (the remedy sought is outside the agency's ability to grant – e.g., restructuring the state process for IDEA due process appeals)."  *S.B. v. Cal. Dep't of Educ.*, 327 F. Supp. 3d 1218, 1249 (E.D. Cal. 2018).  "[A] claim is 'systemic' if it implicates the integrity or reliability of the IDEA dispute resolution procedures themselves, or requires restructuring the education system itself in order to comply with the dictates of the Act."  *Doe*, 111 F.3d at 682.

The Ninth Circuit has made clear, however, that a plaintiff cannot plead around the exhaustion requirement just by seeking top-down relief for a FAPE denial that plays out on an individualized level.  "By definition, whenever any child who should be served is not served, the needs of 'all' children with special education needs are not being met."  *Doe*, 111 F.3d at 683.  "[T]he mere unavailability of injunctive relief does not render the IDEA's administrative process inadequate."  *Hoeft*, 967 F.2d at 1309.  Just last year, in *Paul G.*, the Ninth Circuit rejected an argument that exhaustion would have been futile and inadequate because OAH could not order CDE to build a facility that plaintiff contended he required for a FAPE.  933 F.3d at 1102.

The question is not simply whether the Plaintiffs ask for relief the OAH cannot give.[2]  Clever pleading could clear that hurdle in any case.  "Labeling [Defendants'] failure here to meet its responsibilities to all children with special education needs 'systemic' and therefore not subject to exhaustion … would make the requirement to exhaust essentially meaningless."  *Doe*, 111 F.3d at 683  Rather, the question is "whether the administrative process is adequately equipped to address and resolve the issues presented" in the sense that "the administrative process has the potential for producing the very result plaintiffs seek, namely, statutory compliance."  *Hoeft*, 967 F.2d at 1309.  Exhaustion is excused on this basis where the claim "implicates the integrity or reliability of the IDEA dispute

---

[2] This interpretation appears to derive from language in *Hoeft*, which quoted legislative history to the effect that exhaustion should be excused when "the hearing officer lacks authority to grant the relief sought."  967 F.2d at 1304 (quoting H.R. Rep. No. 296, 99th Cong., 1st Sess. 7 (1985)).  However, "legislative history is not the law."  *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1631 (2018).  Moreover, as explained above, Ninth Circuit caselaw is inconsistent with the interpretation that Plaintiffs would assign to this phrase.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-cv-01796-SVW-AFM | Date | 11/24/2020 |
|----------|------------------------|------|------------|
| Title | *Danielle Howard Martinez et al. v. Gavin Newsom et al.* | | |

resolution procedures themselves, or requires restructuring the education system itself in order to comply with the dictates of the Act." *Doe*, 111 F.3d at 682.

The IDEA provides the "opportunity for any party to present a complaint ... with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such a child." 20 U.S.C. § 1415(b)(6)(A). Under California law, a due process hearing is authorized when there is a "proposal" or a "refusal to initiate or change the identification, assessment, or educational placement of the child or the provision of a free appropriate public education to the child," or "[t]here is a disagreement between a parent or guardian and a local educational agency regarding the availability of a program appropriate for the child…." Cal. Educ. Code § 56501(a). A hearing officer has the power to award appropriate relief. *See Forest Grove School District v. T.A.*, 557 U.S. 230, 243 n.11 (general grant of remedial authority extended to hearing officers). Hearing officers may order a "compensatory remedy." Cal. Educ. Code § 56505(g). This can be compensatory education or additional services. *See Park v. Anaheim Union High Sch. Dist.*, 464 F.3d 1025, 1033 (9th Cir. 2006). A hearing officer may also order compliance with procedural requirements under the IDEA. Cal. Educ. Code § 56505(f)(4).

Here, Plaintiffs' complaint alleges that both statewide policies and school district implementation have resulted in the denial of a FAPE. Compl. ¶¶ 207, 209, 249-50, 286-87, 289. The OAH may order a school district to provide in-person services under an IEP – as it has done in a case alleging IDEA violations during online learning in the COVID-19 pandemic. *See* Request for Judicial Notice (RJN), Dkt. 53-2, Ex. 7, at 7-8. The OAH likewise may order a school district to provide compensatory services – as it has also done in a case alleging IDEA violations during the COVID-19 pandemic. *Id.*, Ex. 8, at 32-33.

In addition to substantive denial of a FAPE, Plaintiffs' complaint alleges procedural violations because school districts failed to reassess students for distance learning and transitioned students to distance learning without parental input. Compl. ¶¶ 79, 148, 203, 207, 247, 249, 252, 285, 287. These claims can likewise be remedied by an order to comply with procedural requirements, on a finding that they resulted in denial of a FAPE, impeded parental participation, or caused a deprivation of educational benefits. Cal. Educ. Code § 56505(f). These alleged procedural violations do not indicate that the administrative process itself is inadequate because there is no allegation that a due process hearing before the OAH could not bring Plaintiffs' school districts into procedural compliance with the IDEA.

| | : | |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-cv-01796-SVW-AFM | Date | 11/24/2020 |
|---|---|---|---|
| Title | *Danielle Howard Martinez et al. v. Gavin Newsom et al.* | | |

Plaintiffs also argue that the administrative process is inadequate to provide relief to the 800,000 students with special needs who purportedly require IDEA remedies. However, "[a]dministrative remedies are not inadequate simply because a large class of plaintiffs is involved." *Hoeft*, 967 F.2d at 1309. Moreover, if "the named plaintiffs' cases are representative of the policies at issue in this case, individual administrative determinations would alert the state to local compliance problems and further correction of any problems on a state-local level." *Id.*

Plaintiffs have provided no authority for the proposition that time to adjudication is relevant to the adequacy of administrative procedures. Even if it were, the IDEA and California law set particular deadlines which do not exist in federal court. The parties must convene an informal resolution session within 15 days of a hearing request unless the requirement is waived or the parties pursue mediation. 20 U.S.C. § 1415(f)(1)(B). After a 30-day waiting period for cooperative resolution, *see id.*, the hearing officer must issue a decision within 45 days unless a continuance is granted. Cal. Educ. Code § 56502(f). This compares favorably with how Plaintiffs have litigated their claims in federal court. Their complaint was filed on August 31, 2020, and they have not moved for a temporary restraining order or a preliminary injunction. Dkt. 1.

The exceptions for futility, inadequacy, and system claims thus do not excuse Plaintiffs' failure to exhaust administrative remedies.

### ii.    Question of Law

Plaintiffs argue that they are excused from the exhaustion requirements under the exception for questions of law. This exception applies "where only questions of law are involved in determining the validity of a policy." *Hoeft*, 967 F.2d at 1305. For example, exhaustion was not required in *Christopher S. v. Stanislaus County Office of Educ.*, where the only questions raised by the plaintiffs' claims was whether counting lunch and recess as instructional time resulted in disabled students receiving fewer instructional minutes than nondisabled students and whether this violated the IDEA. 384 F.3d 1205, 1213 (9th Cir. 2004). Importantly, the plaintiffs argued they "were not challenging their individual identification, evaluation, educational placement, or provision of a FAPE." *Id.* at 1210. By contrast, Plaintiffs here allege individual denial of a FAPE and that state policies and their implementation by school districts resulted in an inadequate evaluation process for their online learning accommodations. Compl. ¶¶ 200-04, 245-50, 283-87. Consequently, their claims require an individualized assessment of Plaintiffs' online learning program and how that program was devised – which are precisely the inquiries envisioned for a due process hearing. *See* Cal. Educ. Code § 56501(a).

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-cv-01796-SVW-AFM | Date | 11/24/2020 |
|---|---|---|---|
| Title | *Danielle Howard Martinez et al. v. Gavin Newsom et al.* | | |

### iii.    P.C.'s Settlement Agreement

Plaintiffs finally argue that they are excused from the exhaustion requirement because P.C. has a settlement agreement with her school district.  Oppo. at 21-22; Compl. ¶ 68.  Plaintiffs are correct that the Ninth Circuit has held that a hearing officer lacks jurisdiction to enforce a settlement agreement, *see Wyner v. Manhattan Beach Unified Sch. Dist.*, 223 F.3d 1026, 1030 (9th Cir. 2000), and exhaustion would not be required to bring a breach of contract claim against a school district for violation of a settlement agreement, *see F.H. ex rel. Hall v. Memphis City Schs.*, 764 F.3d 638, 644-45 (6th Cir. 2014).

However, Plaintiffs have not alleged that P.C. entered into a judicially enforceable settlement agreement under the IDEA.  The complaint only alleges that P.C. had what is described in one place as a "settlement," Compl. ¶ 68, and in another as an "agreement," *id.* ¶ 81.  In order for a federal court to have jurisdiction to enforce a settlement agreement under the IDEA, the agreement must be made in an IDEA mediation or resolution session and the agreement must comply with 20 U.S.C. § 1415(e)(2)(F).  *See Lara v. Lynwood Unified Sch. Dist.*, 2009 WL 2366454, at *2-*3 (C.D. Cal. 2009); *see also White v. San Bernardino Cty. Superintendent of Schs.*, 2020 WL 2303143, at *5 (C.D. Cal. 2020).  Without alleging the requirements for an enforceable agreement under the IDEA, this Court lacks jurisdiction to enforce the agreement.

More fundamentally, even if P.C. had an enforceable agreement under the IDEA, exhaustion would still be required.  Exhaustion is required when the alleged breach of a settlement agreement requires a FAPE determination.  *See Hayden C. v. Western Placer Unified Sch. Dist.*, 2009 WL 1325945, at * 4 (E.D. Cal. 2009) (citation omitted) ("[I]f enforcement of a settlement agreement requires a determination of whether the alleged breach relates to a student's receipt of a FAPE, administrative exhaustion is still required before judicial remedies can be made available."); *see also Oskowis v. Sedona Oak-Creek Unified Sch. Dist. #9*, 2017 WL 1133095, at *6 (D. Ariz. 2017) (requiring exhaustion where "Plaintiff's allegations—violations of the Mediation Agreements and 2013 Agreement— implicate FAPE issues"); *School Bd. of Lee Cty. v. M.M.*, 348 F. App'x 504, 512 (11th Cir. 2009) (exhaustion required for breach of settlement agreement claim which "relate[d] to the FAPE provided to [plaintiff] pursuant to the requirements of the IDEA").  Here, Plaintiffs do allege and seek relief for denial of a FAPE.  *See, e.g.*, Compl. ¶¶ 207, 209, 249-50, 286-87, 289.  Therefore, exhaustion is still required notwithstanding P.C.'s settlement.

| | : | |
|---|---|---|
| Initials of Preparer | | PMC |

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 5:20-cv-01796-SVW-AFM | Date | 11/24/2020 |
|---|---|---|---|
| Title | *Danielle Howard Martinez et al. v. Gavin Newsom et al.* | | |

**iv. Exhaustion Policy**

The Court's determination is bolstered by the teaching of *Hoeft* – that the ultimate question in deciding whether exhaustion is required is "whether pursuit of administrative remedies under the facts of a given case will further the general purposes of exhaustion and the congressional intent behind the administrative scheme." 967 F.2d at 1302-03.

First, "[e]xhaustion of the administrative process allows for the exercise of discretion and educational expertise by state and local agencies" and "affords full exploration of technical educational issues." *Id.* at 1303. An OAH hearing would put broader questions about the application of IDEA requirements to online learning before an adjudicator with greater expertise and familiarity with the structure and goals of special education – and with the types of disabilities that Plaintiffs and putative class members face.

Second, the exhaustion requirement "furthers development of a complete factual record." *Id.* An individualized hearing would better develop the evidence about student experiences with online learning, student needs, and the feasibility of various accommodations for a particular student and school district.

Third, the exhaustion requirement "recognizes the traditionally strong state and local interest in education." *Id.* That interest would be much better served by submitting questions about IDEA compliance to state officers than by charging a federal court with supervision of special education across the state of California.

Finally, exhaustion "promotes judicial efficiency by giving these agencies the first opportunity to correct shortcomings in their educational programs for disabled children." *Id.* Plaintiffs are likely to receive targeted relief for their individual needs during online learning far more quickly and effectively by presenting their specific cases to state agencies than through a sweeping injunction that would operate at higher levels of the agency structure and without sensitivity to the facts of their cases.

**v. Conclusion – Exceptions to Exhaustion Requirement**

Because Plaintiffs have failed to exhaust administrative remedies, and the failure to exhaust is clear from the face of the complaint, Compl. ¶¶ 88-99, the IDEA claims in counts two through four of Plaintiffs' complaint are dismissed under Rule 12(b)(6), *see Albino*, 747 F.3d at 1169.

_____ :  _____
Initials of Preparer              PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-cv-01796-SVW-AFM | Date | 11/24/2020 |
|---|---|---|---|
| Title | *Danielle Howard Martinez et al. v. Gavin Newsom et al.* | | |

### c.   ADA/Rehabilitation Act Exhaustion

When a plaintiff "seek[s] relief that is also available [under the IDEA], the procedures [applicable to IDEA claims] shall be exhausted to the same extent as would be required had the action been brought under [the IDEA]."  20 U.S.C. § 1415(l).  Whether the ADA and Rehabilitation Act claims are exhausted depends on whether the gravamen of the complaint seeks relief for denial of a FAPE.  *See Fry*, 137 S. Ct. at 752; *Paul G.*, 933 F.3d at 1100 ("The crucial issue is therefore whether the relief sought would be available under the IDEA.").  "[T]he inquiry does not turn on whether a complaint includes (or omits) any magic phrase, such as FAPE or IEP."  *McIntyre v. Eugene Sch. Dist. 4J*, 976 F.3d 902, 913 (9th Cir. 2020) (citing *Fry*, 137 S. Ct. at 755).  "'[A] court should attend to the diverse means and ends of the statutes covering persons with disabilities,' principally noting that the IDEA's goal is to 'provide each child with meaningful access to education by offering individualized instruction and related services appropriate to her unique needs … while Title II and § 504 promise non-discriminatory access to public institutions.'"  *Id.* (quoting *Fry*, 137 S. Ct. at 755-56).

Here, Plaintiffs' ADA and Rehabilitation Act claims do seek relief for denial of a FAPE.  The alleges that the transition to online learning has resulted in denial of Plaintiffs' FAPE by deviating from IEPs and that the state has failed reassess Plaintiffs' needs during online learning.  Compl. ¶¶ 207-08, 209, 242, 245, 249-50, 286-87, 289.  While Plaintiffs argue that they seek accommodations to allow an IEP to be executed in a distance learning environment as required by a statute passed to respond to the COVID-19 pandemic, *see* Cal. Educ. Code § 43504(d), "[w]hat matters is the crux … of the plaintiff's complaint, setting aside any attempts at artful pleading." *Fry*, 137 S. Ct. at 755.  As explained above, Plaintiffs seek relief under the IDEA, and framing the relief as accommodations rather than relief for denial of a FAPE, reassessment, or violation of an IEP does not suffice to circumvent the IDEA's exhaustion requirement.

The Supreme Court in *Fry* recommended that courts approach this inquiry with two considerations in mind – whether plaintiffs could have brought the same claim against another non-educational facility, and whether a non-student could bring the same claim against the school.  137 S. Ct. at 756.  Both considerations support the Court's conclusion that exhaustion is required.  "[W]hen the answer [to those questions] is no, then the complaint probably does concern a FAPE, even if it does not explicitly say so." *Fry*, 137 S. Ct. at 756.

First, Plaintiffs could not have brought the same claims if Defendants' alleged conduct occurred at a public facility that was *not* a school.  Plaintiffs essentially allege that Defendants failed to provide

| | : | |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-cv-01796-SVW-AFM | Date | 11/24/2020 |
|---|---|---|---|
| Title | *Danielle Howard Martinez et al. v. Gavin Newsom et al.* | | |

the individually tailored educational program to students with special needs that the IDEA requires. Such a claim would make no sense with respect to a public theater or library because those facilities do not provide individually tailored education for students with special needs. Second, an adult employee or visitor could not assert such a claim against Defendants because they are not owed a FAPE or entitled to IDEA's procedural requirements. These considerations suggest that Plaintiffs' complaint is about failure to comply with the IDEA's requirements of an individually tailored educational program for students with special needs rather than equal access to public facilities.

Therefore, Plaintiffs' ADA and Rehabilitation Act claims are dismissed under Rule 12(b)(6).

**d. Constitutional Claim**

Although little attention is devoted to it in the briefing, Plaintiffs also allege that the transition to online learning has violated their rights under the due process clause of the Fourteenth Amendment by failing to provide a basic minimum education. Compl. ¶¶ 208, 252.

The Supreme Court has not recognized public education as a fundamental right. *See Plyler v. Doe*, 457 U.S. 202, 221 (1982) (citation omitted) ("Public education is not a 'right' granted to individuals by the Constitution."); *San Antonio Indep. School Dist. v. Rodriguez*, 411 U.S. 1, 37 (1973) ("We have carefully considered each of the arguments supportive of the District Court's finding that education is a fundamental right or liberty and have found those arguments unpersuasive.").

Moreover, substantive due process "refers to certain actions that the government may not engage in" and "[g]enerally speaking … protects an individual's fundamental rights to liberty and bodily autonomy." *C.R. v. Eugene School Dist. 4J*, 835 F.3d 1142, 1154 (9th Cir. 2016) (citations and quotation marks omitted). By contrast, Plaintiffs' proposed fundamental right would require the government to provide a particular service in a particular way.

Finally, Plaintiffs present no criteria for evaluating what would count as a basic minimum education. Although *Plyler v. Doe* invalidated the exclusion of undocumented immigrants from public education on Equal Protection grounds, it spoke of harms such as illiteracy, inability to participate in political institutions, and limited economic opportunities. 457 U.S. at 221. Plaintiffs do not allege that these concerns are implicated by a prolonged period of online learning. *See generally* Compl.

Therefore, Plaintiffs' Fourteenth Amendment claim is dismissed under Rule 12(b)(6).

|   |   | : |   |
|---|---|---|---|
| | Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-cv-01796-SVW-AFM | Date | 11/24/2020 |
|---|---|---|---|
| Title | *Danielle Howard Martinez et al. v. Gavin Newsom et al.* | | |

## V.    Conclusion

For the foregoing reasons, the Court GRANTS Moving Defendants' motion to dismiss claims two through four of the complaint.  Because Plaintiffs have failed to exhaust administrative remedies and the Supreme Court has stressed that the exhaustion requirement cannot be circumvented through "artful pleading," *Fry*, 137 S. Ct. at 755,  the Court concludes that granting leave to amend would be futile, *see Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (citation omitted); *K.D. v. Los Angeles Unified Sch. Dist.*, 2019 WL 7838971, at *5 (C.D. Cal. 2019) (dismissing without leave to amend for failure to exhaust); *N.B.F. v. Santa Monica-Malibu Unified Sch. Dist.*, 2015 WL 13650049, at *2, *4 (C.D. Cal. 2015) (same).  Therefore, the Court dismisses claims two, three, and four of the complaint without leave to amend.

The Court denies as moot the pending motion to dismiss filed by San Juan Unified School District and Hayward Unified School District [86, 88].

This Order does not affect any claims encompassed by the pending settlement.  If the settlement is approved, the Court will dismiss the remaining claims.

IT IS SO ORDERED.

| | : | |
|---|---|---|
| Initials of Preparer | | PMC |